IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **CORBEY JONES AND** | |
| **CYNTHIA ANN JONES** | **PLAINTIFFS** |
| | |
| **V.** | **CIVIL ACTION NO. 2:22-CV-93-KS-MTP** |
| | |
| **JONES COUNTY, MS; SHERIFF JOE** | |
| **BERLIN; DEPUTY JAMES MANN; SGT.** | |
| **JESSE JAMES; DEPUTY COLTON** | |
| **DENNIS; UNKNOWN DEPUTIES** | |
| **OF THE JONES COUNTY SHERIFF 1-5;** | |
| **DONNIE SCOGGIN; AND** | |
| **CAROL JOHNSTON** | **DEFENDANTS** |

**DEFENDANT DONNIE SCOGGIN'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COMES NOW, Defendant Donnie Scoggin ("Scoggin" or "Defendant"), by and through counsel, and files his Memorandum in Support of his Motion to Dismiss, and would state as follows:

**Introduction**

At all times relevant to the allegations of Plaintiffs' Complaint [Doc. #1], Scoggin was employed by and acting within the course and scope of his employment with South Central Regional Medical Center, which is a "community hospital" located in Laurel, Mississippi. See, e.g., *S. Cent. Reg'l Med. Ctr. v. Press Ganey Assocs.*, 923 F. Supp. 2d 897, 898 (n.1)(S.D. Miss. 2013); see also Affidavit of John Chioco, a copy of which is attached hereto as **Exhibit 1.** As a "community hospital," South Central Regional Medical Center qualifies as a "political subdivision," as defined in Miss. Code Ann. § 11-46-1(i). Consequently, all tort claims against

South Central Regional Medical Center and its employees like Scoggin fall under the protections of the Mississippi Tort Claims Act ("MTCA"). Miss. Code Ann. §11-46-1, *et seq*.

With that in mind, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' claims against Scoggin must be dismissed for two separate reasons. First, Plaintiffs' claims against Scoggin must be dismissed, because Plaintiffs failed to provide a pre-suit notice of claim as required by Miss. Code Ann. §11-46-11. *Burnett v. Hinds Cty.*, 313 So. 3d 471, 475-76 (Miss. 2020)(affirming dismissal of claims against MTCA entities because plaintiff failed to provide proper notices of claims the various governmental entity defendants). Second, even if Plaintiffs had complied with the pre-suit notice of claim requirements, under the MTCA, Plaintiffs' claims against Scoggin must still be dismissed, because as an employee of South Central Regional Medical Center, he cannot "be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7(2). Therefore, Plaintiffs' claims against Scoggin must be dismissed.

## The Mississippi Tort Claims Act

Plaintiffs' claims against Scoggin fall within the scope of the MTCA, which is "the exclusive remedy for tort actions brought against a governmental entity or its employees." *Green v. City of Moss Point*, 495 Fed. Appx. 495, 500 (5th Cir. 2012). According to Plaintiffs' Complaint [Doc. #1], Plaintiffs' claims arise out of medical treatment provided to their deceased son, Andrew Wesley Jones, while incarcerated at the Jones County Adult Detention Center between December 9, 2020 and January 9, 2021. During this time, Scoggin provided professional medical services to inmates at the Jones County Adult Detention Center pursuant to an Agreement for the Provision of Healthcare Services between his employer, South Central Regional Medical Center, and the Jones County Sheriff's Office. As such, Plaintiffs' claims against Scoggin arise

out of the course and scope of his employment with South Central Regional Medical Center, and therefore, the MTCA applies to Plaintiffs' claims against Scoggin.

### Plaintiffs did not comply with the MTCA's notice of claim requirements.

For claims arising out of Scoggin's involvement in Andrew Jones' care, the MTCA requires Plaintiffs to serve a statutorily compliant notice of claim letter at least ninety (90) days prior to filing suit.  See e.g., §11-46-11.  Failure to comply with the MTCA's pre-suit notice of claim requirements mandates dismissal.  See, e.g., *Burnett.*, 313 So. 3d at 475-76 (Miss. 2020)(affirming dismissal of claims against MTCA entities because plaintiff failed to provide proper notices of claims the various governmental entity defendants).  Plaintiffs did not serve any pre-suit notice of claim letter on Scoggin[1] or South Central Regional Medical Center, and therefore, Plaintiffs' claims against Scoggin fail as a matter of law for failure to comply with Miss. Code. Ann. §11-46-11.

### Scoggin cannot be held personally liable under the MTCA.

Even if Plaintiffs had complied with the MTCA's pre-suit notice requirements, which they did not, Scoggin cannot be held personally liable for any of Plaintiffs' claims, because at all times relevant, he was acting within the course and scope of his employment with the Hospital.  See Miss. Code Ann. §11-46-7(2); see also Affidavit of John Chioco, a copy of which is attached hereto as **Exhibit 1.**  Accordingly, Plaintiffs' claims against Scoggin must be dismissed for this reason, as well.

---

[1] The MTCA does not allow for service of a notice of claim on the employee in question.  Scoggin simply points out that he did not receive a notice of claim to demonstrate that Plaintiffs do not appear to have even attempted to comply with the MTCA's pre-suit notice requirements.

## Conclusion

For these reasons, Plaintiffs' claims against Scoggin must be dismissed, because they are not in compliance with the mandatory requirements of the MTCA.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Donnie Scoggin, respectfully requests that the Court grant his motion and enter an order dismissing all claims asserted against him. Defendant respectfully requests any additional relief that the Court deems appropriate.

This, the **7th** day of **October**, **2022.**

                               **DONNIE SCOGGIN, DEFENDANT**

                    **BY:**   */s/ Richard O. Burson*
                            **His Attorney**

**RICHARD O. BURSON-MSB#7580**
**GRAYSON LACEY-MSB#102304**
**BURSON ENTREKIN ORR MITCHELL & LACEY PA**
535 North Fifth Avenue
P.O. Box 1289
Laurel, MS 39441-1289
Phone: 601-649-4440
Fax     601-649-4441
Email: burson@beolaw.com
       lacey@beolaw.com
*Of Counsel for Defendant Donnie Scoggin*

## CERTIFICATE OF SERVICE

I, Richard O. Burson, attorney for the Defendant, do hereby certify that I have this filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a true and correct copy to all counsel of record.

This the **7th** day of **October**, **2022.**

                                 */s/ Richard O. Burson*
                                 RICHARD O. BURSON