**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CORBEY JONES AND**
**CYNTHIA ANN JONES**                                               **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 2:22-CV-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE**
**BERLIN; DEPUTY JAMES MANN; SGT.**
**JESSE JAMES; DEPUTY COLTON**
**DENNIS; UNKNOWN DEPUTIES**
**OF THE JONES COUNTY SHERIFF 1-5;**
**DONNIE SCOGGIN; AND**
**CAROL JOHNSTON**                                               **DEFENDANTS**

---

**DEFENDANT DONNIE SCOGGIN'S ANSWER TO COMPLAINT**
**AND AFFIRMATIVE DEFENSES**

---

COMES NOW Defendant Donnie Scoggin ("Scoggin" or "Defendant"), by and through counsel, and responds to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

#### *Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)*

The Complaint fails to state a claim against the Defendant upon which any relief can be granted, and, therefore, it should be dismissed.[1]

### SECOND DEFENSE

COMES NOW Defendant and responds to the individual allegations of the Complaint, paragraph by paragraph, as follows:

---

[1] Scoggin incorporates herein the arguments and authorities set forth in his Motion to Dismiss [Doc. #10] and Memorandum in Support of Support of Motion to Dismiss [Doc. #11] filed in this cause.

## ANSWER

1.      The allegations of Paragraph 1 appear to contain statements of counsel which call for expert medical and legal opinions, and therefore no response is deemed necessary.  To the extent Paragraph 1 attempts to impose liability on Scoggin, these allegations are denied.

## I.  JURISDICTION[2]

2.      The allegations of Paragraph 2 of the Complaint are denied, except it is admitted that Plaintiffs' Complaint purports to assert claims brought pursuant to 42 U.S.C. §1983 and based on the Fourteenth Amendment to the United States Constitution. It is further admitted that this Court appears to have federal question jurisdiction over the federal claims asserted and supplemental jurisdiction over the state law claims asserted so long as Plaintiffs comply with the pre-suit requirements of the Mississippi Tort Claims Act, which they have failed to do.  Except as specifically admitted, the allegations of Paragraph 2 are denied.

## II.  PARTIES

### (Plaintiffs)

3.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 3 of the Complaint, and therefore the same are denied.

4.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 4 of the Complaint, and therefore the same are denied.

### (Defendants)

5.      Paragraph 5 is admitted based upon information and belief.

---

[2]  Scoggin includes the headings found in the Complaint for organizational purposes only.  To the extent these headings are allegations, they are denied.

6.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 of the Complaint, and therefore the same are denied.

7.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, and therefore the same are denied.

8.      It is admitted that Donnie Scoggin, NP, is an adult citizen of the State of Mississippi and is domiciled in the Southern District of Mississippi.  It is also admitted that Donnie Scoggin is a licensed nurse practitioner.  The remaining allegations of paragraph 8 are denied.  Defendant would affirmatively aver that at all relevant times, he was, and remains, an employee of the South Central Regional Medical Center, a political subdivision of the State of Mississippi.

9.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint, and therefore the same are denied.

## III.  FACTUAL ALLEGATIONS

10.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 10 of the Complaint, and therefore the same are denied.  To the extent the allegations of paragraph 10 call for expert opinions, no response is deemed necessary.  To the extent Paragraph 10 attempts to impose liability on Scoggin, the allegations are denied.

11.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 11 of the Complaint, and therefore the same are denied.  To the extent the allegations of paragraph 11 call for expert opinions, no response is deemed necessary.  To the extent Paragraph 11 attempts to impose liability on Scoggin, the allegations are denied.

12.      The Defendant is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint, and therefore the same are denied.

13.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 13 of the Complaint, and therefore the same are denied.

14.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 14 of the Complaint, and therefore the same are denied.

15.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 15 of the Complaint, and therefore the same are denied.

16.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 16 of the Complaint, and therefore the same are denied.

17.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint, and therefore the same are denied.

18.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint, and therefore the same are denied.

19.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 19 of the Complaint, and therefore the same are denied.

20.     The allegations of Paragraph 20 are denied, except it is only admitted that Scoggin is a nurse practitioner licensed in the State of Mississippi and is a Mississippi state representative. The remaining allegations of paragraph 20 are denied.  Defendant would affirmatively aver that he provided certain healthcare services to adults incarcerated at the Jones County Adult Detention Center pursuant to a contract between his employer, South Central Regional Medical Center, and the Jones County Sheriff's Office.   Except as specifically admitted, the allegations of Paragraph 20 are denied.

21.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 of the Complaint, and therefore the same are denied.

22.     As to Scoggin, Paragraph 22 of the Complaint is denied.  The Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 22 of the Complaint, and therefore the same are denied.

23.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 of the Complaint, and therefore the same are denied.  Scoggin would further show that the medical records speak for themselves and denies the remaining allegations of Paragraph 23 of the Complaint.

