**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CORBEY JONES and**
**CYNTHIA ANN JONES**                                                        **PLAINTIFFS**

**v.**                                                **CIVIL ACTION NO.: 2:22-CV-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF**
**JOE BERLIN; DEPUTY JAMES MANN;**
**SGT. JESSE JAMES; DEPUTY COLTON**
**DENNIS; UNKNOWN DEPUTIES OF THE**
**JONES COUNTY SHERIFF 1-5; DONNIE**
**SCOGGIN; AND CAROL JOHNSTON**                               **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW, DEFENDANTS**, Deputy James Mann, Sgt. Jesse James, Deputy Colton

Dennis, and Carol Johnston, by and through Counsel, and respectfully file  this their Answer and

Affirmative Defenses to the Plaintiffs' Complaint, to-wit:

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be

granted, including, but not limited to, the defense of qualified immunity as to the individual

Defendants herein, named and/or unnamed. Therefore, the same should be dismissed pursuant to

*Fed. R. Civ. P*. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

To the extent that Plaintiffs allege any claims under state law against these individual

defendants, they are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.*

§11-46-1 (Supp. 1997), *et seq*.  Specifically, Plaintiffs' Complaint fails to state a claim under state

law upon which relief can be granted as to Defendants under the provisions of the <u>Mississippi Tort</u>

<u>Claims Act</u>, as no claim under state law is available against a governmental entity or its employees

for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or

discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time

of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997).

Additionally, to the extent those claims are asserted, Plaintiffs' claims must be dismissed, because

Plaintiffs failed to provide a pre-suit notice of claim as required by *Miss. Code Ann*. §11-46-11.

*Burnett v. Hinds Cty.*, 313 So. 3d 471, 475-76 (Miss. 2020)(affirming dismissal of claims against

MTCA entities because plaintiff failed to provide proper notices of claims the various governmental

entity defendants). Even if Plaintiffs had complied with the pre-suit notice of claim requirements,

under the <u>MTCA</u>, Plaintiffs' claims against the individual defendants must still be dismissed,

because as an employee of a governmental entity, they cannot "be held personally liable for acts or

omissions occurring within the course and scope of the employee's duties." *Miss. Code Ann*. § 11-

46-7(2).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

The conduct of Plaintiffs' Decedent was the sole proximate cause of the incidents forming

the basis of this lawsuit and his own alleged injuries and damages, if any; alternately, the conduct

of Plaintiffs' Decedent was a contributing proximate cause of the incidents forming the basis of this

lawsuit and his own alleged injuries and/or damages, if any. Furthermore, these Defendants assert

the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

**FIFTH AFFIRMATIVE DEFENSE**

The individual Defendants, named and unnamed, are entitled to qualified immunity from Plaintiffs' claims against them.  These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit.  These Defendants did not engage in any conduct which deprived the Plaintiffs or decedent Andrew Wesley Jones of any right, privilege nor immunity protected by the Constitution or Laws of the United States. Additionally, the conduct of these Defendants was objectively reasonable in light of clearly established law at the time of their actions in this matter.  These Defendants' actions were justified and arguably justifiable in light of the information they possessed and clearly established law.  As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

**SIXTH AFFIRMATIVE DEFENSE**

With respect to Plaintiffs' state law claims, if any, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999).  Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

Under applicable Mississippi jurisprudence and law, and specifically, *Miss. Code Ann*. §11-46-11(2)(a)(ii) and (iii), Plaintiffs' Notice of Claim is deficient.  Due to the failure of Plaintiffs to strictly comply with those mandates, the Complaint should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' failure to allege violation of any duty by Defendants bars this cause of action.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that any personnel acting within the course and scope of their employment with

Jones County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiffs' decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiffs' claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' decedent's cause of death (death via health conditions existing prior to arrest, but unknown at the time by the arresting officers, jailors and/or any named or unnamed Defendants) does not allow for a cognizable wrongful death claim.  No action or omission by these Defendants were the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiffs but said injuries, if any, were caused solely or contributory by natural causes and/or circumstances, conditions, or causes not related to these Defendants which may be proven at the trial of this cause so that these Defendants are not liable to Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs' Decedent, and for that reason, Plaintiffs' claims are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails as a matter of law based upon the absence of a violation of a right, clearly established under the United States Constitution. Specifically, there is no

constitutional cause of action arising under the allegations of the Plaintiffs' Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The conduct of Plaintiffs' Decedent constituted the sole proximate cause of any injuries and/or death allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiffs were not foreseeable to these Defendants, and therefore, Plaintiffs' claim as to these Defendants should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs' Decedent which was caused by these Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against these Defendants. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## EIGHTEENTH AFFIRMATIVE DEFENSE

These Defendants are not responsible for any condition of the Plaintiffs' Decedent that pre-existed the events which made the basis of this Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint and the claims and causes of action asserted therein are barred under the doctrine of public official immunity, by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did any governmental actor substantially exceed its authority, nor was any legally cognizable harm to Plaintiffs or decedent Andrew Wesley Jones caused by or in the course of such exercise of authority and discretion.

## TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, Johnson acted within the appropriate standard of care applicable to her, and at no time was she negligent in any care of treatment rendered to Andrew Jones. Johnson invokes all rights afforded under Mississippi's 2002 and 2004 Tort Reform Acts for Medical Malpractice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent a breach in the standard of care is established, which Johnson expressly denies, Andrew Jones was not deprived of a greater than 50% chance of a substantially better outcome. In other words, without conceding or admitting that any breach in the standard of care occurred, compliance with the Plaintiffs' version of the applicable standard of care would not have provided Andrew Jones with a greater than 50% chance of a substantially better outcome, and therefore, Plaintiffs' claims fail as a matter of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, should be reduced to the extent they failed to mitigate their own damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants adopt and incorporate all affirmative defenses asserted by any other current or future co-defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As to any state law claims against the Defendants, to the extent any are pled, they invoke all of the protections, limitations, qualifications, caps, immunities, and provisions of the <u>Mississippi Tort Claims Act</u>, including, but not limited to, those set forth in *Miss. Code Ann.* § 11-46-1, *et seq*. Moreover, Plaintiffs' Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann.* § 11-46-9 (1)(a) - (w) (Supp. 1997), *et seq*.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The instant federal claims which address delayed medical care require analysis under the Eighth or Fourteenth  Amendments from the perspective of an episodic claim of injury, rather than a general challenge to conditions of confinement.  As such, the Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that none of the individuals involved had subjective knowledge of a substantial risk of serious harm nor any other actual, threatened or imminent constitutional violation with regard to the safety and medical care of Plaintiffs' Decedent, nor did any such individual act with deliberate and conscious indifference to the Plaintiffs' Decedent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state facts against these Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi. Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Johnson demands strict proof that Plaintiffs complied with Section 11-1-58 of the Mississippi Code of 1972, by consulting with an expert qualified pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence who is qualified to give expert testimony as to the standard of care and who has provided opinions which would give one a reasonable basis for the commencement of this action against Johnson.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiffs' Complaint, paragraph by paragraph, as follows:

1.      Defendants admit that Andrew Wesley Jones (hereinafter "Andrew") died on or about January 9, 2021, while he was being held with bail at the Jones County Adult Detention Center. The remaining allegations of paragraph 1 of the Plaintiffs' Complaint are denied.

2.      This is a statement of law and not factual allegations and does not appear to require an answer from these Defendants.

3.      Defendants have no information to ascertain the truth or falsity of paragraph 3, and therefore deny same.

4.      Defendants have no information to ascertain the truth or falsity of paragraph 4, and therefore deny same.

5.      Paragraph 5 of the Complaint does not pertain to these Defendants, to the extent that it does, it is admitted.

6.      Paragraph 6 of the Complaint does not pertain to these Answering Defendants, to the extent that it does, Defendants admit that Sheriff Joe Berlin was the Sheriff of Jones County, all other allegations are denied.

7.      It is admitted that Deputies James Mann, Sgt. Jesse James, and Colton Dennis are all adult citizens of Mississippi and were all employed by Jones County at the time of the actions in this Complaint.  It is further admitted that all were acting in the course and scope of their employment.  All other allegations are denied.

8.      Paragraph 8 of the Complaint does not appear to pertain to these Defendants.  To the extent that it does, these Defendants are without information to admit or deny these allegations, so deny the same.

9.      It is admitted that Carol Johnson is an adult citizen of Mississippi and was employed by Jones County at the time of the actions in this Complaint.  It is further admitted that she was acting in the course and scope of her employment.  All other allegations are denied.

10.     Defendants have no information to ascertain the truth or falsity of paragraph 10, and therefore deny same.

11.     Defendants have no information to ascertain the truth or falsity of paragraph 11, and therefore deny same.

12.     Defendants have no information to ascertain the truth or falsity of paragraph 12, and therefore deny same.

13.     Defendants have no information to ascertain the truth or falsity of paragraph 13, and therefore deny same.

14.     Defendants have no information to ascertain the truth or falsity of paragraph 14, and therefore deny same.

15.     Defendants have no information to ascertain the truth or falsity of paragraph 15, and therefore deny same.

16.     Defendants admit that Andrew was arrested on December 9, 2020, for burglary in addition to possession of beer in a dry county. The remaining allegations of paragraph 16 are denied.

17.     Admitted.

18.     Admitted.

19.     Denied.

20.     Paragraph 20 of the Complaint, and footnote 1, does not appear to pertain to these Answering Defendants. To the extent that it does, these Defendants are without information to admit or deny the same.

21.     Denied as stated.

22.     Paragraph 22 does not appear to pertain to these Answering Defendants. To the extent that it does, these defendants are without information to admit or deny the

same.

