IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CORBEY JONES AND
CYNTHIA ANN JONES                                            PLAINTIFFS

VERSUS                                    Civil Action No. 2:22-cv-93-KS-MTP

JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; UNKNOWN DEPUTIES
OF THE JONES COUNTY SHERIFF 1-5;
DONNIE SCOGGIN; AND
CAROL JOHNSTON                                               DEFENDANTS

JONES COUNTY, MISSISSIPPI AND SHERIFF
JOE BERLIN'S ANSWER TO PLAINTIFFS' COMPLAINT

Come now Jones County, Mississippi and Sheriff Joe Berlin, by and through

counsel, and in response to Plaintiffs' Complaint (*CM/ECF Doc. No. 1*), would show unto

the Court as follows:

FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which any relief may be granted

and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

SECOND DEFENSE

Plaintiffs' Complaint fails to state facts against the answering defendants which

would rise to the level of a constitutional or statutory deprivation under the laws of the

United States, the Constitution of the United States, the laws of Mississippi, or the

Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Sheriff Joe Berlin is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, Sheriff Berlin would affirmatively aver that the Plaintiffs' Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny each and every material allegation of Plaintiffs' Complaint by which Plaintiffs seek to impose liability upon Jones County, Mississippi, and Sheriff Berlin, and both deny they have been guilty of any actionable conduct in the premises.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

## COMPLAINT

And now, without waiving any defenses heretofore or hereinafter set forth, the answering defendants would respond to the Plaintiffs' Complaint, paragraph by paragraph, as follows:

1.     Answering defendants admit Plaintiff passed away in Jones County, Mississippi. Answering defendants deny the remaining allegations of paragraph 1 of Plaintiffs' Complaint.

## I.     JURISDICTION

2.     Without waiving any defenses, restrictions, limitations or immunities, answering defendants admit that this Court has jurisdiction over this matter as Plaintiffs assert a federal claim.   Answering defendants deny the remaining allegations of paragraph 2 of Plaintiffs' Complaint.

## II.     PARTIES

### (Plaintiffs)

3.     Answering defendants admit, upon information and belief, the allegations of paragraph 3 of Plaintiffs' Complaint.

4.     Answering defendants admit, upon information and belief, the allegations of paragraph 4 of Plaintiffs' Complaint.

**(Defendants)**

**Named defendants herein are:**

5.      Answering defendants admit the allegations of paragraph 5 of Plaintiffs' Complaint.

6.      Answering defendants admit Joe Berlin is the duly elected Sheriff of Jones County, Mississippi, and that his powers and duties are specified by statute.  Answering defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Complaint, as stated.

7.      Answering defendants admit James Mann, Sgt. Jesse James, and Colton Dennis were all employed as Sheriff's Deputies at the time of decedent's incarceration. Answering defendants further admit, upon information and belief, the officers were acting in the course and scope of their employment.  Answering defendants deny the remaining allegations of paragraph 7 of Plaintiffs' Complaint, as stated.

8.      Answering defendants admit Donnie Scoggin, NP, a licensed nurse practitioner, provided medical services to inmates at the Jones County Adult Detention Center. Answering defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Complaint.

9.      Answering defendants admit Carol Johnston was employed by Jones County, holds a nursing license, and provided medical care to inmates at the Jones County Adult Detention Center. Answering defendants, upon information and belief, further admit Johnston was acting in the course and scope of her employment.

4

Answering defendants deny the remaining allegations of paragraph 9 of Plaintiffs' Complaint.

### III.    FACTUAL ALLEGATIONS

10.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 10 of Plaintiffs' Complaint and, as such, deny the same.

11.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 11 of Plaintiffs' Complaint and, as such, deny the same.

12.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 12 of Plaintiffs' Complaint and, as such, deny the same.

13.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 13 of Plaintiffs' Complaint and, as such, deny the same.

14.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 14 of Plaintiffs' Complaint and, as such, deny the same.

15.    Answering defendants admit, upon information and belief, Andrew Jones passed away. Answering defendants lack information sufficient to make a determination as to the truth of the remaining allegations of paragraph 15 of Plaintiffs' Complaint and, as such, deny the same.

16.     Answering defendants admit decedent was arrested on December 9, 2020, for burglary and possession of beer in a dry county.  Answering defendants deny the remaining allegations of paragraph 16 of Plaintiffs' Complaint.

17.     Answering defendants admit the allegations of paragraph 17 of Plaintiffs' Complaint.

18.     Answering defendants admit the allegations of paragraph 18 of Plaintiffs' Complaint.

19.     Answering defendants deny the allegations of paragraph 19 of Plaintiffs Complaint.

20.     Answering defendants admit Scoggin, a nurse practitioner, provided medical care to inmates at the Jones County Adult Detention Center. Answering defendants deny the remaining allegations of paragraph 20 of Plaintiffs' Complaint, as stated.

21.     Answering defendants admit Johnston was a Jones County employee who provided medical care to inmates. Answering defendants deny the remaining allegations of paragraph 21 of Plaintiffs' Complaint.

22.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 22 of Plaintiffs' Complaint and, as such, deny the same.

