IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CORBEY JONES, *et al.*                                                                  PLAINTIFFS

V.                                              CIVIL ACTION NO. 2:22cv93-KS-MTP

JONES COUNTY, MS, *et al.*                                                           DEFENDANTS

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**      3-5

   **ESTIMATED TOTAL NUMBER OF WITNESSES:**      10-15

   **EXPERT TESTIMONY EXPECTED**:      Yes   **NO. OF EXPERTS**   5-6

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   __X__   A.   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   A settlement conference is set for April 24, 2023 at 9:30 a.m. before the undersigned at the U.S. Courthouse, Courtroom 2, 701 N. Main Street, Hattiesburg, Mississippi. Counsel, the parties, and representatives with full settlement authority must be present. Confidential settlement memoranda are due on or before April 17, 2023.

   _____   B.   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   _____   A.   The parties consent to trial by a United States Magistrate Judge.

  __X__  B. The parties do not consent to trial by a United States Magistrate Judge.

**4. DISCLOSURE.**

  __X__  A. The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully.

  _____  B. The following additional disclosure is needed and is hereby ordered:

**5. MOTIONS; ISSUE BIFURCATION.**

  __X__  A. The court finds and orders that filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action.

      The defendants reserve the right to file a qualified immunity or other immunity motions. For purposes of judicial economy, the defendants are relieved of any obligation to file an early immunity motion as stated by Local Rule 16(b). Furthermore, the parties may engage in discovery as to all issues, including but not limited to, immunity issues. By so doing, defendants do not waive any right to file an immunity motion. The parties agree and the court so orders.

  __X__  B. The court finds and orders that staged resolution, or bifurcation of the issues for trial in accordance with Fed.R. Civ. P. 42(b),

     __X__ (1) May assist in the prompt resolution of this action.

       If punitive damages issue survives, it may be bifurcated at trial. The individual defendants may file a motion to dismiss based on qualified immunity.

     _____ (2) Will not assist in the prompt resolution of this action.

**6. DISCOVERY PROVISIONS AND LIMITATIONS.**

  **A.** Interrogatories are limited to __25__ succinct questions.

  **B.** Requests for Production are limited to __50__ succinct questions.

  **C.** Requests for Admissions are limited to __25__ succinct questions.

 **D.** Depositions are limited to the parties, experts, and no more than __12__ fact witnesses per party without additional approval of the court.

 **E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

  At this time, the parties do not anticipate there being substantial ESI discovery in this litigation.  However, the Plaintiffs are not currently in a position to know what ESI may be in possession of Defendants, including whether the Jones County Detention Center has significant ESI in a jail management system or some other system.  To identify and preserve any potential ESI, counsel for Plaintiffs will alert and counsel for Defendants have alerted their clients to ensure proper protections in place to preserve potentially relevant documents and to notify those persons in relevant positions to refrain from destroying possibly relevant ESI, and to ensure no inadvertent destruction of ESI occurs.  For any relevant email or text communications, the parties will produce such documents in Portable Document Format (PDF).  The parties reserve the right to request to perform forensic searches on computer hard drives.  However, the parties are not currently aware of any deleted relevant ESI.  The parties do not anticipate requesting ESI with embedded data and/or metadata.  The parties have agreed to produce discoverable ESI in PDF format.  However, the parties reserve the right to request any ESI be produced in native format.  The parties are not aware of any discoverable ESI that is not reasonably accessible. Privilege is not waived by inadvertent disclosure in ESI.

 **F.** The court imposes the following discovery provisions or limitations as agreed by the parties:

  Pursuant to Fed.R.Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court.  Further, the disclosures are not waived in any other federal or state proceeding.

  Plaintiff must execute an appropriate HIPAA-compliant medical authorization.

  The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(B)(v). Only if the telephonic

conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

7. **Scheduling Deadlines.**

   A. **Trial.** This matter is set for trial on November 6-17, 2023 before Senior District Judge Keith Starrett in Hattiesburg, Mississippi.

   ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   This is a      __X__ Jury Trial       _____ Non-Jury Trial

   B. **Pretrial.** The pretrial conference is set on: October 26, 2023 before Senior District Judge Keith Starrett in Hattiesburg, Mississippi.

   C. **Discovery.** All discovery shall be completed by: June 1, 2023.

   D. **Amendments.** Motions for joinders of the parties or amendments to the pleadings must be filed by: December 15, 2022.

   E. **Experts.** The parties' experts, if any, shall be designated by the following dates:

      1. Plaintiff:  March 1, 2023

      2. Defendant:  April 3, 2023

   F. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by:  June 15, 2023. The deadline for motions *in limine* is twenty-one days before the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

   G. **Settlement Conference.** See paragraph 2 above.

   H. **Report Regarding ADR.** On or before October 19, 2023 (7 days before the final pre-trial conference), the parties must report to the undersigned all ADR efforts they

have taken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply.  *See* L.U.Civ.R. 83.7(f)(3).

**SO ORDERED** this the 15th day of November, 2022.

                                                                     s/Michael T. Parker
                                                                     UNITED STATES MAGISTRATE JUDGE