IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                                          **PLAINTIFF**

**VERSUS**                                                           **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                                                              **DEFENDANTS**

### JONES COUNTY, MS, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON'S MOTION TO DISMISS FOR LACK OF STANDING

Come now Jones County, MS, Sheriff Joe Berlin, and Jennifer Henderson (collectively "Movants"), by and through counsel, and, pursuant to Rule 12 of the Federal Rules of Civil Procedure, submit their Motion to Dismiss for Lack of Standing.

In support of the same, Movants, as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, are simultaneously filing a memorandum brief setting forth arguments and authorities related to the following grounds for this Court to grant Movants' Motion, and dismiss Plaintiff's claims against them.

1.     The primary question presented here is whether the father of a decedent, individually and not as a personal representative of decedent's estate, is the real party in interest to pursue the decedent's 42 U.S.C. § 1983 constitutional claims in federal court under Mississippi's wrongful-death statute, Miss. Code Ann. § 11-7-13. More specifically,

1

the question concerns whether the absence of the decedent's estate from suit precludes decedent's father from establishing prudential standing to assert those claims.

2. A secondary, though no less important, question presented is whether a claimant lacking prudential standing that has not independently alleged any personal constitutional violations satisfies Article III standing.

3. The Court must dismiss Plaintiff's First Amended Complaint as he lacks prudential standing to assert the claims raised therein, particularly the constitutional claims, *i.e.*, survival-type claims, concerning the in-custody death of Andrew Wesley Jones ("Decedent") on January 9, 2021, which may only be pursued by Decedent's Estate.

4. The Court must dismiss Plaintiff's First Amended Complaint as Plaintiff filed suit in his name only, *i.e.*, not as an administrator, executor, or personal representative of the Estate of Andrew Wesley Jones, Deceased.

5. The Court must dismiss Plaintiff's First Amended Complaint as he is not the real party in interest capable of pursuing, and recovering for, Decedent's constitutional claims.

6. The Court must dismiss Plaintiff's claims for Decedent's survival-type damages as Plaintiff cannot satisfy proximate causation in this matter, which prevents Plaintiff from raising a right to relief beyond the speculative level.

7. The Court must dismiss Plaintiff's First Amended Complaint as inconsistencies within the pleading itself, *i.e.*, those addressing the cause of Decedent's death: HIV infection, preclude Plaintiff from proving any other cause of death to a reasonable degree of medical probability.

8. The Court must dismiss Plaintiff's First Amended Complaint as his failure to satisfy prudential standing additionally prevents Plaintiff from establishing Article III standing.

9. The Court must dismiss Plaintiff's First Amended Complaint as the same never alleges that Plaintiff satisfied the triad of constitutional requirements to satisfy Article III standing, to wit: injury, causation, and redressability.

10. The Court must dismiss Plaintiff's First Amended Complaint for lack of Article III standing, as Plaintiff never alleges he himself personally suffered any constitutional or federal injury-in-fact.

11. The Court must dismiss Plaintiff's First Amended Complaint for lack of Article III standing as Plaintiff cannot satisfy the cases or controversies requirement necessary to merit this Court's subject matter jurisdiction.

12. This Court must dismiss Plaintiff's First Amended Complaint for lack of Article III standing as Plaintiff never alleges that any defendant acted toward Decedent with a specific intent or purpose to interfere with Plaintiff's familial relationship with Decedent.

13. The Court must dismiss Plaintiff's First Amended Complaint, *in toto*, because the same fails to raise a right to relief beyond the speculative level.

14. Due to the overall lack of sufficient legal interests that would allow Plaintiff to demonstrate actual, litigable cases or controversies, this Court must dismiss Plaintiff's First Amended Complaint as moot.

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Jones County, MS, Sheriff Joe Berlin, and Jennifer Henderson's supporting Memorandum of Authorities, Movants respectfully request this Court dismiss Plaintiff's claims against them, with prejudice.

**DATE:** May 15, 2023.

                                        Respectfully submitted,

                                        **JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

                                        By:    */s/ Lance W. Martin*
                                                   One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Motion to Dismiss for Lack of Standing with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.
The Law Office of Robert McDuff
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com
    *Attorneys for Plaintiff*

Stephen J. Haedicke-PHV
Law Office of Stephen J. Haedicke, LLC
1040 St. Ferdinand Street
New Orleans, LA 70117
stephen@haedickelaw.com

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com

    *Attorneys for Mann, Sgt. Jesse James,*
    *Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com

    *Attorney for Mekedes Coleman*

This, the 15th day of May, 2023.

                                                   /s/ *Lance W. Martin*
                                                 OF COUNSEL