IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                                           **PLAINTIFF**

**VERSUS**                                                                  **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                                                              **DEFENDANTS**

### SHERIFF JOE BERLIN AND JENNIFER HENDERSON'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Come now Sheriff Joe Berlin and Jennifer Henderson (collectively "Movants"), by and through counsel, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Memorandum of Authorities in support of Motion for Judgment on the Pleadings based on Qualified Immunity, as follows:

### INTRODUCTION

Andrew Wesley Jones ("Andrew" or "Decedent") died on January 9, 2021, while incarcerated as a pre-trial detainee at the Jones County Adult Detention Center ("JCADC") in Ellisville, MS. Decedent's father, Plaintiff Corbey Jones, seeks relief under 42 U.S.C. § 1983 for alleged violations of Decedent's constitutional rights.

Movants challenge the sufficiency of Plaintiff's pleading, and move the Court to specifically consider whether Plaintiff's allegations raised against them in his First Amended Complaint remove Movants' qualified immunity.

1

## RELEVANT BACKGROUND FACTS FOR MOVANTS' MOTION

"Based on a test conducted in late October 2020, Andrew was diagnosed as positive for HIV on November 5, 2020." *Id*. at 5 (¶ 11). Thirty-five (35) days later, Andrew booked into JCADC on December 9, 2020." He died thirty-one (31) days later.

On January 12, 2021, the Office of the State Medical Examiner ("OSME") "opined that **the cause of death** was HIV infection." *Id*. at 15 (¶ 70) (emphasis added). Significantly, the OSME only performed an External Postmortem Examination. *See OSME Report*.[1] In other words, the OSME did not perform a complete autopsy.

On July 14, 2022, which was one (1) year, six (6) months, and five (5) days after Decedent's death, his parents[2] filed their initial Complaint [1] in this matter. After an initial round of discovery, Plaintiff filed his First Amended Complaint [52] on April 26, 2023, which is two (2) years, three (3) months, and seventeen (17) days after Decedent's death.

## CLAIMS IN GENERAL

Plaintiff's First Amended Complaint directs Court and Counsel to three (3) causes of action, all of which appear to have subclaims. Notably, each cause of action begins with: "Plaintiff repeats and re-alleges each and every allegation of the First Amended Complaint." *Am. Compl*. [52] at 18 (¶¶ 79, 81), 19 (¶ 83).

---

[1] Plaintiff has incorporated the OSME's Report into his First Amended Complaint by reference. As such, this Court may properly consider the Report in the Rule 12 context, and Movants respectfully request the Court to do so. *See*. n.4 (*infra*).
[2] Andrew's mother, Cynthia Jones, died on December 11, 2022.

2

I.     **FIRST CAUSE OF ACTION**

Plaintiff directs his first cause of action against "Defendants" as a collective group, stating they acted "individually and together" in depriving the Decedent of various constitutional rights. Yet, Plaintiff never delineates which individual did what with respect to Plaintiff's subclaims for: denial and/or deprivation or (1) the right to a reasonably safe and secure place of detention; (2) reasonable and adequate medical care; (3) the right to be free from cruel and unusual punishment; and (4) the right to due process and equal protection of the laws as protected by the Fourteenth Amendment. *Id.* at 18 (¶ 80).

II.    **SECOND CAUSE OF ACTION**

Plaintiff's second cause of action is twofold. It contains a *Monell*[3] claim against Jones County, Mississippi, and Sheriff Berlin in his official capacity, and it contains individual capacity claims against Henderson and Carol Johnston based on their alleged roles as final policymakers. This cause lists a scattershot of alleged actions—"established, condoned, ratified, and encouraged"—against four (4) defendants without identifying what each defendant did.

III.   **THIRD CAUSE OF ACTION**

In his final cause of action, Plaintiff raises two (2) claims under the Americans with Disabilities Act ("ADA"), to wit: (1) an ADA claim for failure to reasonable accommodate

---

[3] *Monell v. City of New York Dept. of Social Servs.*, 436 U.S. 658 (1978).

