IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                              **PLAINTIFF**

**VERSUS**                                                           **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                                     **DEFENDANTS**

### JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON'S MOTION FOR STAY PENDING THE COURT'S RULING ON PENDING MOTIONS

Come now Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson (collectively "Movants"), by and through counsel, and, pursuant to Rule 16 of the Local Uniform Civil Rules of the United State District Courts for the Northern District and Southern District of Mississippi, submit their Motion for Stay pending resolution of their Motion to Dismiss for Lack of Standing [58, 59] and their Motion for Judgment on the Pleadings based on Qualified Immunity [60, 61], as follows:

1. Plaintiff filed his First Amended Complaint [1] on April 26, 2023. Movants filed their Answer [57] on May 10, 2023.

2. Movants' Answer specifically asserted jurisdictional and qualified immunity defenses. *See* Answer [57] at 2 (Fourth and Fifth Defenses), 4 (¶ 2), 17 (Ninth Defense), 20 (Twentieth and Twenty-First Defenses), and 21 (Twenty-Second Defense).

3. On May 15, 2023, Movants filed their Motion to Dismiss for Lack of Standing, seeking dismissal based on lack of prudential standing and lack of Article III standing, the latter of which raises jurisdictional concerns. Mot. [58] at 2-3 (¶¶ 3-14); Mem. [59] at 4-6, 21-30.

4. On May 15, 2023, Sheriff Berlin and Henderson filed their Motion for Judgment on the Pleadings based on Qualified Immunity [60, 61], which is the sole issue considered within said Motion.

5. Local Uniform Civil Rule 16(b)(3)(B) provides that the filing of an "immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion . . . ." L.U.Civ.R. 16(b)(3)(B).

6. "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). As such, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995).

7. Importantly, the Fifth Circuit recently reiterated that where "public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage." *Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022). *Carswell* further stated **the Court cannot "permit discovery against the immunity-asserting defendants before it rules on their defense."** *Id*.

8. Since Sheriff Berlin and Henderson raised qualified immunity in their Answer and Motion for Judgment on the Pleadings [60, 61], *Carswell* dictates the Court stay all discovery during the pendency of the Motion for Judgment on the Pleadings.

9. Sheriff Berlin and Henderson respectfully request this Court apply Local Rule 16, and stay all matters including disclosure requirements, the submission of confidential settlement memoranda, as well as the case management conference, until their pending immunity motion has been resolved.[1]

10. Because of the simple and self-explanatory nature of this Motion, Movants request the Court relieve them of any obligation to submit a supporting memorandum of authorities to accompany the instant Motion.

WHEREFORE, PREMISES CONSIDERED, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson respectfully request this Court, pursuant to Local Rule 16(b)(3)(B), enter an Order staying all matters, including disclosure requirements, the

---

[1] The Court entered its initial Rule 16(a) Order [19] on October 18, 2022. The Court granted Plaintiff's Motion for Leave to File Amended Complaint on April 25, 2023, and within that Order [51], the Court noted that it would "not extend the case deadlines at [that] time." *Order* [51] at 1, n.2. Instead, the Court suggested filing an appropriate motion with the Court requesting deadline extensions, if necessary. This Motion, though not filed with the specific intent of staying the matter, nevertheless has a similar effect of a motion to extend deadlines.

3

submission of confidential settlement memoranda, the case management conference, and all discovery, until this Court has ruled on the pending motions raising jurisdictional [58, 59] and immunity [60, 61] defenses.

**DATE:** May 15, 2023.

                                                  Respectfully submitted,

                                                  **JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

                                                  By:    /s/*Lance W. Martin*
                                                               One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

4

# CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Motion for Stay pending the Court's Ruling on Pending Motions with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.
The Law Office of Robert McDuff
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com

Stephen J. Haedicke-PHV
Law Office of Stephen J. Haedicke, LLC
1040 St. Ferdinand Street
New Orleans, LA 70117
stephen@haedickelaw.com

*Attorneys for Plaintiff*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com

*Attorneys for Mann, Sgt. Jesse James,*
*Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com

*Attorney for Mekedes Coleman*

This, the 15th day of May, 2023.

/s/ *Lance W. Martin*
OF COUNSEL