**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CORBEY JONES**                                                       **PLAINTIFF**

**VERSUS**                                                 **Civ. No. 2:22-CV-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE**
**BERLIN; DEPUTY JAMES MANN; SGT.**
**JESSE JAMES; DEPUTY COLTON**
**DENNIS; CAROL JOHNSTON;**
**JANET HENDERSON; AND**
**DEPUTY MEKEDES COLEMAN**                           **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Deputy Mekedes Coleman, one of the Defendants herein, by and through counsel, and files this, her *Answer and Affirmative Defenses*, and would show unto the court:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim against answering defendants upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's First Amended Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Plaintiff's First Amended Complaint should be dismissed on the grounds of applicable statute of limitations, collateral estoppel, laches, waiver, contributory negligence, Act of God,

accord and satisfaction, failure to mitigate, lacks of standing, release, estoppel, and/or the doctrine of unclean hands.

**FOURTH DEFENSE**

The Complaint fails to state a cause of action as to this Defendant for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named and/or unnamed. The First Amended Complaint fails to allege a violation of a clearly established constitutional right and, at all times, answering Defendant' conduct was objectively reasonable under the circumstances. As such, a reasonable officer or nurse would have believed their actions lawful during the incident forming the basis of this lawsuit.

**FIFTH DEFENSE**

Answering Defendant invokes *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of the Plaintiff's claims.

**SIXTH DEFENSE**

Answering Defendant is protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, qualified immunity.

**SEVENTH DEFENSE**

Answering Defendant alleges that she did not exceed the requirements of law and due care and that she is not guilty of acts or omissions which either caused or contributed to the incident in question.

**EIGHTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss.

Code Ann. § 11-46-1, *et seq.* At all times, Answering Defendant was acting within the course and scope of her employment and, therefore, cannot be held liable in her individual capacity under state law. With respect to Plaintiff's state law claims, if indeed Plaintiff intended to plead any, Defendant claims the protection of all the statutory exemptions from liability found in *Miss. Code Ann*. §11- 46-9, particularly §11-46-9 (1) (m) and (c). Additionally, to the extent those claims are asserted, Plaintiff's claims must be dismissed, because Plaintiff failed to provide a pre-suit notice of claim as required by *Miss. Code Ann*. §11-46-11.

### NINTH DEFENSE

At all times, answering Defendant was acting within the course and scope of her employment and at all times material to the allegations of the First Amended Complaint, her individual actions were in good faith, without malice, and within the course and scope of her employment.

### TENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15, insofar as any state law claims, if pled, are concerned. Answering Defendant invokes the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

    (a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I) The standard of conduct upon which punitive damages are sought is vague.

## ELEVENTH DEFENSE

Acts, omissions, disease processes, and other medical conditions over which this defendant has no control or legal responsibility were the sole proximate or, alternatively, proximate contributing cause of his death. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

## TWELFTH DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Jones County are alleged to be involved in or responsible for the custody, safety, protection, supervision, or care of Plaintiff's decedent at any time, such conduct was at all times objectively

reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

### THIRTEENTH DEFENSE

Plaintiff is not the real party at interest where any Defendant's alleged wrongful conduct may have caused Plaintiff's Decedent personal injuries during his lifetime but did not cause his death, as this solely belongs to the estate of Andrew Jones under Mississippi's survival statute. This Court lackss jurisdiction over Plaintiff's claims for decedent's survival damages as Plaintiff is not the real party in interest to pursue such claims. Plaintiff, therefore, is precluded from pursuing and recovering decedent's survival damages.

### FOURTEENTH DEFENSE

Answering Defendant reserves the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

### FIFTEENTH DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff's Decedent which was caused by this Defendant and all medical evidence available instead shows that this Defendant did not cause Plaintiff's Decedent's death.

### SIXTEENTH DEFENSE

The injuries/damages allegedly sustained by any Plaintiff's Decedent are the direct proximate result of acts, omissions, disease processes, and other medical conditions over which this defendant has no control or legal responsibility were the sole proximate or, alternatively, proximate contributing cause of his death. This Defendant is not responsible for any condition of

the Plaintiff's Decedent that preexisted the events which made the basis of this First Amended Complaint.

**SEVENTEENTH DEFENSE**

The injuries/damages allegedly sustained by Plaintiff's Decedent were not foreseeable to this Defendant, and, therefore, Plaintiff's claims as to this Defendant should be dismissed.

