UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| CORBEY JONES, | * | CIVIL ACTION NUMBER: |
| | * | |
| Plaintiff, | * | 2:22-CV-93-KS-MTP |
| | * | |
| VERSUS | * | |
| | * | |
| JONES COUNTY, MS, ET AL. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF REPONSE IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF STANDING FILED BY JONES COUNTY, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Corbey Jones, who files this Opposition to the Motion to Dismiss for Lack of Standing, ECF Doc. 58-59, filed by Defendants Jones County, Sheriff Joe Berlin, and Jennifer Henderson (hereinafter "Defendants").[1] The Defendants' Motion is somewhat confusing but appears to be based on two contentions. First, the Defendants seem to claim that because an estate has not been opened or made a party to this suit, the Plaintiff Corbey Jones, father of the decedent, has no standing to bring claims seeking wrongful death and survival damages. ECF Doc. 59 at 9-16. Second, the Defendants seem to make an unwarranted merits-based assertion that Plaintiff will be unable to prove that the Defendants' wrongful acts—ie. their constitutional violations (and violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, although the defense motion never mentions those claims)—caused Andrew Jones's death.

These contentions should be rejected. The Plaintiff's First Amended Complaint ("FAC") explicitly alleges that the Defendants' wrongful conduct caused both pre-death personal injuries

---

[1] Defendants Mann, James, Dennis, Johnston, and Coleman have joined in the motion to dismiss for lack of standing. ECF Docs. 65, 66. This Opposition applies therefore applies to all Defendants in this action.

1

and the death of Andrew Jones.  ECF Doc. 52 at ¶ 90.  More specifically, the FAC alleges that the Defendants failed to provide Andrew the anti-HIV medications that had been prescribed to him, and which would have prevented his death and his pre-death suffering from HIV and the complications that are caused by that condition.  ECF Doc. 52 at ¶¶ 1, 45-73.   Under well-established case law, these allegations allow the Plaintiff, Andrew's father, to bring this action for both wrongful death and survival damages. The FAC further alleges that this failure was the result of both the individual deliberate indifference of certain Defendants, including Nurse Johnston, and the policies and practices of Jones County.  *Id.* ¶ 27-29, 71, 73.  Finally, the FAC alleges that other individual Defendants (Mann, James, Dennis, and Coleman) also caused or contributed to Andrew's death by failing to alert medical staff or get Andrew to a hospital when they saw his obvious medical distress on the morning of January 9, 2021.  *Id*. at ¶ 72.  "Andrew's life would have been saved had he been promptly transported that morning to an emergency room for lifesaving treatment."  *Id*.  "As a result of the actions of the Defendants . . . damages have been incurred for the pre-death suffering … and for the wrongful death of Andrew Jones." *Id.* at ¶ 90.

     Of course, despite Defendants' suggestions to the contrary, all these allegations must be taken as true when ruling on a Rule 12(b) motion.  And as Defendants well know, the Plaintiff is prepared to prove up these assertions at trial, including with the Medical Examiner's report, which stated that the cause of death was HIV, *id.* at ¶ 71, and with the testimony of at least two medical doctors who agree that HIV caused the death, ECF Doc. 45, 48 (Notices of Service of Expert Designation).  These doctors have also opined that Andrew's death **likely would have been prevented** if he had been (1) given anti-HIV medications as prescribed or (2) taken to the hospital when his medical emergency was apparent.  Because the Plaintiff has alleged and will

prove that Defendants' wrongful conduct caused Andrew personal injuries leading to death, the Plaintiff has standing under § 1983 and the Mississippi wrongful-death statute, Miss. Code Ann. § 11-7-13, to bring both wrongful-death and survivor claims. The Defendants' Motion should therefore be denied.

Furthermore, although the Defendants' Motion lacks merit, the Plaintiff is in the process of opening an estate for Andrew Jones and intends to seek leave to add the estate as a party. This is a prudential action, as it is unnecessary for jurisdiction under the law or facts. However, to the extent there can be any doubt about standing in this case because of the absence of an estate, this action will cure it. Given that the three-year statute of limitations has not run on any § 1983 claims arising out of Andrew Jones's incarceration and his death on January 9, 2021, adding the estate will be timely and justified.

Additionally, and independently of the request to add the estate, if this Court perceives any pleading deficiencies with the Second Amended Complaint, the Plaintiff requests leave to file an amendment to cure such deficiency. *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977) ("Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim."); *Public Health Equip. & Supply Co. v. Clarke Mosquito Control Equip., Inc.*, 410 Fed. Appx. 738, 740 (5th Cir. 2010) (finding that district court erred in denying plaintiff's motion to amend complaint after dismissal under Rule 12(b)(6)).

