IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES,**
            **Plaintiff,**

   vs.                                                      Civil Action No. 2:22-CV-93-KS-MTP

**JONES COUNTY, MISSISSIPPI et al.,**

            **Defendants.**

### PLAINTIFF'S MEMORANDUM IN
### OPPOSITION TO MOTION FOR JUDGMENT ON
### THE PLEADINGS OF DEFENDANTS' BERLIN AND HENDERSON

In response to the motion for judgment on the pleadings of defendants Joe Berlin and Jennifer Henderson, docs. 60-61, the Plaintiff's First Amended Complaint alleges sufficient facts to show deliberate indifference and individual liability on the part of both Sheriff Berlin and Warden Henderson. The two are included together in most of the relevant counts of the complaint because they both are supervisors. The Sheriff is the chief law enforcement officer of the county and the jail falls under his purview. *See* Miss. Code 19-25-69 ("The sheriff shall have charge of the courthouse and jail of his county, of the premises belonging thereto, and of the prisoners in said jail."). The Warden is the direct supervisor of the jail. This "explain[s] the basis for [the] grouping," doc. 61 at 12 (citation omitted), of these two defendants in the paragraphs that discuss their liability from the vantage point of their supervisory positions.

The FAC alleges that both of these defendants knew of the risk that inmates would not receive medications they had been prescribed because of the jail's policy not to obtain and provide medications to inmates with pre-existing conditions. Their knowledge of the policies is set forth in ¶¶ 29, 73, 75, and 82 (quoted in doc. 61 at 4-5) and the policies are set forth in the FAC at ¶¶ 27-28, 73-74. Moreover, the FAC alleges that Henderson specifically knew that

1

Andrew Jones was HIV positive. ¶ 23. Thus, she had an even heightened and more specific awareness of the risk this policy posed to Andrew.

It is clearly established law that jailers cannot simply refuse to give an inmate a medication for a serious medical need when that medication has been prescribed. *See Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir 2006) (finding that it was deliberately indifferent for prison nurse to refuse to provide inmate the heart medications that had been prescribed); *Domino v. Tex. Dept. Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (holding that inmate can demonstrate deliberate indifference by showing that prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."). *See also Brown v. Johnson* 387 F.3d 1344, 1351 (11th Cir. 2004) (finding that it was deliberately indifferent for defendants to completely ignore and fail to provide plaintiff's prescriptions for HIV and hepatitis medications); *Blank v. Tabera,* 494 Fed.Appx. 473, 474 (5th Cir. 2012) (reversing dismissal of complaint where inmate alleged deliberate indifference based in part on refusal to provide medication for Crohn's disease); *La Bruno v. Miami Dade County*, No. 10-22554-CIV (S.D. Fla. Mar. 23, 2011), 2011 WL 1102806 (holding that inmate pleaded deliberate indifference claim where defendants knew of his HIV status, need for treatment, and declining condition but took no action to provide treatment); *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 422-23 (5th Cir. 2017) (finding deliberate indifference where there was delay in providing pain medications that had been prescribed).

Furthermore, where, as here, the refusal to provide prescribed medication is not based on any medical judgment, but instead because of an inmate's status as an inmate, the Fifth Circuit has found deliberate indifference to the medical need. *See, e.g., Easter,* 467 F.3d at 463-64

(holding that it would be deliberate indifference if, as alleged, nurse returned plaintiff to cell without prescribed heart medicine because pharmacy was closed); *Loosier v. Unknown Med. Doctor*, 435 Fed.Appx. 302, 306 (5th Cir. 2010) ("[d]octor chose not to provide him any treatment or medication for his [neck] injury because of his prisoner status, not some medical judgment"); *Perez v. Anderson,* 350 Fed.Appx. 959, 961-62 (5th Cir. 2009) (holding that an inmate stated a deliberate indifference claim against prison officials who knew he was in excruciating pain and failed to provide him medical treatment). Because of this clearly established law, qualified immunity is no defense.

Although there is no *respondeat superior* liability in cases like this, supervisors can be individually liable under certain circumstances. As the Fifth Circuit explained in *Attenberry v. Nocona Gen. Hosp.,* 430 F.3d 245 (5th Cir. 2005), "supervisors may be liable for constitutional violations committed by subordinate employees when supervisors act, or fail to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Id.* at 254. The Court explained:

> Accordingly, to prevail against either [the administrator of a public hospital and the director of nursing regarding actions of their subordinates], the Plaintiffs must allege, inter alia, that Norris or Perry, as the case may be, had subjective knowledge of a serious risk of harm to the patients. . . . Following the Supreme Court's clear direction, we "may infer the existence of this subjective state of mind from the fact that the risk of harm is *obvious*." Hernandez [*v. Tex. Dep't of Protective & Regulatory Servs*., 380 F.3d 872 (5th Cir. 2004)] at 881 (*quoting Hope v. Pelzer,* 536 U.S. 730, 738 (2002)) (emphasis in Hernandez).

430 F.3d at 255.

The risk of harm from failing to fill prescriptions of crucial medication is obvious and the inaction of the Sheriff and the Warden in the face of the knowledge of that risk, as set forth in the First Amended Complaint, is enough to allege liability of both of them. Accordingly, their motion for judgment on the pleadings should be denied.

3

Respectfully submitted,

/s/ Robert McDuff
Robert McDuff.
Law Office of Robert McDuff
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com

Stephen J. Haedicke-PHV
Law Office of Stephen J. Haedicke, LLC
1040 St. Ferdinand Street
New Orleans, LA 70117
stephen@haedickelaw.com
Admitted Pro Hac Vice

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed on the ECF system which electronically served all Counsel of Record on this 30th day of May, 2023.

s/ Robert McDuff
Co-Counsel for Plaintiff
