IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                                         **PLAINTIFF**

**VERSUS**                                                                         **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                                   **DEFENDANTS**

### SHERIFF JOE BERLIN AND JENNIFER HENDERSON'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Come now Sheriff Joe Berlin and Jennifer Henderson (collectively "Movants"), by and through counsel, and submit their Reply to Plaintiff's Response in Opposition to Motion for Judgment on the Pleadings based on Qualified Immunity, as follows:

### REBUTTAL ARGUMENT

Plaintiff asserts his "First Amended Complaint alleges sufficient facts to show deliberate indifference and individual liability on the part of both Sheriff Berlin and Warden Henderson." *Resp. Mem.* [75] at 1. Plaintiff's Response [75], however, does little to point this Court to language in the Amended Complaint which would explain how Movants were deliberately indifferent, or why they are individually liable for failure to provide medication, **which is the only claim Plaintiff addresses in his Response**.

Movants brief-in-chief stressed that Plaintiff lacked sufficient personal involvement allegations against either Sheriff Berlin or Henderson. Instead of elaborating on their alleged involvement in the litany of Plaintiff's claims, Plaintiff limited his

responsive arguments to failure to provide medication. Due to Plaintiff's failure to support his other claims against Sheriff Berlin and Henderson, this Court must dismiss those claims as abandoned, conceded, and/or waived. *See n.1* (*infra*).

Plaintiff's Response echoes his Amended Complaint: it lacks discrete action claims against either Sheriff Berlin or Henderson as to how they—independently—violated Andrew Jones' ("Decedent") constitutional rights. Significantly, Plaintiff's Response also lacks any responsive argument to the shotgun-pleading nature of his First Amended Complaint. Instead, Plaintiff doubles-down on "includ[ing them] together in most of the relevant courts of the Complaint because they are both supervisors." *Id*. Again, the only claim Plaintiff continues against Movants is failure to provide medication. Plaintiff has waived all others.

To the extent Plaintiff did not answer or otherwise respond to the Movants' dispositive arguments with respect to his claims, Plaintiff abandoned or "effectively conceded" the same. *Matlock v. Bramlett*, No. 3:20-cv-381-HTW-LGI, 2021 WL 4434015, at *7 (S.D. Miss. Sept. 27, 2021) (quoting *Estate of Boyd v. Pike County*, 2018 WL 1352175, at *6 (S.D. Miss. Mar. 15, 2018)).[1] Any claims that Plaintiff failed to defend in response to Movants' Motion [60, 61] "should be dismissed **without further analysis** due to [P]laintiff['s] failure to raise arguments in support thereof." *Burrell v. Concept Ag, LLC*, No. 4:19-cv-00124-NBB-JMV, 2020 WL 5821972, at *3 (N.D. Miss. Sept. 30, 2020) (emphasis

---

[1] Federal courts in Mississippi likewise rely upon *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006), and *Vela v. City of Houston*, 276 F.3d 659, 678–79 (5th Cir. 2001), when addressing a claimant's abandonment/concession/waiver of claims.

2

added); *see also Ray v. Dufresne Spencer Grp., LLC*, No. 1:17-cv-71-RP, 2019 WL 97029, at *13 (N.D. Miss. Jan. 3, 2019) (citing *Black v. Panola Sch. Dist.*, 461 F.3d at 588 n.1 ("plaintiff abandoned claim when she failed to defend claim in response to motion to dismiss")).

As to the one (1) remaining claim, Plaintiff never alleges that either Sheriff Berlin or Henderson—individually—failed to provide Decedent with medication. Rather, Plaintiff primarily focuses on "their liability from the vantage point or their supervisory position." *Resp. Mem.* [75] at 1. As Plaintiff acknowledges, "it is well established in this Circuit that Section 1983 does not 'create supervisory or *respondeat superior* liability.'" *Atwood v. Cheney*, No. 1:12-cv-168-SA-DAS, 2016 WL 3910658, at *7 (N.D. Miss. July 14, 2016) (citing *Huaracha v. CDCR*, No. 4:15-cv-152-SA, 2015 WL 8731850, at *1 (N.D. Miss. Dec. 11, 2015)); *Resp. Mem.* [75] at 3.

Instead, "[i]n order to hold a supervisory official responsible for a § 1983 violation, a plaintiff must establish either (1) the official's personal participation in the alleged wrong, or (2) 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Huaracha*, 2015 WL 8731850, at *1 (N.D. Miss. Dec. 11, 2015) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). Allegations of this personal aspect are altogether missing from Plaintiff's Amended Complaint [52] and Response [75].

