IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                        **PLAINTIFF**

**VERSUS**                                 **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS, et al.**                                  **DEFENDANTS**

**JONES COUNTY, MS, SHERIFF JOE BERLIN, AND
JENNIFER HENDERSON'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION TO DISMISS FOR LACK OF STANDING**

Come now Jones County, MS, Sheriff Joe Berlin, and Jennifer Henderson (collectively "Movants"), by and through counsel, and submit their Reply to Plaintiff's Response in Opposition to Motion to Dismiss for Lack of Standing, as follows:

## REBUTTAL ARGUMENT

There is no confusion: Plaintiff cannot pursue, nor recover for, Andrew Wesley Jones' ("Decedent") constitutional claims. Those claims belong solely to Decedent's Estate, which did not exist at the time Plaintiff filed his Amended Complaint. *Resp. Mem.* [73] at 3, 9. In fact, it still does not exist. Since the Estate, not Plaintiff, is the real party in interest for Decedent's constitutional claims, Plaintiff lacks prudential standing to pursue the same.

Plaintiff asserts he "is in the process of opening an estate for Andrew Jones and intends to seek leave to add the estate as a party[,]" which Plaintiff further asserts will cure his lack of prudential standing. *Id.* at 3. Plaintiff's cure, however, is far from certain inasmuch as he must seek to amend his pleading a second time under F.R.C.P. 17. *Beal for & on Behalf of Beal v. Merit Health Cent.*, 2020 WL 11191722, at *4 (S.D. Miss. Nov. 10, 2020).

Until this Court resolves whether the currently non-existent Estate can join this litigation approximately one (1) year after it began—which is approximately two-and-a-half (2.5) years after Decedent died—Plaintiff cannot pursue claims for Decedent's constitutional damages. *Id*. at 3 (citing *Long v. McKinney*, 897 So.2d 160, 174 (Miss. 2004)).

True, Plaintiff's lack of prudential standing to bring Decedent's constitutional claims does not affect Plaintiff's prudential standing as a wrongful death beneficiary under Miss. Code Ann. § 11-7-13. It does, however, affect Plaintiff's Article III standing, which subsequently affects whether Plaintiff can maintain his state law claim in federal court without any personal constitutional violation. On this point of distinction, Plaintiff conflates statutory and constitutional standing.

Significantly, Plaintiff's Response [72, 73] never engages Movants' argument that Plaintiff lacks Article III standing.[1] Instead, Plaintiff primarily addresses his prudential standing as a wrongful death beneficiary under Mississippi law. To be sure, Plaintiff's Response never mentions "Article III," nor does it engage Movants' argument that Plaintiff never alleges an injury to his own constitutional rights. Furthermore, Plaintiff did not assert Movants, in any way, purposefully interfered with Plaintiff's relationship with his son. *See Mem*. [59] at 26.

---

[1] To the extent Plaintiff did not answer or otherwise respond to the Movants' dispositive arguments with respect to his claims, Plaintiff abandoned or "effectively conceded" the same. *Matlock v. Bramlett*, 2021 WL 4434015, at *7 (S.D. Miss. Sept. 27, 2021); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Any claims Plaintiff failed to defend in response to Movants' Motion [60, 61] "should be dismissed **without further analysis** due to [P]laintiff['s] failure to raise arguments in support thereof." *Burrell v. Concept Ag, LLC*, 2020 WL 5821972, at *3 (N.D. Miss. Sept. 30, 2020).

Notably, Plaintiff never asserts, much less expounds on, his alleged personal constitutional injury. While he goes to great lengths to argue he has standing to assert claims for his own injuries resulting from Decedent's constitutional injuries, he never states what his alleged injuries are. Plaintiff uses a variant of injur* nineteen (19) times in his Response: (1) Decedent's "Injuries:" three (3) times; (2) "Injuries" in citations: nine (9) times; (3) "Injury" in citations: six (6) times; and (4) "Injured" in citations: one (1) time. Yet, Plaintiff never describes what injuries he personally suffered as the result of Decedent's death, which is odd considering Plaintiff is purportedly maintaining claims for his personal wrongful death damages.

Plaintiff has never asserted he lost the society and companionship of his son, or the damages that has caused him. Even if he had, this is not a constitutional injury in the Fifth Circuit, and Plaintiff did not rebut Movants' argument on that point in his Response. The only time Plaintiff gets close to asserting that he has suffered personal injury is when he asserts: "As a result of the actions of the Defendants as described above, damages have been incurred for the pre-death suffering of Andrew Jones and for the wrongful death of Andrew Jones." *Resp. Mem.* [73] at 10 (quoting *Am. Compl.* [52] at 20 (¶ 90)). "Damages have been incurred" is far too vague and conclusory to know what kind(s) of damages have been incurred, let alone who suffered them. This statement simply does not satisfy Article III's requirements, and does not satisfy Rule 12.