24.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint, and therefore the same are denied.

25.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 25 of the Complaint, and therefore the same are denied.

26.     Scoggin would show that the medial records speak for themselves.  To the extent the allegations of Paragraph 26 attempt to impose liability on Scoggin, the allegations are denied.

27.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint, and therefore the same are denied.

28.     Scoggin would show that the medial records speak for themselves.  The Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 28 of the Complaint, and therefore the same are denied.

29.     The allegations of Paragraph 29 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 29 attempt to impose liability on Scoggin, same are denied.

30.     The allegations of Paragraph 30 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 30 attempt to impose liability on Scoggin, same are denied.

31.     The allegations of Paragraph 31 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 31 attempt to impose liability on Scoggin, same are denied.

32.     The allegations of Paragraph 32 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 32 attempt to impose liability on Scoggin, same are denied.

33.     The allegations of Paragraph 33 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 33 attempt to impose liability on Scoggin, same are denied.

34.     The allegations of Paragraph 34 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 34 attempt to impose liability on Scoggin, same are denied.

35.     The allegations of Paragraph 35 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 35 attempt to impose liability on Scoggin, same are denied.  Scoggin would further show that the medical records speak for themselves.

36.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint, and therefore the same are denied.

37.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint, and therefore the same are denied.

38.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint, and therefore the same are denied.

39.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint, and therefore the same are denied.

40.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 40 of the Complaint, and therefore the same are denied.

41.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 41 of the Complaint, and therefore the same are denied.

42.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 42 of the Complaint, and therefore the same are denied.

43.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 43 of the Complaint, and therefore the same are denied.

44.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 44 of the Complaint, and therefore the same are denied.

45.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 45 of the Complaint, and therefore the same are denied.

46.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 46 of the Complaint, and therefore the same are denied.

47.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint, and therefore the same are denied.

48.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 48 of the Complaint, and therefore the same are denied.

49.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 49 of the Complaint, and therefore the same are denied.

50.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 50 of the Complaint, and therefore the same are denied.

51.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 51 of the Complaint, and therefore the same are denied.

52.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 52 of the Complaint, and therefore the same are denied.

53.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 53 of the Complaint, and therefore the same are denied.

54.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 54 of the Complaint, and therefore the same are denied.

55.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 55 of the Complaint, and therefore the same are denied.

56.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 56 of the Complaint, and therefore the same are denied.

57.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 57 of the Complaint, and therefore the same are denied.

58.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 58 of the Complaint, and therefore the same are denied.

59.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 59 of the Complaint, and therefore the same are denied.

60.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 60 of the Complaint, and therefore the same are denied.

61.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 61 of the Complaint, and therefore the same are denied.

62.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 62 of the Complaint, and therefore the same are denied.

63.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 63 of the Complaint, and therefore the same are denied.

64.     The Defendant is without sufficient information to admit or deny the allegations of Paragraph 64 of the Complaint, and therefore the same are denied.

65.     The allegations of Paragraph 65 are denied.

66.     The allegations of Paragraph 66 of the Complaint do not appear to be directed toward this Defendant.  To the extent the allegations of Paragraph 34 attempt to impose liability on Scoggin, same are denied.

67.     Paragraph 67 of the Complaint is denied.

68.     Paragraph 68 of the Complaint is denied.

69.     Paragraph 69 of the Complaint is denied.  Scoggin would affirmatively aver that at all relevant times, he acted within the appropriate standard of care applicable to him, and at no time was he negligent in the care and/or treatment rendered to Andrew Jones in any manner whatsoever.

70.     Paragraph 70 of the Complaint is denied.  Scoggin would affirmatively aver that at all relevant times, he acted within the appropriate standard of care applicable to him, and at no

time was he negligent in the care and/or treatment rendered to Andrew Jones in any manner whatsoever.

71.     Paragraph 71 of the Complaint is denied.

## IV. FIRST CAUSE OF ACTION

72.     In response to Paragraph 72 of the Complaint, Scoggin adopts his responses to the allegations set forth herein.

73.     Paragraph 73 of the Complaint is denied.

## V. SECOND CAUSE OF ACTION

74.     In response to Paragraph 74 of the Complaint, Scoggin adopts his responses to the allegations set forth herein.

75.     Paragraph 75 of the Complaint is denied.

## VII. THIRD CAUSE OF ACTION

76.     In response to Paragraph 76 of the Complaint, Scoggin adopts his responses to the allegations set forth herein.

77.     Defendant only admits that, generally speaking, this Court has supplemental jurisdiction of state law claims; however, Defendant specifically denies that Plaintiff has complied with the pre-suit requirements necessary to bring the state law claims under the Mississippi Tort Claims Act.  Except as specifically admitted, the allegations of Paragraph 77 are denied.