23.   Defendants have no information to ascertain the truth or falsity of paragraph 23, and therefore deny same.

24.   It is admitted that Andrew saw a physician at the Hattiesburg clinic on December 18, 2020. The remaining allegations of paragraph 24 are denied.

25.   Answering Defendants have no information to ascertain the truth or falsity of paragraph 25, and therefore deny same.

26.   Denied.

27.   It is admitted that Andrew saw a psychiatrist at South Central Behavioral Health on December 21, 2020. The remaining allegations of paragraph 27 are denied.

28.   Denied.

29.   Answering Defendants have no information to ascertain the truth or falsity of paragraph 29, and therefore deny same.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Denied.

34.   It is admitted that Andrew saw a physician at the Hattiesburg clinic on January 4, 2021, for an HIV follow up. The remaining allegations of paragraph 34 are denied.

35.   Answering Defendants have no information to ascertain the truth or falsity of paragraph 35, and therefore deny same.

36.   Answering Defendants have no information to ascertain the truth or falsity of

paragraph 36, and therefore deny same.

37.    It is admitted that on January 9, 2021, Andrew was being held at the Detention Center in cell MX 113, which had no windows except a port in the door and a food slot, which was kept locked when not in use. It is also admitted that the cell also contained a video surveillance system. The remaining allegations of paragraph 37 are denied.

38.    Paragraph 38 of the Complaint does not appear to pertain to these Answering Defendants. To the extent that it does, these defendants are without information to admit or deny the same, so deny them.

39.    Answering Defendants have no knowledge as to Plaintiffs' possession of video surveillance footage from Andrew's cell on the day of January 9, 2021, as no video is attached to the Complaint. The remaining allegations of paragraph 39 are denied.

40.    Denied, the video speaks for itself.

41.    Denied, the video speaks for itself.

42.    Denied, the video speaks for itself.

43.    Denied, the video speaks for itself.

44.    Denied, the video speaks for itself.

45.    Denied, the video speaks for itself.

46.    Denied, the video speaks for itself.

47.    It is admitted that at approximately 8:00 a.m., Deputy Mann and Sergeant James began to pass out medications to inmates. The remaining allegations of paragraph 47 are denied.

48.    Denied, the video speaks for itself.

49.    Denied, the video speaks for itself.

50.    Denied, the video speaks for itself.

51.    Denied, the video speaks for itself.

52.    Denied, the video speaks for itself.

53.    Denied, the video speaks for itself.

54.    Denied, the video speaks for itself.

55.    Denied, the video speaks for itself.

56.    Denied, the video speaks for itself.

57.    Denied, the video speaks for itself.

58.    Denied, the video speaks for itself.

59.    Denied, the video speaks for itself.

60.    Denied, the video speaks for itself.

61.    Denied.

62.    Denied.

63.    Denied as stated.

64.    Denied as stated.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

73.    Denied.

74.    Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

75.    Denied.

76.    Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference

77.    Paragraph 77 of the Complaint is a legal statement and not a factual allegation and does not require a separate response.

78.    Paragraph 78 does not appear to pertain to these Answering Defendants. To the extent that it does, these defendants deny the same.

79.    Paragraph 79 does not appear to pertain to these Answering Defendants. To the extent that it does, these defendants deny the same.

80.    Denied.

Responding to the unnumbered paragraph, beginning with the language, "WHEREFORE" Defendants specifically deny that Plaintiffs are entitled to a judgment against them and further deny any of the relief requested.

1. Denied.

2. Denied.

-14-

3.  Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the

Defendants pray that this Court grant the following relief:

(A)     That this Court dismiss Plaintiffs' Complaint with prejudice, based upon each and

all of the aforesaid Affirmative Defenses;

(B)     That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and

that Plaintiffs be denied any relief whatsoever.

**RESPECTFULLY SUBMITTED,** this the 14th day of October, 2022.

**JACKS | GRIFFITH | LUCIANO, P.A.**

By:     /s/ ***Bethany A. Tarpley***
Bethany A. Tarpley, MS Bar No. 104134
Attorney for Defendants Deputy James Mann,
Sgt. Jesse James, Deputy Colton Dennis, and
Carol Johnston

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
Email: btarpley@jlpalaw.com
www.jlpalaw.com

## <u>CERTIFICATE OF SERVICE</u>

   I, Bethany A. Tarpley, attorney of record for Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to all counsel of record who have appeared herein.

      Robert B. McDuff, Esq.
      Law Office of Robert McDuff
      Email: rbm@mcdufflaw.com
      **Attorney for Plaintiffs**

      Stephen J. Haedicke, Esq.
      Law Office of Stephen Haedicke, LLC
      Email: stephen@haedickelaw.com
      **PHV Attorney for Plaintiffs**

      William Robert Allen, Esq.
      Allen, Allen, Breeland & Allen, PLLC
      Email: will.allen@aabalegal.com
      **Attorney for Jones County, MS & Sheriff Joe Berlin**

**DATED** this 14th day of October, 2022.

       */s/ Bethany A. Tarpley*
       Bethany A. Tarpley