23.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 23 of Plaintiffs' Complaint and, as such, deny the same.

24.    Answering defendants admit, upon information and belief, the allegations of paragraph 24 of Plaintiffs' Complaint.

25.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 25 of Plaintiffs' Complaint and, as such, deny the same.

26.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 26 of Plaintiffs' Complaint and, as such, deny the same.

27.    Answering defendants admit, upon information and belief, that the decedent was taken to South Central Behavioral Health on December 21, 2020. Answering defendants deny the remaining allegations of paragraph 27 of Plaintiffs' Complaint.

28.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 28 of Plaintiffs' Complaint and, as such, deny the same.

29.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 29 of Plaintiffs' Complaint and, as such, deny the same.

30.    Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 30 of Plaintiffs' Complaint and, as such, deny the same.

31.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 31 of Plaintiffs' Complaint and, as such, deny the same.

32.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 32 of Plaintiffs' Complaint and, as such, deny the same.

33.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 33 of Plaintiffs' Complaint and, as such, deny the same.

34.     Answering defendants admit, upon information and belief, decedent was seen at the Hattiesburg Clinic on January 4, 2020.  Answering defendants deny the remaining allegations of paragraph 34 of Plaintiffs' Complaint.

35.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 35 of Plaintiffs' Complaint and, as such, deny the same.

36.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 36 of Plaintiffs' Complaint and, as such, deny the same.

37.     Answering defendants admit on January 9, 2021, decedent was held in Cell 113, which has a window and a food slot.  Answering defendants further admit the cell contained a video surveillance system.  Answering defendants deny the remaining allegations of paragraph 37 of Plaintiffs' Complaint.

38.     Answering defendants deny the allegations of paragraph 38 of Plaintiffs' Complaint.  Answering defendants further aver that decedent was held in Cell 113 as he had recently been diagnosed with Covid and was required to be segregated from other inmates.

39.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 39 of Plaintiffs' Complaint, as stated.

40.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 40 of Plaintiffs' Complaint, as stated.

41.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 41 of Plaintiffs' Complaint, as stated.

42.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 42 of Plaintiffs' Complaint, as stated.

43.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 43 of Plaintiffs' Complaint, as stated.

44.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 44 of Plaintiffs' Complaint, as stated.

45.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants would further state that, upon information and beliefs, Mann saw the decedent had not retrieved his food from the food slot and, therefore, took the food inside and placed it on a table.  Answering defendants deny the remaining allegations of paragraph 45 of Plaintiffs' Complaint, as stated.

46.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 46 of Plaintiffs' Complaint, as stated.

47.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 47 of Plaintiffs' Complaint, as stated.

48.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 48 of Plaintiffs' Complaint, as stated.

49.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants further admit decedent was provided water to take his medication. Answering defendants deny the remaining allegations of paragraph 49 of Plaintiffs' Complaint, as stated.

50.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants admit that decedent was provided water. Answering defendants deny the remaining allegations of paragraph 50 of Plaintiffs' Complaint, as stated.

51.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants admit that decedent was provided his medication and dropped the same and that officers picked it up to ensure he took it. Answering defendants deny the remaining allegations of paragraph 51 of Plaintiffs' Complaint, as stated.

52.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants admit that decedent was provided water. Answering defendants deny the remaining allegations of paragraph 52 of Plaintiffs' Complaint, as stated.

53.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants admit officers left and locked decedent's cell. Answering defendants deny the remaining allegations of paragraph 53 of Plaintiffs' Complaint, as stated.

54.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the remaining allegations of paragraph 54 of Plaintiffs' Complaint, as stated.

55.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 55 of Plaintiffs' Complaint, as stated.

56.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 56 of Plaintiffs' Complaint, as stated.

57.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants would further admit decedent was lying naked on his bed.  Answering defendants deny the remaining allegations of paragraph 57 of Plaintiffs' Complaint, as stated.

58.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 58 of Plaintiffs' Complaint, as stated.

59.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants admit decedent did lay down and put a blanket over himself. Answering defendants deny the remaining allegations of paragraph 59 of Plaintiffs' Complaint, as stated.

60.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 60 of Plaintiffs' Complaint, as stated.

61.     Answering defendants deny the allegations of paragraph 61 of Plaintiffs' Complaint.

62.     Answering defendants deny the allegations of paragraph 62 of Plaintiffs' Complaint.

63.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 63 of Plaintiffs' Complaint and, as such, deny the same.

64.     Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph 64 of Plaintiffs' Complaint and, as such, deny the same.

65.     Answering defendants deny the allegations of paragraph 65 of Plaintiffs' Complaint.

66.     Answering defendants deny the allegations of paragraph 66 of Plaintiffs' Complaint.

67.     Answering defendants deny the allegations of paragraph 67 of Plaintiffs' Complaint.

68.     Answering defendants deny the allegations of paragraph 68 of Plaintiffs' Complaint.

69.     Answering defendants deny the allegations of paragraph 69 of Plaintiffs' Complaint, as stated.

70.     Answering defendants deny the allegations of paragraph 70 of Plaintiffs' Complaint.

71.     Answering defendants deny the allegations of paragraph 71 of Plaintiffs' Complaint.

### IV.     FIRST CAUSE OF ACTION

72.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-71 as if the same were specifically set out herein.