Decedent's needs in the JCADC; and (2) a Section 504[4] of the ADA's Rehabilitation Act claim for denial of services.

## SPECIFIC CLAIMS AGAINST MOVANTS

Reading Plaintiff's Amended Complaint as a whole, it appears Plaintiff asserts the following claims against the following defendants:

### I. SHERIFF JOE BERLIN

Plaintiff's First Amended Complaint [52] mentions Sheriff Berlin ten (10) times. Of these entries, six (6) are non-substantive, *i.e.*, they merely identify Sheriff Berlin and do not allege his personal involvement.[5] Thus, Plaintiff has only asserted four (4) potentially substantive claims against Sheriff Berlin, which are:

1. "On information and belief, Defendants SHERIFF BERLIN and Warden HENDERSON were aware that these were the policies and practices at the Detention Center and took no action to change them." *Am. Compl.* [52] at 8 (¶ 29);

2. "Defendants JONES COUNTY, SHERIFF BERLIN, HENDERSON, and JOHNSTON were each aware or should have been aware of these problems with healthcare at the Detention Center. However, these Defendants failed to address these problems with adequate reforms." *Id.* at 16 (¶ 73);

3. Defendants "JONES COUNTY, SHERIFF BERLIN, HENDERSON, and JOHNSTON . . . failed to make necessary changes to policies and procedures or to intervene to see that Andrew Jones and others in their custody were provided adequate treatment for serious health needs." *Id.* at 17 (¶ 75); and

---

[4] 29 U.S.C. § 794.
[5] The non-substantive entries are found in: (a) Case Caption; (b) Sheriff Berlin's party identification (¶ 5); (c) Henderson's party identification, which lists Sheriff Berlin as Henderson's employer (¶ 6); (d) Deputies James Mann, Jesse James, Colton Dennis, and Mekedes Coleman's party identification, which lists Sheriff Berlin as their employer (¶ 7); (e) Patricia Carol Johnston's party identification, which lists Sheriff Berlin as her employer (¶ 8); and (f) Plaintiff's claim(s) against Johnston, which again lists Sheriff Berlin as her employer (¶ 19).

    4.    Defendants JONES COUNTY, SHERIFF BERLIN, HENDERSON, and JOHNSTON "established, condoned, ratified, and encouraged customs, policies, patterns, and practices that directly and proximately caused the deprivation of the civil and constitutional rights of the deceased." *Id.* at 18-19 (¶ 82).

## II.    JENNIFER HENDERSON

Plaintiff's First Amended Complaint [52] mentions Henderson ten (10) times. Of these entries, four (4) are non-substantive, *i.e.*, they merely identify Henderson and do not allege her personal involvement.[6] Thus, Plaintiff has only asserted six (6) potentially substantive claims against Henderson, four (4) of which are listed in Sheriff Berlin's section above. The two (2) claims against Henderson separate and distinct from the four (4) above are:

    1.    "On information and belief, Warden HENDERSON and other jail staff were also aware that Andrew was HIV positive." *Id.* at 7 (¶ 23); and

    2.    "Defendants HENDERSON, MANN, JAMES, DENNIS, COLEMAN, and JOHNSTON . . . failed in their responsibility to ensure that Andrew Jones was in a safe, appropriate environment and that he was receiving necessary care and accommodations for his serious medical needs, which constituted a disability." *Id.* at 17 (¶ 76).

## STANDARD OF REVIEW

Courts apply Rule 12(b)(1) or (6) dismissal standards to Rule 12(c) motions for judgment on the pleadings. *Hoyle v. City of Hernando, Mississippi*, No. 3:21-cv-00171-NBB-RP, 2022 WL 4486997, at *2 (N.D. Miss. Sept. 27, 2022) (citing *Great Plains Trust Co. v.*

---

[6] The non-substantive entries are found in: (a) Case Caption; and (b) Henderson's party identification, which contains three (3) entries (¶ 6).

5

*Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)). A court's Rule 12(c) task is to determine whether a plaintiff's complaint "states a valid claim for relief." *Troice v. Greenberg Traurig, L.L.P.*, 921 F.3d 501, 504 (5th Cir. 2019).