**EIGHTEENTH DEFENSE**

Plaintiff's Decedent's cause of death (death via health conditions existing prior to arrest, but unknown at the time by the arresting officers, jailors and/or nurse) does not allow for a cognizable wrongful death claim. No action or omission by this Defendant was the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiff but said injuries, if any, were caused solely or contributorily by acts, omissions, disease processes, and other medical conditions over which this defendant has no control or legal responsibility were the sole proximate or, alternatively, proximate contributing cause of his death. Additionally, as Plaintiff admits, HIV infection does not cause death, therefore, Plaintiff is unable to prove the cause of Plaintiff's Decedent's death and unable to prove causation of any sort.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWENTIETH DEFENSE**

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff's Decedent, and for that reason, Plaintiff's claims are barred.

## TWENTY-FIRST DEFENSE

Defendant adopts and incorporates all affirmative defenses asserted by any other current or future co-defendant.

## TWENTY-SECOND DEFENSE

The instant federal claims which address delayed medical care require analysis under the Fourteenth Amendment from the perspective of an episodic claim of injury, rather than a general challenge to conditions of confinement. As such, the Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted by reason of the fact that none of the individuals involved had subjective knowledge of a substantial risk of serious harm nor any other actual, threatened or imminent constitutional violation with regard to the safety and medical care of Plaintiff's Decedent, nor did any such individual act with deliberate and conscious indifference to the Plaintiff's Decedent. To the extent it is raised or implied, the Eighth Amendment is not applicable to Plaintiff's claims.

## TWENTY-THIRD DEFENSE

Plaintiff's First Amended Complaint is an impermissible "shotgun" pleading where "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and which in part, asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Alexander v. Hall*, No. 4:20-cv- 21-DMB-JMV, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). As such, Plaintiff's First Amended Complaint runs afoul of Rule 8 of the Federal Rules

of Civil Procedure, and must be dismissed. *See*, *e.g.*, *Thomas v. Univ. of Mississippi*, No. 3:18-CV-00062-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018).

## TWENTY-FOURTH DEFENSE

**AND NOW,** having asserted her affirmative defenses to the First Amended Complaint filed herein, and without waiving any such defenses, Defendant, Deputy Coleman, answers the allegations of Plaintiff's First Amended Complaint as follows:

1. Answering defendant admits Andrew Wesley Jones ("decedent") died in Jones County, Mississippi, while incarcerated at Jones County Adult Detention Center ("JCADC"). Answering defendant denies the remaining allegations of paragraph 1 of Plaintiff's First Amended Complaint.

## I. JURISDICTION

2. Answering defendant denies the allegations of paragraph 2 of Plaintiff's First Amended Complaint.

## II. PARTIES

3. Answering defendant admits, upon information and belief, the allegations of paragraph 3 of Plaintiff's First Amended Complaint.

4. Answering defendant admits the allegations of paragraph 4 of Plaintiff's First Amended Complaint.

5. Answering defendant admits Joe Berlin is the duly elected Sheriff of Jones County, Mississippi, and that his powers and duties are specified by statute. Answering defendant denies the remaining allegations of paragraph 5 of Plaintiff's First Amended Complaint, as stated.

6. Answering defendant admits Jennifer Henderson worked at JCADC at the time of Andrew Jones' death. Answering defendant denies the remaining allegations of paragraph 6 of

Plaintiff's First Amended Complaint.

7. Answering defendant admits James Mann, Sgt. Jesse James, Colton Dennis, and Mekedes Coleman were all employed as corrections officers at JCADC at the time of decedent's incarceration. Answering defendant further admits, upon information and belief, the officers were acting in the course and scope of their employment. Answering defendant denies the remaining allegations of paragraph 7 of Plaintiff's First Amended Complaint, as stated.

8. Answering defendant admits Carol Johnston was employed by Jones County, holds a Licensed Practical Nursing license, and provided medical care to inmates at JCADC. Answering defendant, upon information and belief, further admits Johnston was acting in the course and scope of her employment. Answering defendant denies the remaining allegations of paragraph 8 of Plaintiff's First Amended Complaint.

### III.   FACTUAL ALLEGATIONS

9. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 9 of Plaintiff's First Amended Complaint and, as such, denies the same.

10. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 10 of Plaintiff's First Amended Complaint and, as such, denies the same.

11. Based on information and belief, answering defendant admits the allegations of paragraph 11 of Plaintiff's First Amended Complaint.

12. Based on information and belief, answering defendant admits the allegations of paragraph 12 of Plaintiff's First Amended Complaint.

13. Based on information and belief, answering defendant admits the allegations of paragraph 13 of Plaintiff's First Amended Complaint.

14. Answering defendant lacks information sufficient to determine the truth of the

allegations of paragraph 14 of Plaintiff's First Amended Complaint and, as such, denies the same.