**I.      Standard of Review**

The Defendants seek to have this case dismissed for lack of standing. Because they have not submitted any evidence in support of their arguments, the Defendants' Motion is a facial attack on the Court's jurisdiction under Rule 12(b)(1). *Paterson v. Weinberger*, 644 F.2d 521,

523 (5th Cir. 1981) (noting that where the movant does not submit evidence in support of Rule 12(b)(1) motion, it is considered a "facial" attack on the sufficiency of the complaint alone).

In the Fifth Circuit, the standard of review applicable to facial motions to dismiss under Rule 12(b)(1) resembles the standard of review for motions to dismiss under Rule 12(b)(6). *Lee v. Verizon Communications, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) ("Where, as here, the movant mounts a 'facial attack' on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true.") (quotations and citations omitted). For a facial Rule 12(b)(1) challenge, **all well-pleaded factual allegations in the plaintiff's complaint must be "taken as true and viewed in the light most favorable to the plaintiff."** *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)). A motion to dismiss for lack of subject matter jurisdiction should be granted **only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.** *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

**II.     Law and Argument**

The Plaintiff has standing to bring this § 1983 action for wrongful death because, as alleged in the FAC, the Defendants' constitutional violations (and ADA/RA violations) caused the pre-death suffering and death of the Plaintiff's son, Andrew Wesley Jones, on January 9, 2021. ECF Doc. 52 at ¶¶ 1, 45-73, 90. The Medical Examiner concluded that HIV caused the death, *id*. at ¶ 70, and it is obviously plausible that uncontrolled HIV infection results in death, often through secondary infections. *See, e.g., Bragdon v. Abbott*, 524 U.S. 624, 634-37 (1998) (describing course of HIV infection as "inalterable" and resulting in death). The Plaintiff's

4

experts will testify that if Defendants had provided Andrew Jones the anti-HIV medications that had been prescribed for him, then those medications probably would have prevented his pre-death suffering and death by controlling his HIV infection. Again, this is quite plausible: When someone has a fatal but now treatable disease like HIV, failing to give that person medications for that disease will hasten their death. The Plaintiff's experts will also testify that if Andrew Jones had been taken to the hospital on the morning of his death, his life probably (more likely than not) would have been saved through a combination of therapeutics, including IV antibiotics, antifungal medication, IV fluids, and vasopressor support. Again, that is a plausible assertion: Lives are saved every day in hospitals using those therapeutics. If Defendants want to present expert testimony to the contrary, they are free to do so, and it will be up to the jury to decide the question. But there is no doubt that the Plaintiff has standing as a wrongful-death beneficiary to bring this case.

The Fifth Circuit has clearly held that 42 U.S.C. § 1988 incorporates the wrongful-death and survival statutes of the forum state. Accordingly, wrongful-death beneficiaries have standing to bring § 1983 claims based on constitutional violations resulting in death. In *Rhyne v. Henderson County*, the Court held:

> Under *Brazier* and *Grandstaff,* Rhyne has standing to recover for her own injuries arising out of the wrongful death of her son. There is no dispute that Rhyne is within the class of people entitled to recover under Texas law for the wrongful death of a child. . . . **Both *Brazier* and *Grandstaff* hold that § 1988 incorporates this wrongful death remedy into § 1983, allowing Rhyne to recover under § 1983 for her own injuries resulting from the deprivation of her son's constitutional rights.**

973 F.2d 386, 390-91 (5th Cir. 1992) (emphasis added). Similarly, in *Baker v. Putnal*, the Fifth Circuit held:

> [D]efendants are wrong that only the person whose constitutional rights have been violated may bring an action under § 1983. On the contrary, it is the law of this

5

> circuit that individuals who are within the class of people entitled to recover under Texas's wrongful death statute have standing to sue under § 1983 for their own injuries resulting from the deprivation of decedent's constitutional rights. The statute clearly recognizes the right of the surviving children and parents of the deceased to bring an action for the benefit of all. Therefore, Baker, Jr.'s parents and minor son are within the class of people entitled to recover.