Plaintiff dedicated a page-and-a-half of his Response to cite cases regarding prison officials and their deliberate indifference to medical needs. These citations, however, are inapplicable here because Plaintiff never alleges either Sheriff Berlin or Henderson were specifically—individually—deliberately indifferent to Decedent's medical needs.

3

Instead, Plaintiff cites one (1) case[2] to argue Sheriff Berlin and Henderson "may be liable for constitutional violations committed by subordinate employees when supervisors act, or fail to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Atteberry*, 430 F.3d at 254. Plaintiff's reliance on *Atteberry* here is insufficient to remove Sheriff Berlin and Henderson's qualified immunity.

*Atteberry* concerned whether two (2) hospital administrators could be liable for a subordinate nurse's alleged violations of hospital patients' constitutional rights. *Id*. In *Atteberry*, a nurse allegedly "repeatedly stole [a paralytic drug] from hospital crash carts and used it to kill as many as twenty-two patients between November 2000 and February 2001." *Id*. at 250. Plaintiffs alleged the administrators knew: "(1) that [the drug] was found missing approximately ten different times; (2) that the drug had been wrongfully administered to [hospital] patients; and (3) that the death rate at [the hospital] was at least double the death rate from the same two-month period from the preceding year." *Id*. at 255-56. The Fifth Circuit held "[t]hese allegations suffice to establish a conscious disregard of a known and excessive risk of serious harm." *Id*. at 256.

This is the level of obvious-risk-of-harm necessary to hold supervisors individually liable under certain circumstances. Plaintiff's claims fail to rise to this level.

Neither Plaintiff's Amended Complaint nor his Response identifies any alleged failure to provide prescription medication which resulted in the death of another inmate

---

[2] *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245 (5th Cir. 2005).

4

at the Jones County Adult Detention Center ("JCADC"), let alone twenty-two (22) like in *Atteberry*. Nor does Plaintiff ever assert that the alleged failure to provide prescription medicine harmed JCADC inmates in any way, especially not to the level as in *Atteberry*, that would suggest to administrators that something was awry on a large scale. *Atteberry*, therefore, is distinguishable and inapplicable.

Plaintiff cannot escape that he has altogether failed to articulate "specific facts that both allow the court to draw the reasonable inference that the defendant[s are] liable for the harm [the plaintiff] has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Instead, Plaintiff tries to loop in *Atteberry*'s inferred subjective knowledge of obvious risks of harm in an effort to place supervisory-liability on Sheriff Berlin and Henderson. Plaintiff's end-around, however, does not thwart Sheriff Berlin and Henderson's qualified immunity.

## CONCLUSION

Simply, both Plaintiff's Amended Complaint [52] and his Response [75] fail to demonstrate the inapplicability of Sheriff Berlin and Jennifer Henderson's qualified immunity. Plaintiff fails to get into any specifics related to either Sheriff Berlin or Henderson's individual, discrete, and personal actions, which precludes any analysis as to whether their conduct was objectively reasonable/unreasonable. As such, they retain their qualified immunity.

To the extent the Court finds Plaintiff has demonstrated the inapplicability of the defense, it can only be for Plaintiff's claim that Sheriff Berlin and Henderson failed to provide Decedent medication as this is the only claim that Plaintiff defends in his

Response. His lack of responsive argument, *i.e.*, his failure to advance his claims beyond the pleading stage, abandons, concedes, and/or waives all others. *See n.1* (*supra*).

For the reasons above, as well as those arguments and authorities in Movants' brief-in-chief, Sheriff Joe Berlin and Jennifer Henderson respectfully request the Court dismiss Plaintiff's individual-capacity claims against them, with prejudice, based on the doctrine of qualified immunity.

**DATE:**     June 6, 2023.

                                                Respectfully submitted,

                                                **JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

                                                By:     /s/*Lance W. Martin*
                                                         One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

# CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Reply to Plaintiff's Response in Opposition to Motion to Dismiss for Lack of Standing with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.
The Law Office of Robert McDuff
767 North Congress Street
Jackson, MS  39202
rbm@mcdufflaw.com

Stephen J. Haedicke-PHV
Law Office of Stephen J. Haedicke, LLC
1040 St. Ferdinand Street
New Orleans, LA 70117
stephen@haedickelaw.com

*Attorneys for Plaintiff*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com

*Attorneys for Mann, Sgt. Jesse James,
Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com

*Attorney for Mekedes Coleman*

This, the 6th day of June, 2023.

                                        /s/ *Lance W. Martin*
                                        OF COUNSEL