When reviewing whether a Plaintiff has stated a claim, the critical issue is whether the complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Doe v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. 22-

3

00338-BAJ-SDJ, 2023 WL 143171, at *8 (M.D. La. Jan. 10, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "If there are insufficient factual allegations to raise a right to relief above the speculative level, **the claim must be dismissed**." *Tate v. Lafayette Cnty. Miss.*, 2012 WL 6454579, at *1 (N.D. Miss. Dec. 13, 2012).

Other than identifying himself as the father of an inmate who died while incarcerated in the JCADC, Plaintiff does not otherwise demonstrate he suffered a compensable constitutional injury or that it arises about the speculative level.

Plaintiff argues that Movants' inability-to-prove causation argument is unwarranted. *Resp. Mem.* [73]. However, this argument goes to the very nature of Plaintiff's speculative claim. Since Plaintiff filed a pure wrongful death action, he must clear the causation hurdle and prove the alleged wrongful conduct caused Decedent's death. Plaintiff cannot do this because his allegations are rife with speculation, and his Response does little to oppose Movants' points on this issue.

Significantly, Plaintiff does not specifically respond to Movants' argument that it would be impossible for any medical professional to establish to a reasonable degree of medical probability that a secondary infection killed Decedent, or the inability overcome the Medical Examiner's Report. *Mem.* [59] at 17-19. Instead, Plaintiff asserts he will be able to "prove up" his allegations at trial. *Resp. Mem.* [73] at 2. That, however, has nothing to do with Plaintiff's pleading, which is deficient on its face with respect to causation.

Even Plaintiff's Response hints at the speculative nature of his claims beyond the fact that Decedent died of HIV infection. Plaintiff argues his experts will testify that Decedent's death "**likely** would have been prevented" or "medications **probably** would

have prevented death." *Id*. at 2, 5. Again, Plaintiff's Response does not affirmatively assert that his proffered experts will be able to establish causation to a reasonable degree of medical probability. This is because his experts cannot do so. *See Mem*. [59] at 17-20.

On wrongful-death standing for a parent, Plaintiff relies on two (2) Fifth Circuit cases from Texas, and two (2) Southern District of Mississippi cases. The Texas cases are inapplicable because Texas' wrongful-death statute is completely different from Mississippi's. Thus, the parallels cannot be clear. As to the Mississippi cases, *Barrett v. City of Pelahatchie* is distinguishable because it involves wrongful death claims of "two surviving minor children." 2023 WL 2562992, at *1 (S.D. Miss. Mar. 17, 2023). The second Mississippi case[2] primarily concerns statute of limitations arguments, and does not otherwise address the specifics of the arguments made herein with respect to the missing Estate, Plaintiff's failure to allege injury, *etc*. These cases provide Plaintiff no assistance here.  This Court must dismiss Plaintiff's Amended Complaint for lack of standing.

## CONCLUSION

For the reasons above as well as those arguments/authorities in Movants' brief-in-chief, Jones County, MS, Sheriff Joe Berlin and Jennifer Henderson respectfully request the Court dismiss Plaintiff's claims for lack of prudential standing and for lack of Article III standing.

**DATE:        June 6, 2023.**

---

[2] *Wrongful Death Beneficiaries of Mary Amelia Milam v. Jackson Cnty. Sch. Dist.*, 2021 WL 9455384, at *1 (S.D. Miss. Aug. 11, 2021).

Respectfully submitted,

**JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON**

By:    /s/*Lance W. Martin*
        One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Reply to Plaintiff's Response in Opposition to Motion to Dismiss for Lack of Standing with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.                  Stephen J. Haedicke-PHV
The Law Office of Robert McDuff     Law Office of Stephen J. Haedicke, LLC
767 North Congress Street             1040 St. Ferdinand Street
Jackson, MS  39202                   New Orleans, LA 70117
rbm@mcdufflaw.com                  stephen@haedickelaw.com
      *Attorneys for Plaintiffs*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com
>   *Attorneys for Mann, Sgt. Jesse James,*
>   *Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com
>   *Attorney for Mekedes Coleman*

This, the 6th day of June, 2023.

*/s/ Lance W. Martin*
OF COUNSEL