78.     Paragraph 78 of the Complaint is denied.

79.     Paragraph 79 of the Complaint is denied.

## VIII.  DAMAGES

80.     Paragraph 80 of the Complaint is denied.

## IX.  PRAYER FOR RELIEF

Defendant denies the allegations of the last unnumbered paragraph of the Complaint beginning "WHEREFORE" including subparagraph (1) through (3).

**AND NOW**, having answered the allegations of the Complaint, Scoggin sets forth his additional affirmative defenses as follows:

## THIRD DEFENSE

At all times relevant hereto, the Defendant conducted himself within the standard of care applicable to him as a reasonable and prudent healthcare provider, and at no time was there any negligence or breach of the standard of care by the Defendant. The Defendant rendered to Andrew Jones such reasonable, ordinary, and due care and attention as his mental and physical condition, as known to him, required.

## FOURTH DEFENSE

At all relevant times, Scoggin acted within the appropriate standard of care applicable to him, and at no time was he negligent in any care of treatment rendered to Andrew Jones.

## FIFTH DEFENSE

Defendant denies each and every material allegation of the Complaint by which Plaintiffs seeks to impose liability upon him, and denies that he was guilty of any action, fault, or want of care in the premises and was in no way negligent and are in no way liable to Plaintiffs herein.

## SIXTH DEFENSE

Defendant invokes all provisions and protections of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq.*

## SEVENTH DEFENSE

While it is specifically denied that Plaintiffs are entitled to damages in the premises, the Defendant would show said injuries and/or damages, if any, were the result of independent intervening and superseding events and/or naturally occurring, idiosyncratic diseases or conditions for which the Defendant is not responsible and has no liability.

## EIGHTH DEFENSE

No negligent act, failure to act, or deviation from the accepted standard of care by the Defendant either caused or contributed to Andrew Jones' injuries and damages, if any, but if the Defendant is found to be responsible, he demands application of Section 85-5-7, Miss. Code of 1972, as amended, and the appropriate apportionment of damages among all parties who may be liable to the Plaintiffs in direct proportion to their individual or respective percentage of fault or negligence.

## NINTH DEFENSE

To the extent applicable, the Defendant pleads the applicable provisions of Miss. Code Ann. §11-7-13 (as amended) and Miss. Code Ann. §15-1-36 (as amended).

## TENTH DEFENSE

The Defendant pleads the applicable provisions of Miss. Code Ann. §11-1-59 (as amended). The Defendant further pleads application of Miss. Code Ann. §11-1-60 (as amended).

## ELEVENTH DEFENSE

The Defendant invokes all rights afforded under Mississippi's 2002 and 2004 Tort Reform Acts for Medical Malpractice.

## TWELFTH DEFENSE

The Defendant pleads all applicable statutes of limitations and states that some or all of Plaintiffs' claims are barred by the applicable statute of limitations.  Specifically, Plaintiffs did not provide Defendant with the Notice of Claim required by Miss. Code Ann. §11-46-11. Consequently, Plaintiffs' claims should be dismissed.

## THIRTEENTH DEFENSE

The Defendant specifically invokes the provisions of Miss. Code. Ann. §11-46-13(1), as amended.

## FOURTEENTH DEFENSE

The Defendant specifically invokes the provisions of Miss. Code. Ann. §11-46-15, as amended.

## FIFTEENTH DEFENSE

The Defendant denies each and every material allegation of the Complaint not otherwise responded to herein.  To the extent any of the allegations of the Complaint attempt to impose liability on the Defendant, the same are denied.

## SIXTEENTH DEFENSE

The injuries and damages alleged in the Complaint, if any, were the result of actions of persons or third parties for whom the Defendant is not responsible or liable, including, but not limited to, Plaintiffs' and/or Mr. Jones' own actions.

## SEVENTEENTH DEFENSE

Plaintiffs' damages, if any, are subject to an offset in the amount of any settlement, reimbursement received by Plaintiffs as a result of any insurance or other health benefits plan, or any amounts paid by any insurance or other health benefits plan.

## EIGHTEENTH DEFENSE

Plaintiffs' claims fail as a matter of law based on the absence of a violation of a right clearly established under the United States Constitution.  Specifically, there is no constitutional cause of action arising under the allegations of the Plaintiffs' Complaint.

## NINETEENTH DEFENSE

The Defendant specifically reserves the right to plead any affirmative defense, including but not limited to, those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure, which may become applicable to this action upon investigation and discovery.

## TWENTIETH DEFENSE

Plaintiffs' claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs' Decedent which was caused by this Defendant.

## TWENTY-FIRST DEFENSE

Punitive damages are not cognizable against this Defendant. This Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2).

## TWENTY-SECOND DEFENSE

This Defendant is not responsible for any condition of the Plaintiffs' Decedent that preexisted the events which made the basis of this Complaint.