73.     Answering defendants deny the allegations of paragraph 73 of Plaintiffs' Complaint.

## V.     SECOND CAUSE OF ACTION

74.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-73 as if the same were specifically set out herein.

75.     Answering defendants deny the allegations of paragraph 75 of Plaintiffs' Complaint.

## VI.     THIRD CAUSE OF ACTION

76.     Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-75 as if the same were specifically set out herein.

77.     Answering defendants deny the allegations of paragraph 77 of Plaintiffs' Complaint.

78.     The allegations within paragraph 78 of Plaintiffs' Complaint concern a defendant other that answering defendants, and, as such, answering defendants deny the same.

79.     The allegations within paragraph 79 of Plaintiffs' Complaint concern a defendant other that answering defendants, and, as such, answering defendants deny the same.

## VII.   <u>DAMAGES</u>

80.     Answering defendants deny the allegations of paragraph 80 of Plaintiffs' Complaint.

## IX.   <u>PRAYER FOR RELIEF</u>

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiffs pray . . . " answering defendants deny each and every allegation contained therein, including subparagraphs (1)-(3), and would affirmativelyy aver that Plaintiffs are not entitled to any recovery whatsoever.

## <u>EIGHTH DEFENSE</u>

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## <u>NINTH DEFENSE</u>

Answering defendants aver that they have met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incidents in question.

## <u>TENTH DEFENSE</u>

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## <u>ELEVENTH DEFENSE</u>

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are

concerned. Additionally, answering defendants would affirmatively state that the Plaintiffs are not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against the defendant.

(d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)    The procedures permit multiple awards of punitive damages for the same alleged act.

(g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

16

(h)      The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)      The standard of conduct upon which punitive damages are sought is vague.

### TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

### THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiffs' claims.

### FOURTEENTH DEFENSE

Answering defendants, to the extent applicable, adopt and incorporate all affirmative defenses asserted by any other co-defendant, whether current or future.

### FIFTEENTH DEFENSE

Answering defendants allege that the accident in question resulted solely and proximately from the negligence of a person or persons for whom answering defendants are not liable or responsible, and answering defendants further invoke the provisions of Miss. Code Ann. § 85-5-7.

### SIXTEENTH DEFENSE

Other causes or conditions, not attributable to answering defendants and for which answering defendants are not liable or responsible is the sole proximate cause or proximate contributing causes of the incident in question.

## SEVENTEENTH DEFENSE

While denying liability to Plaintiffs, answering defendants allege that decedent's acts caused or contributed to the alleged injuries and damages, if any; therefore, any award should be diminished accordingly as provided by Miss. Code Ann. § 11-7-15.

## EIGHTEENTH DEFENSE

If answering defendants are negligent, which is specifically denied herein, the negligent acts of those other than answering defendants constitute an intervening cause which effectively served to insulate the answering defendants from liability.

## NINETEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint, the answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiffs.

**DATE:**        **October 14, 2022.**

Respectfully submitted,

**JONES COUNTY, MISSISSIPPI AND
SHERIFF JOE BERLIN**

By:        */s/William R. Allen*
            One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB#105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## <u>CERTIFICATE</u>

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys

for Defendants, Jones County, Mississippi and Sheriff Joe Berlin, hereby certify that on

this day, I electronically filed the foregoing Answer to Plaintiffs' Complaint (*CM/ECF*

*Doc. No. 1*) with the Clerk of the Court using the ECF system, which gave notice of the

same to the following:

| | |
|---|---|
| Robert McDuff, Esq. | Stephen J. Haedicke-PHV |
| The Law Office of Robert McDuff | Law Office of Stephen J. Haedicke, LLC |
| 767 North Congress Street | 1040 St. Ferdinand Street |
| Jackson, MS  39202 | New Orleans, LA 70117 |
| rbm@mcdufflaw.com | stephen@haedickelaw.com |

*Attorneys for Plaintiffs*

| | |
|---|---|
| Bethany A. Tarpley, Esq. | Richard O. Burson, Esq. |
| Daniel J. Griffith, Esq. | Peeler Grayson Lacey, Jr., Esq. |
| JACKS \| GRIFFITH \| LUCIANO, P.A. | Burson, Entrekin, Orr, Mitchell & Lacey, PA |
| P. O. Box 1209 | P. O. Box 1289 |
| Cleveland, MS 38732 | Laurel, MS 39441-1289 |
| btarpley@jlpalaw.com | burson@beolaw.com |
| dgriffith@jlpalaw.com | lacey@beolaw.com |
| *Attorneys for Defendants Deputy James* | *Attorneys for Defendant, Donnie Scoggin* |
| *Mann, Sgt. Jesse James, Deputy Colton* | |
| *Dennis, and Carol Johnston* | |

This the 14th day of October, 2022.

/s/William R. Allen
OF COUNSEL