**I.     RULE 12(b)(6)**

"When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint." *Wheeler*, 2018 WL 6204444, at *3 (citing *Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 216–17 (5th Cir. 2014) (per curiam)). "To survive a motion to dismiss under Rule 12(b)(6), the 'complaint[7] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tilman v. Clarke Cty.*, 514 F. Supp. 3d 884, 889 (S.D. Miss. 2021) (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge*, 624 F.3d at 210. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558

---

[7] "Although a district court primarily looks to the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, there are other sources it may consider." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (per curiam). "For example, a district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned. *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

(2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 234)).

## II.     RULE 12(c)

"A party may move for judgment under Rule 12(c) '[a]fter the pleadings are closed ... but early enough not to delay trial.'" *McZeal v. Louisiana*, No. 21-30631, 2022 WL 4078582, at *3 (5th Cir. Sept. 6, 2022) (quoting Fed. R. Civ. P. 12(c)). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). As with Rule 12(b)(6) motions, "'t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)).

Significantly, "the analysis [for Rules 12(b)(1), 12(b)(6), and 12(c)] is functionally the same. The critical issue is whether the complaint contains 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' " *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. 22-00338-BAJ-SDJ, 2023 WL 143171, at *8 (M.D. La. Jan. 10, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (citations omitted). "If there are insufficient factual allegations to raise a right to relief above the speculative level, **the claim must be dismissed**." *Tate v. Lafayette Cnty. Miss.*, No. 1:11-cv-00204, 2012 WL 6454579, at *1 (N.D. Miss. Dec. 13, 2012).

*Twombly*'s call to, as early as practicable, expose deficiencies that demonstrate a claimant is not entitled to any relief necessitates a court's consideration of any applicable

7

preclusions or immunities. *Twombly*'s guidance, therefore, supports early consideration of the qualified immunity defense.

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). "The purpose of qualified immunity is to protect public officials from the 'burden of fighting lawsuits which arise from the good faith performance of their duties.'" *Patterson v. City of McComb, Mississippi*, No. 5:18-cv-74-DCB-MTP, 2018 WL 4956123, at *3 (S.D. Miss. Oct. 12, 2018) (quoting *Wren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997)). Qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Once a "defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal **before the commencement of discovery**." *Mitchell*, 472 U.S. at 526 (emphasis added). A "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

"To evaluate whether a government official is entitled to qualified immunity, [courts] conduct a two-prong inquiry . . . (1) whether the undisputed facts and the disputed facts, accepting the plaintiffs' version of the disputed facts as true, constitute a

8

violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of clearly established law." *Harmon v. Dallas Cty., Texas*, 927 F.3d 884, 892 (5th Cir. 2019), *as revised* (July 9, 2019) (quoting *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015)). Significantly, courts may address either step first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

Regardless of which step courts address first, they must do so "'at the earliest possible stage of the litigation.'" *Carswell v. Camp*, No. 21-10171, 2022 WL 17335977, at *2 (5th Cir. Nov. 30, 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)). This results in a "full stop." *Id*. at *4. If a plaintiff cannot overcome the qualified immunity defense, the reviewing court must dismiss the plaintiff's claims against the officer(s) immune from suit.

## ARGUMENT

This Court must dismiss Plaintiff's individual-capacity claims against Sheriff Berlin and Jennifer Henderson as Plaintiff cannot overcome their qualified immunity.

To overcome qualified immunity, a plaintiff, in part, must show that a defendant's "actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Here,

> the [rights Sheriff Berlin and Henderson are] alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right[s] must be sufficiently clear that a reasonable official would understand that what he is doing violates [those rights]. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say

9

> that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

"'The dispositive question[, therefore,] is whether the violative nature of **particular conduct** is clearly established. This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Hamilton v. McLemore*, No. 2:19-cv-47-KS-MTP, 2021 WL 3719559, at *9 (S.D. Miss. Mar. 31, 2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)) (emphasis added). To demonstrate which rights are clearly established, the Fifth Circuit requires plaintiffs to

> identify a case—usually, a body of relevant case law—in which an officer acting under similar circumstances . . . was held to have violated the [Constitution]. While there need not be a case directly on point, the unlawfulness of the challenged conduct must be beyond debate. This leaves the rare possibility that, in an obvious case, analogous case law is not needed because the unlawfulness of the [challenged] conduct is sufficiently clear even though existing precedent does not address similar circumstances.

*Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (citations omitted). If Plaintiff cannot present a clearly established case or body of relevant law that would give Sheriff Berlin or Henderson fair notice their alleged actions violated Decedent's clearly established rights, then qualified immunity shields them from Plaintiffs' claims. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

An officer has fair notice when "the legal principle[s] clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the

10

situation he confronted.'" *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). "Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015).

Section 1983 cases require specific facts "identifying defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Personal involvement facts satisfy one (1) of a valid § 1983 claim's two (2) prongs: a § 1983 "'plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation **was committed by a person** acting under color of state law.'" *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir.2000)) (emphasis added).

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must **plead** that **each** Government-official defendant, through the official's **own individual actions**, has violated the Constitution." *Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added). If a plaintiff fails to satisfy the personal involvement requirement against individual defendants, those defendants retain immunity. *U.S. Tech. Corp.*, 2016 WL 4098609, at *6. This Court's understanding of shotgun pleadings supports such immunity retention. *See, e.g.*, *Copeland v. Axion Mortg. Grp.* LLC, No. 1:16-cv-159-HSO-JCG, 2016 WL 4250431, at *3-4 (S.D. Miss. Aug. 11, 2016). To be sure, "'[t]his Court has repeatedly warned attorneys

11

against such pleading practices' because they violate Federal Rule of Civil Procedure 8(a)(2)." *Williams v. City of Jackson*, No. 3:20-cv-785-DPJ-FKB, 2021 WL 4485865, at *5 (S.D. Miss. Sept. 29, 2021) (quoting *Payne v. Univ. of S. Miss.*, No. 1:12-cv-41-KS-MTP, 2015 WL 1482636, at *4 (S.D. Miss. Mar. 31, 2015)).

When a plaintiff attributes "discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants," the plaintiff's complaint fails to satisfy federal pleading standards. *Sahlein v. Red Oak Cap., Inc.*, No. 3:13-cv-00067-DMB-JM, 2014 WL 3046477, at *4 (N.D. Miss. July 3, 2014) (indistinguishable claims against collective group of defendants fail to satisfy Rule 8). "Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Copeland*, 2016 WL 4250431, at *4.

Conclusory allegations that lump a group of defendants together "without delineating which of the individual Defendants engaged in particular conduct . . . are insufficient to state a claim against [defendants] in their individual capacities, **or to overcome their qualified immunity**." *Plumier v. Mississippi Dep't of Corr.*, No. 1:18-cv-13-HSO-JCG, 2018 WL 4323925, at *3 (S.D. Miss. Sept. 10, 2018) (emphasis added). This failure to delineate discrete actions of named defendants is characteristic of shotgun pleadings. *Copeland*, 2016 WL 4250431, at *4 (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

Here, Plaintiff's First Amended Complaint "commits the 'mortal sin' of incorporating each allegation into each of its [three] counts." *Alexander*, 2021 WL 800840, at *3 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir.

2015)). This practice of including "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint . . ." is the most common type of shotgun pleading. *Id*. (quoting *Weiland*, 792 F.3d 1313, 1321–23). As noted above, Plaintiff's First Amended Complaint incorporates this practice.

"As a practical matter, this means [Plaintiff's three (3) causes of action] include a minimum of approximately [sixty-nine (69)] allegations spanning across approximately [thirteen (13)] pages." *Id*. "This wholesale incorporation of extraneous allegations is particularly troublesome because neither of the [three (3)] counts make any effort to identify which acts of [either Sheriff Berlin or Henderson] underlie each claim." *Id*. This is emblematic shotgun pleading, and it is problematic for Plaintiff's claims against Sheriff Berlin and Henderson.