15. Based on information and belief, answering defendant admits decedent was arrested on December 9, 2020, for burglary and possession of beer in a dry county. Answering defendant denies the remaining allegations of paragraph 15 of Plaintiff's First Amended Complaint.

16. Answering defendant admits the allegations of paragraph 16 of Plaintiff's First Amended Complaint.

17. Answering defendant admits the allegations of paragraph 17 of Plaintiff's First Amended Complaint

18. Answering defendant denies the allegations of paragraph 18 of Plaintiff's First Amended Complaint.

19. The allegations of paragraph 19 of Plaintiff's First Amended Complaint concern a defendant other than answering defendant. As such, a response is not necessary. To the extent a response is deemed necessary, answering defendant admits Johnston was a Jones County employee who provided medical care to inmates. Answering defendant denies the remaining allegations of paragraph 19 of Plaintiff's First Amended Complaint, as stated.

20. Answering defendant denies the allegations of paragraph 20 of Plaintiff's First Amended Complaint.

21. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 21 of Plaintiff's First Amended Complaint and, as such, denies the same.

22. Based on information and belief, answering defendant admits the allegations of paragraph 22 of Plaintiff's First Amended Complaint.

23. Answering defendant lacks information sufficient to determine the truth of the

allegations of paragraph 23 of Plaintiff's First Amended Complaint and, as such, denies the same.

24. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 25 of Plaintiff's First Amended Complaint and, as such, denies the same.

25. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 25 of Plaintiff's First Amended Complaint and, as such, denies the same.

26. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 26 of Plaintiff's First Amended Complaint and, as such, denies the same.

27. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 27 of Plaintiff's First Amended Complaint and, as such, denies the same.

28. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 28 of Plaintiff's First Amended Complaint and, as such, denies the same.

29. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 29 of Plaintiff's First Amended Complaint and, as such, denies the same.

30. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 30 of Plaintiff's First Amended Complaint and, as such, denies the same.

31. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 31 of Plaintiff's First Amended Complaint and, as such, denies the same.

32. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 32 of Plaintiff's First Amended Complaint and, as such, denies the same.

33. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 33 of Plaintiff's First Amended Complaint and, as such, denies the same.

34. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 34 of Plaintiff's First Amended Complaint and, as such, denies the same.

35. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 35 of Plaintiff's First Amended Complaint and, as such, denies the same.

36. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 36 of Plaintiff's First Amended Complaint and, as such, denies the same.

37. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 37 of Plaintiff's First Amended Complaint and, as such, denies the same.

38. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 38 of Plaintiff's First Amended Complaint and, as such, denies the same.

39. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 39 of Plaintiff's First Amended Complaint and, as such, denies the same.

40. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 40 of Plaintiff's First Amended Complaint and, as such, denies the same.

41. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 41 of Plaintiff's First Amended Complaint and, as such, denies the same.

42. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 42 of Plaintiff's First Amended Complaint and, as such, denies the same.

43. Answering defendant lacks information sufficient to determine the truth of the allegations of paragraph 43 of Plaintiff's First Amended Complaint and, as such, denies the same.

44. Answering defendant admits on January 9, 2021, decedent was held in Cell MX 113, which has a window and a food slot. Answering defendant further admits the cell contained a video surveillance system. Answering defendant denies the remaining allegations of paragraph 44 of Plaintiff's First Amended Complaint, as stated.

45. Answering defendant would state that the video surveillance footage speaks for

itself. Answering defendant denies the remaining allegations of paragraph 45 of Plaintiff's First Amended Complaint.

46. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 46 of Plaintiff's First Amended Complaint.

47. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 47 of Plaintiff's First Amended Complaint.

48. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 48 of Plaintiff's First Amended Complaint.

49. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 49 of Plaintiff's First Amended Complaint.

50. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 50 of Plaintiff's First Amended Complaint.

51. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 51 of Plaintiff's First Amended Complaint.

52. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 52 of Plaintiff's First Amended Complaint.

53. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 53 of Plaintiff's First Amended Complaint.

54. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 54 of Plaintiff's First Amended Complaint.

55. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 55 of Plaintiff's First Amended Complaint.

56. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 56 of Plaintiff's First Amended Complaint.

57. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 57 of Plaintiff's First Amended Complaint.

58. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 58 of Plaintiff's First Amended Complaint.

59. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 59 of Plaintiff's First Amended Complaint.

60. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 60 of Plaintiff's First

Amended Complaint.

61. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 61 of Plaintiff's First Amended Complaint.

62. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 62 of Plaintiff's First Amended Complaint.

63. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 63 of Plaintiff's First Amended Complaint.

64. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 64 of Plaintiff's First Amended Complaint.

65. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 65 of Plaintiff's First Amended Complaint.

66. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 66 of Plaintiff's First Amended Complaint.

67. Answering defendant would state that the video surveillance footage speaks for itself. Answering defendant denies the remaining allegations of paragraph 67 of Plaintiff's First Amended Complaint.

68. Answering defendant would state that the video surveillance footage speaks for

itself. Answering defendant denies the remaining allegations of paragraph 68 of Plaintiff's First Amended Complaint.

69. Based on information and belief, answering defendant admits the allegations of paragraph 69 of Plaintiff's First Amended Complaint.

70. Answering defendant admits the Office of the State Medical Examiner drafted a Final Report of External Postmortem Examination wherein the OSME listed "HIV infection" as decedent's cause of death. Answering defendant denies the remaining allegations of paragraph 70 of Plaintiff's First Amended Complaint, as stated.

71. Answering defendant admits HIV alone does not cause death, which is the sole cause of death listed by OSME. Answering defendant denies the remaining allegations of paragraph 71 of Plaintiff's First Amended Complaint, particularly since OSME did not perform a complete autopsy, nor did OSME conclude decedent was suffering from any secondary infection(s).

72. Answering defendant denies the allegations of paragraph 72 of Plaintiff's First Amended Complaint.

73. Answering defendant denies the allegations of paragraph 73 of Plaintiff's First Amended Complaint.

74. Answering defendant denies the allegations of paragraph 74 of Plaintiff's First Amended Complaint.

75. Answering defendant denies the allegations of paragraph 75 of Plaintiff's First Amended Complaint.

76. Answering defendant denies the allegations of paragraph 76 of Plaintiff's First Amended Complaint, as stated.

77. Answering defendant denies the allegations of paragraph 77 of Plaintiff's First Amended Complaint.

78. Answering defendant denies the allegations of paragraph 78.

### IV.   FIRST CAUSE OF ACTION

79. Answering defendant repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-78 as if the same were specifically set out herein.

80. Answering defendant denies the allegations of paragraph 80 of Plaintiff's First Amended Complaint.

### V.   SECOND CAUSE OF ACTION

81. Answering defendant repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-80 as if the same were specifically set out herein.

82. Answering defendant denies the allegations of paragraph 82 of Plaintiff's First Amended Complaint.

### VI.   THIRD CAUSE OF ACTION

83. Answering defendant repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-82 as if the same were specifically set out herein.

84. Answering defendant denies the allegations of paragraph 84 of Plaintiff's First Amended Complaint.

85. Answering defendant denies the allegations of paragraph 85 of Plaintiff's First Amended Complaint.

86. Answering defendant would state that Section 504 of the Rehabilitation Act speaks for itself. Answering defendant denies the remaining allegations of paragraph 86 of Plaintiff's First Amended Complaint, as stated.

87. Answering defendant would state that the Americans with Disabilities Act speaks for itself. Answering defendant denies the remaining allegations of paragraph 87 of Plaintiff's First Amended Complaint, as stated.

88. Answering defendant denies the allegations of paragraph 88 of Plaintiff's First Amended Complaint.

89. Answering defendant denies the allegations of paragraph 89 of Plaintiff's First Amended Complaint.

## VII.   DAMAGES

90. Answering defendant denies the allegations of paragraph 90 of Plaintiff's First Amended Complaint, and would affirmatively aver Plaintiff is not entitled to any recovery whatsoever.

## VIII.   PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiff…" answering defendant denies each and every allegation contained therein, including subparagraphs (1)-(3), and would affirmatively **deny that Plaintiff is entitled to recover any sum or form of relief whatsoever from this Defendant.**

RESPECTFULLY SUBMITTED this the 17th day of May, 2023.

                                               Deputy Mekedes Coleman
                                               Defendant

                                               By:*/s/Wesley C. Pinson*
                                                    Wesley C. Pinson (MSB#106508)
                                                    Robert J. Dambrino III (MSB#5783)
                                                    Attorneys for Defendant Deputy
                                                    Mekedes Coleman

Of Counsel:

Gore, Kilpatrick & Dambrino PLLC
Attorneys at Law
P.O. Box 901
Grenada, MS 38902-0901
Ph.     662.226.1891
Fx.     662.226.2237
Eml.    wpinson@gorekilpatrick.com
Eml.    rdambrino@gorekilpatrick.com

## CERTIFICATE OF SERVICE

I, Wesley C. Pinson, one of the attorneys for Defendant, do hereby certify that I served the above and foregoing pleading upon all counsel of record via the Court's ECF/CMF system, which will send notice of filing to all counsel of record.

This the 17th day of May, 2023.

/s/Wesley C. Pinson
Wesley C. Pinson (MSB#106508)