75 F.3d 190, 195 (5th Cir. 1996).

The holdings in *Rhyne* and *Baker* have been applied to claims brought under § 1983 and Mississippi's wrongful-death statute, Miss. Code Ann. § 11-7-13. *See, e.g., Barrett v. City of Pelahatchie*, 3:21-CV-124-HTW-LGI (S.D. Miss. Apr. 4, 2023), 2023 WL 2562992 *2 ("This court applies Mississippi's Wrongful Death statute to this litigation under the direction of 42 U.S.C. § 1988, which provides, in relevant part, that when federal law is deficient in the provision of suitable remedies, state statutory or common law applies unless it is inconsistent with federal law."); *Wrongful Death Beneficiaries Mary Amelia Milam v. Jackson County Sch. Dist.*, 1:20-cv-368-LG-JCG (S.D. Miss. Aug. 11, 2021), 2021 WL 9455384 at *3 ("Both survival and wrongful death claims may be brought under § 1983."). As the father of the decedent, the Plaintiff is a statutory wrongful-death beneficiary under § 11-7-13, which provides in relevant part as follows:

> Whenever the death of any person … shall be caused by any real, wrongful or negligent act or omission, … as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, … and such deceased person shall have left a widow or children or both, or husband **or father** or mother, or sister, or brother, the person or corporation, or both that would have been liable if death had not ensued … shall be liable for damages, notwithstanding the death, and the fact that death was instantaneous shall in no case affect the right of recovery. The action for such damages may be brought in the name of the personal representative of the deceased person … for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, **or by the parent for the death of a child** … , or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in

> the suit, **and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned**, but the determination of such suit shall not bar another action unless it be decided on its merits.  Except as otherwise provided in Section 11-1-69, in such action the party or parties suing **shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.**

Miss. Code Ann. § 11-7-13 (emphasis added).

As in *Rhyne* and *Baker*, the Plaintiff has standing to pursue this "§ 1983 [claim] for [his] own injuries resulting from the deprivation of his son's constitutional rights." *Rhyne*, 973 F.2d at 390-91.  Furthermore it was appropriate for the Plaintiff to bring this action for wrongful death and survival damages as a wrongful-death beneficiary because § 11-7-13 makes clear that "[w]here the same tortious conduct by a defendant results in both personal injury and death, such conduct is actionable **solely** under the wrongful death statute [§ 11-7-13], and not also under the survival statute [§ 91-7-233], as the wrongful death statute states that 'there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned.'" *Beal, for obo Beal v. Merit Health Central*, No. 3:20-cv-335 (S.D. Ms. Nov. 10, 2020), 2020 WL 11191722 at *3*.  Although it was not a § 1983 case, the *Beal* court provides a useful summary of the interplay between the Mississippi wrongful-death statute and the Mississippi survival statute:

> Mississippi has a survival statute and a wrongful death statute.  The survival statute, Miss. Code Ann. § 91-7-233, "allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted." *In re Estate of England*, 846 So. 2d 1060, 1067 (Miss. Ct. App. 2003) (citing Miss. Code Ann. § 91–7–233). *See Wilks v. Am. Tobacco Co.*, 680 So. 2d 839, 843 (Miss. 1996) (survival statute "allows personal actions of a decedent to be pursued after his death"). . . .
>
> Where the same tortious conduct by a defendant results in both personal injury and death, such conduct is actionable solely under the wrongful death statute, and not also under the survival statute, as the wrongful death statute states that "there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned." Miss. Code Ann. § 11-7-13.  *See Burley v. Douglas*, 26 So. 3d 1013, 1019 n.6 (Miss. 2009) (*quoting In re Estate of England*, 846 So. at 1068)

(explaining that in this circumstance, "at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for wrongful death and is not actionable by the estate under the survival statute."). **Thus, while an action for wrongful death is generally intended to compensate beneficiaries for their own injuries suffered as a result of the death of the decedent, Mississippi's "wrongful death" statute, despite being so denominated, "encompasses all claims— including survival claims which could have been brought by the decedent, wrongful-death claims, estate claims, and other claims—resulting from a tort which proximately caused a death."** *Caves v. Yarbrough*, 991 So. 2d 142, 149–50 (Miss. 2008). *Accord Clark Sand Co. v. Kelly*, 60 So. 3d 149, 161 (Miss. 2011) ("An action for wrongful death includes the decedent's 'survival-type' claims, such as claims for his or her personal injury, property damage, and medical and funeral expenses, and the wrongful-death claimants' so called 'wrongful-death' claims, such as loss of consortium, society, and companionship.").