## TWENTY-THIRD DEFENSE

Plaintiffs' damages, if any, should be reduced to the extent they failed to mitigate their own damages.

**TWENTY-FOURTH DEFENSE**

To the extent a breach in the standard of care is established, which the Defendant expressly denies, Andrew Jones was not deprived of a greater than 50% chance of a substantially better outcome.  In other words, without conceding or admitting that any breach in the standard of care occurred, compliance with the Plaintiffs' version of the applicable standard of care would not have provided Andrew Jones with a greater than 50% chance of a substantially better outcome, and therefore, Plaintiffs' claims fail as a matter of law.

**TWENTY-FIFTH DEFENSE**

Defendant adopts and incorporates all affirmative defenses asserted by any other current or future co-defendant.

**TWENTY-SIXTH DEFENSE**

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to this Defendant for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named and/or unnamed. Therefore, the same should be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6).

**TWENTY-SEVENTH DEFENSE**

*(Motion to Dismiss State Law Claims)*

Plaintiffs' Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to this Defendant under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1)

negligence by its sworn law enforcement officers; or, (2) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b), (c), (d), (e), (f), (h), (m).

## TWENTY-EIGHTH DEFENSE

The conduct of Plaintiffs' Decedent was the sole proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and damages.

## TWENTY-NINTH DEFENSE

Defendant is entitled to qualified immunity from Plaintiffs' claims against him. Defendant was a public official in the course of his duties during the incident forming the basis of this lawsuit. Defendant did not engage in any conduct which deprived the Plaintiffs or decedent Andrew Wesley Jones of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, the conduct of Defendant was objectively reasonable in light of clearly established law at the time of their actions in this matter. Defendant's actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable officer could have believed his actions lawful during the incident forming the basis of this lawsuit.

## THIRTIETH DEFENSE

Plaintiffs' failure to allege violation of any duty by Defendants bars this cause of action.

## THIRTY-FIRST DEFENSE

Plaintiffs' decedent's cause of death (death via health conditions existing prior to arrest, but unknown at the time by the arresting officers, jailors and/or any named or unnamed Defendants) does not allow for a cognizable wrongful death claim.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## THIRTY-THIRD DEFENSE

At no time did Defendant breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs' Decedent, and for that reason, Plaintiffs' claims are barred.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## THIRTY-FIFTH DEFENSE

The conduct of Plaintiffs' Decedent constituted the sole proximate cause of any injuries and/or death allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs were not foreseeable to this Defendant, and therefore, Plaintiffs' claim as to this Defendant should be dismissed.

## THIRTY-SIXTH DEFENSE

This Defendant is not responsible for any condition of the Plaintiffs' Decedent that preexisted the events which made the basis of this Complaint.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' cause of action against this Defendant is barred by the common law doctrine of sovereign immunity.

## THIRTY-EIGHTH DEFENSE

The instant federal claims which address delayed medical care require analysis under the

Eighth or Fourteenth Amendments from the perspective of an episodic claim of injury, rather than a general challenge to conditions of confinement. As such, the Plaintiffs' Complaint fails to state a claim upon which relief can be granted by reason of the fact that none of the individuals involved had subjective knowledge of a substantial risk of serious harm nor any other actual, threatened or imminent constitutional violation with regard to the safety and medical care of Plaintiffs' Decedent, nor did any such individual act with deliberate and conscious indifference to the Plaintiffs' Decedent.

### THIRTY-NINTH DEFENSE

Defendant specifically asserts and invokes all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

### FORTIETH DEFENSE

Plaintiffs' Complaint fails to state facts against this Defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### FORTY-FIRST DEFENSE

To the extent applicable, Defendant invokes the provisions of the Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e).

AND NOW, having fully answered the allegations of Plaintiffs' Complaint and fully stated his affirmative defenses, Defendant moves that said Complaint be fully and finally dismissed and that all attorney's fees and costs thereof be assessed to the Plaintiffs.

Respectfully submitted, this the **11th** day of **October**, **2022.**

**DONNIE SCOGGIN, DEFENDANT**

**BY:**     */s/ Richard O. Burson* _____

                    **His Attorney**

**RICHARD O. BURSON-MSB#7580**
**GRAYSON LACEY-MSB#102304**
**BURSON ENTREKIN ORR MITCHELL & LACEY PA**
535 North Fifth Avenue
P.O. Box 1289
Laurel, MS 39441-1289
Phone:  601-649-4440
Fax      601-649-4441
Email: burson@beolaw.com
        lacey@beolaw.com
        *Of Counsel for Defendant Donnie Scoggin*

## <u>CERTIFICATE OF SERVICE</u>

       I, Richard O. Burson, attorney for the defendant, do hereby certify that I have this filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a true and correct copy to all counsel of record.

       This the **11**th day of **October**, **2022.**

                    */s/ Richard O. Burson* _____
                    RICHARD O. BURSON