If a plaintiff's complaint is a shotgun pleading, *i.e.* filled with indiscrete allegations against grouped-defendants, then each individual defendant retains qualified immunity as the claims against them fail to demonstrate "that the alleged deprivation **was committed by <u>a person</u>** acting under color of state law." *Whitley*, 726 F.3d at 638 (emphasis added; citations and quotations omitted). "A person," as used in *Whitley*, is singular, and without this singularity regarding alleged constitutional violations, a defendant-officer is entitled to judgment in their favor as the complaining plaintiff cannot remove the defendant-officer's cloak of qualified immunity.

Furthermore, the critical pleading-error precludes claimants from establishing § 1983 claims against the individual defendants. Such is the case here. Absent non-

13

conclusory factual averments **showing what Sheriff Berlin and Henderson supposedly did**, the Court must dismiss them from suit based on their retention of qualified immunity.

As demonstrated above through the parsing out of Plaintiff's claims, they all resemble a quintessential shotgun pleading against Sheriff Berlin and Henderson because Plaintiff fails to distinguish their actions. *Williams*, 2021 WL 4485865, at *5 (quoting *Sahlein*, 2014 WL 3046477, at *3) (cleaned up). More specifically, Plaintiff never alleges a singular, discrete action claim against either Sheriff Berlin or Henderson as to how they, independently, violated Decedent's constitutional rights. In other words, Plaintiff never delineates Sheriff Berlin or Henderson's particular conduct, which precludes Plaintiff from maintaining § 1983 claims against them.

Again, "[a] state actor may be individually liable under § 1983 only if he or she "was personally involved in the acts causing the deprivation of his constitutional rights . . .'" *U.S. Tech. Corp.*, 2016 WL 4098609, at *6 (quoting *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981)). There are no such personal involvement allegations here.

"[B]ecause proof of an individual defendant's personal involvement in the alleged wrong **is a prerequisite to liability** on a claim for damages under 42 U.S.C. § 1983[,]" this Court must dismiss Plaintiff's claims against Sheriff Berlin and Jennifer Henderson since Plaintiff's First Amended Complaint is devoid of any clear, precise allegations against them. *Id*. (citing *Tate v. Gusman*, 459 F. Supp.2d 519, 523 (E.D. La. 2006)).

## CONCLUSION

The "vague and imprecise allegations [against Sheriff Berlin and Jennifer Henderson in Plaintiff's First Amended Complaint] do not comport with the doctrine of qualified immunity and the dictates of Section 1983." *Id*. "Thus, the individual defendants are entitled to immunity under § 1983 for any asserted actions in which they were not personally involved." *Id*.

Significantly, due to Plaintiff's complete failure to delineate specific, personal-involvement claims against either Sheriff Berlin or Jennifer Henderson, they are entitled to complete qualified immunity, and this Court must completely dismiss them from this suit. To that end, Movants respectfully request the Court dismiss Plaintiff's individual-capacity claims against them, with prejudice, based on the doctrine of qualified immunity.

**DATE:       May 15, 2023.**

                Respectfully submitted,

                **SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

                By:     /s/*Lance W. Martin*
                          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street; P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361 Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

# **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Memorandum of Authorities in support of Motion for Judgment on the Pleadings based on Qualified Immunity with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

| | |
|---|---|
| Robert McDuff, Esq. | Stephen J. Haedicke-PHV |
| The Law Office of Robert McDuff | Law Office of Stephen J. Haedicke, LLC |
| 767 North Congress Street | 1040 St. Ferdinand Street |
| Jackson, MS  39202 | New Orleans, LA 70117 |
| rbm@mcdufflaw.com | stephen@haedickelaw.com |

*Attorneys for Plaintiff*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com

*Attorneys for Mann, Sgt. Jesse James,*
*Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com

*Attorney for Mekedes Coleman*

This, the 15th day of May, 2023.

                                                     */s/ Lance W. Martin*
                                                     OF COUNSEL