The only proper party to bring an action under the survival statute is the administrator or other appointed representative of the decedent's estate. *See* Miss. Code Ann. § 91-7-233. It follows that an action under the survival statute may be brought only if an estate has been opened and administered. In contrast to a survival action, the wrongful death statute sets out three categories of potential claimants who may bring a wrongful death action: " '(1) ... the *personal representative* on behalf of the estate and all other persons entitled to recover; (2) ... one of the *wrongful death beneficiaries* ... on behalf of all persons entitled to recover; or (3) ... *all interested parties*.'" *Clark Sand Co.*, 60 So. 3d at 155 (*quoting Long v. McKinney*, 897 So. 2d 160, 168 (Miss. 2004)) (emphasis added by *Clark Sand Co.*). Any one or more persons in any one or more of these categories may bring the action, **and whoever brings the action may recover damages of every kind, including survival-type damages**. *See Burley*, 26 So. 3d at 1018 (*citing J.J. Newman Lumber Co. v. Scipp*, 128 Miss. 322, 91 So. 11 (1922)); *Clark*, 60 So. 3d at 161. **In such an action, survival-type damages are recoverable on behalf of the estate, regardless of whether the estate (or personal representative) has joined as a plaintiff in the action**. *See Long*, 897 So. 2d at 169. However, since such damages are only recoverable by or on behalf of the estate, then only where an estate has been opened and administered through the chancery court may any wrongful death plaintiff pursue a claim for such damages. *Long*, 897 So. 2d at 174.

The Mississippi Supreme Court has explained that since the wrongful death statute provides for recovery of damages only for a defendant's "wrongful, lethal conduct," then to be entitled to recover any damages in a pure wrongful death action, that is, one brought solely under the wrongful death statute and not also under the survival statute, "the wrongful death plaintiff must prove that the wrongful conduct proximately caused the death." *In re Estate of England*, 846 So. 2d at 1067 (*citing Berryhill v. Nichols*, 171 Miss. 769, 773, 158 So. 470, 471 (1935)). In such an action, a plaintiff suing as a listed wrongful death beneficiary

8

or an interested person – and not as a personal representative of the deceased's estate – may recover survival-type damages for personal injuries sustained at the hands of the defendant only if he proves that the "same wrongful conduct cause[d] both [the decedent's] personal injury and death ...." *Id*. If he fails to prove this, then there can be no recovery at all, even if he had proven that the defendant's negligence proximately caused the decedent personal injury prior to his death, since damages for such personal injuries " 'must be recovered, if at all, under [the survival statute] at a suit by the personal representative, not by the next of kin or heirs at law.'" *Id*. (*quoting Berryhill*, 171 158 So. at 471).

**In light of the foregoing, when it is clear at the commencement of an action that a deceased suffered personal injuries and death from the same alleged wrongful conduct, then any proper wrongful death plaintiff may confidently pursue an action for damages for such personal injuries and death exclusively under the wrongful death statute.**

*Beal*, 2020 WL 11191722 at *3-4 (emphasis added).

In this case, the Plaintiff filed this suit as a wrongful-death beneficiary because, as pleaded in the FAC and as the evidence will show at trial, the Defendants' wrongful conduct, ie. their constitutional violations and violations of the ADA/RA, caused both the personal injuries and death of Andrew Jones. ECF Doc. 52 at ¶¶ 1, 70-73, 90. Thus, the Plaintiff may sue for both. Furthermore, according to *Beal,* once an estate is opened, survival damages can be recovered as part of this wrongful-death action even if the estate is not a party to this litigation and was not opened at the time of the filing of the suit:

At the time he commenced this action, no estate had been opened for Earl Beal and plaintiff filed suit solely in his capacity as one of the wrongful death beneficiaries listed in the wrongful death statute. **He had standing in that capacity to bring and pursue a wrongful death action**, although the fact that no estate had been opened would have precluded him from pursuing and recovering survival damages, whether as part of his wrongful death claim or otherwise. *See Long*, 897 So. 2d at 174. **An estate has since been opened, and thus, this is no longer an impediment to plaintiff's recovery of such damages as part of his wrongful death claim.**

*Beal,* 2020 WL 11191722 at *4 (emphasis added).

None of the Defendants' arguments undermine the conclusion that the Plaintiff has standing to sue as a wrongful-death beneficiary. Notably, the primary case on which Defendants

9

rely—*Phillips ex rel. Phillips v. Monroe Co., Miss.*, 311 F.3d 369 (5th Cir. 2002)—says nothing about jurisdiction or standing. Instead, the *Phillips* court simply affirmed the district court's determination that the Plaintiff had failed **to prove at trial** a causal link between the constitutional violation and the death. *Id.* at 374. Presumably, if that failure generated some type of jurisdictional or standing problem, then the Fifth Circuit would have addressed that issue in its opinion. After all, federal courts are obligated to examine their subject matter jurisdiction at every stage of the proceedings, *see, e.g., MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990), and they cannot make a merits-based decision like the one reached in *Phillips* if they lack jurisdiction to do so. But the *Phillips* court did reach the merits, concluding that the Plaintiff's claim suffered from a failure of **proof**, not a lack of standing or jurisdiction. In doing so, the *Phillips* court implicitly rejected the Defendants' position in this case that the Plaintiff, who is statutorily authorized to bring a wrongful-death action under § 11-7-13, somehow lacked standing in the context of this case. Moreover, to the extent *Phillips* implies that a wrongful death beneficiary cannot seek survival damages under Mississippi law, the Mississippi Supreme Court's decision in *Caves v. Yarbrough,* 991 So. 2d 142, 149-159 (Miss. 2008)—which is quoted in the excerpt above from *Beal*—makes it clear that the wrongful death beneficiary can seek both wrongful death and survival damages if both are caused by the same tortious conduct.³

Returning briefly to the Defendants' fact-based merits argument, they suggest that the FAC's allegations regarding the cause of death somehow doom the Plaintiff's claim. These

---

³ The complaint makes it clear that the Plaintiff, who is the decedent's father, is seeking damages for both his son's pre-death suffering and his own damages as a wrongful death-beneficiary. ¶¶ 1, 90. "As a result of the actions of the Defendants as described above, *damages have been incurred* for the pre-death suffering of Andrew Jones and *for the wrongful death of Andrew Jones." Id.* If that language is determined to be insufficiently specific or thorough, the Plaintiff should be granted an opportunity to amend the complaint.

10

arguments are specious. As alleged in the FAC (and as opined by both the Medical Examiner and the Plaintiff's experts) untreated HIV was the cause of death. ECF Doc. 52 at ¶ 70-71. The *way* HIV killed Andrew Jones was that it overwhelmed his immune system and made him too weak to fight off an opportunistic infection. *Id*. It is common knowledge that that is what happens to people with untreated HIV, *see, e.g., Brogden,* 524 U.S. at 634-37, and in any event the allegations in the Plaintiff's complaint must be accepted as true, *Griener*, 900 F.3d at 703. The Defendants' attempt to create some type of confusion on this issue is similar to arguing that if "head trauma" is listed as the cause of the death on a death certificate, then a wrongful-death plaintiff lacks standing even to bring a suit trying to prove that a car crash was the event that caused the head trauma which led to death. Obviously, that is not the law. The Defendants' other merits arguments—about the effect COVID may have had on Andrew, or that the Plaintiff must identify exactly which bacterial or fungal infection played a role in the death, or that medications could not have prevented the death—are also obviously matters of proof that should be addressed at trial where the jury can hear the evidence of the experts.

Finally, although this issue is not raised in Defendants' Motion, the foregoing analysis also shows that the Plaintiff has standing to bring the ADA/RA claim against the County. Courts in the Fifth Circuit seem divided on the appropriate analysis for ADA/RA claims involving wrongful death, with some finding that standing for an ADA/RA wrongful-death claim is broader than that for a § 1983 claim. *Compare, e.g., McCoy v. Tex. Dept. Crim. Justice*, No. C-05-370 (S.D. Tex. Aug. 9, 2006), 2006 WL 2331055 at *6 (finding that ADA/RA standing for a wrongful-death claim is broader than similar standing under § 1983 and § 1988); *with Pickens v. City of Austin*, No. A–04–CA–340–LY (W.D. Tex. Mar. 21, 2005), 2005 WL 8157348 at *7 (holding that plaintiff must be a wrongful-death beneficiary under state law to have standing to

bring ADA/RA claim based on wrongful death). However, these courts agree that wrongful-death beneficiaries under state law have standing to bring ADA/RA claims based on the death. *Id.* Therefore, the Plaintiff in this case has standing to bring that claim as well as the constitutional claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

/s/ Robert McDuff
Robert B. McDuff
Miss. Bar No. 2532
767 North Congress Street
Jackson MS 39202
601-259-8484
rbm@mcdufflaw.com

/s/ Stephen J. Haedicke (LA #30537)
Appearing Pro Hac Vice
Law Office of Stephen J. Haedicke, LLC
1040 Saint Ferdinand St.
New Orleans, LA 70117
(504)291-6990 Telephone
(504)291-6998 Fax
stephen@haedickelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served upon all counsel of record via the Court's ECF/CMF system, which will send notice of filing to all counsel of record, on this 30th day of May, 2023.

/s/ Stephen J. Haedicke