IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES,**
              **Plaintiff,**

  vs.                                              **Civil Action No. 2:22-CV-93-KS-MTP**

**JONES COUNTY, MISSISSIPPI et al.,**

              **Defendants.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 15 and 17, the Plaintiff has filed a motion for leave to file a Second Amended Complaint (SAC).[1] The amendments in the new complaint would accomplish four objectives:

First, the SAC would add the Estate of Andrew Wesley Jones, the decedent, as a Plaintiff along with the existing Plaintiff, Corbey Jones, who is Andrew's father. In their motion to dismiss for lack of standing, Defendants Jones County, Berlin, and Henderson seem to claim that because an estate has not been opened or made a party to this suit, Plaintiff Corbey Jones has no standing to bring claims seeking damages for both wrongful death and survival. ECF No. 59 at 9-16. As previously argued in the opposition to the Defendants' motion, that argument is wrong under Mississippi law, which is incorporated by federal law. ECF No. 73 at 1-3, 5-10. However, in that opposition memorandum, Plaintiff Corbey Jones stated that an Estate would be opened and added as a party:

Furthermore, although the Defendants' Motion lacks merit, the Plaintiff is in the process

---

[1] The undersigned has contacted counsel for Defendants, and they have indicated that at least some of the Defendants will oppose the motion for leave to file the SAC.

of opening an estate for Andrew Jones and intends to seek leave to add the estate as a party. This is a prudential action, as it is unnecessary for jurisdiction under the law or facts. However, to the extent there can be any doubt about standing in this case because of the absence of an estate, this action will cure it. Given that the three-year statute of limitations has not run on any § 1983 claims arising out of Andrew Jones's incarceration and his death on January 9, 2021, adding the estate will be timely and justified.

ECF No. 73 at 3. The Estate has now been opened, letters of administration have been issued (see Exhibit 1 to the motion), and the Estate can now be added as a party.

Second, the SAC would clarify and reiterate that this case raises both wrongful death and survival claims. As explained in the Plaintiff's opposition memorandum to the motion to dismiss for lack of standing, the First Amended Complaint (FAC) made this clear when it alleged damages stemming from the tortious conduct of the Defendants that led to both the death and the pre-death suffering of Andrew Jones. ECF No. 73 at 1-2. The FAC specifically alleged that "[a]s a result of the actions of the Defendants . . . damages have been incurred for the pre-death suffering … and for the wrongful death of Andrew Jones." ECF No. 52 at ¶ 90. The pre-death suffering was described in detail in the FAC, as was his death. *Id.* at ¶¶ 1, 45-68. The SAC would clarify and reiterate that claims are made and damages are sought for both.

Third, the SAC would state that Plaintiff Corbey Jones, the decedent's father, is bringing this case not solely for his own benefit but also for the benefit of other parties concerned, specifically Andrew's siblings. Mississippi's statute regarding wrongful death and survival provides that a parent may sue for the death of a child and a sibling may sue for the death of a sibling but "there shall be but one (1) suit for the same death which shall ensue *for the benefit of all parties concerned*" and "the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind *to any and all parties interested in the suit*." Miss. Code 11-7-13 (emphasis added). By operation of the statute, Plaintiff Corbey Jones can recover

2

for "the benefit of all parties concerned," and it is not necessary to spell this out in the complaint. The Plaintiff seeks to do so in the SAC simply to clarify that fact and avoid any potential disputes. The SAC also spells out the type of wrongful death damages that are available for the benefit of Andrew's father and siblings.

Fourth, the SAC clarifies that although HIV by itself did not cause Andrew's death, it suppressed his immune system so that he was unable to fight off secondary infections that led to this death, and in that sense, HIV was the root cause of his death. This is in response to the Defendants' argument in their motion to dismiss for lack of standing that the language of the existing FAC (which states that "[a]lthough HIV itself does not cause death," related infections do, ECF No. 52 at ¶ 90) demonstrates that the Plaintiff cannot prove causation. ECF No. 59 at 17-18. Although the Plaintiff's opposition memorandum explains that this argument is flawed in a number of respects, and that the details regarding Andrew's HIV and the related infections are spelled out in the expert reports previously provided to the Defendants and will be the subject of testimony, ECF No. 73 at 1-2, 10-11, this new language of the SAC is added to address any misunderstanding and clarify the Plaintiff's allegations in this regard.

The proposed SAC is attached as Exhibit 2 to the Motion for Leave to File. The new language is set forth in bold. The specific additions are as follows:

- The Estate of Andrew Wesley Jones is named in the caption
- Paragraph 3 includes a new sentence that reads: "He brings this claim for the benefit of himself and all parties concerned, specifically the siblings of Andrew Wesley Jones. Those siblings are Bethany Hinton, Cera Thompson, and Carey Jones."
- Paragraph 4 is a new paragraph that names the Estate of Andrew Wesley Jones as a plaintiff.

- All subsequent paragraphs are renumbered accordingly.

- Paragraph 72 adds the words "and his pre-death suffering" to the end of the second sentence, adds new third and fourth sentences to clarify the role that HIV played in the chain of causation that led to Andrew's death, and adds the words "and prevented or mitigated his pre-death suffering" to what is now the end of the fifth sentence. The first four sentences of the revised paragraph 72 (previously paragraph 71), with the new sentences and language in bold, reads as follows:

  Although HIV does not itself cause death, advanced HIV infection lowers a person's ability to fight off secondary infections, which often lead to death. Andrew was clearly suffering from a secondary infection that resulted in his death on January 9, 2021 **and his pre-death suffering**. **Because Andrew's HIV was untreated, it had diminished his immune system such that he could not fight off secondary infections, one or more of which resulted in his death and his pre-death suffering. Thus, while HIV by itself did not cause the death, the untreated HIV was the root cause of the death because it led to the infection or infections that actually killed him and led to his pre-death suffering.**

- Paragraph 73 adds the words "and his pre-death suffering" to the end of the first sentence and the words "and his pre-death suffering would have been mitigated" to the middle of the second sentence.

- Paragraph 74 adds the words "and pre-death suffering were."

- Paragraphs 75, 77-79, 85, and 90 add the words "and pre-death suffering."

- Paragraph 91 adds the words "(ie. survival action)" to the first sentence and adds two new sentences after the first one. The new sentences read as follows:

  Plaintiffs seek damages for the loss of society and companionship, love and affection, financial support, household services, and care, comfort, and guidance; mental and emotional anguish; and all compensatory damages available under the law to all who are entitled to seek such damages for the wrongful death of Andrew Wesley Jones. Plaintiffs also seek damages for all pre-death pain and suffering incurred by Andrew Jones.

4

II.     LAW AND ARGUMENT

Fed. R. Civ. Proc. 15 provides that "[t]he court should freely give leave [to amend] when justice so requires." "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of those conditions exist here. In particular, none of this amendments will cause undue prejudice to any of the Defendants.

With respect to the addition of the Estate as a plaintiff, the Estate's presence was not necessary to bring this case as both a wrongful death and a survival action. As Judge Lee stated in *Beal v. Merit Health Central*, No. 3:20-cv-335, 2020 WL 11191722 ((S.D. Miss. Nov. 10, 2020):

> [W]hen it is clear at the commencement of an action that a deceased suffered personal injuries and death from the same alleged wrongful conduct, then any proper wrongful death plaintiff may confidently pursue an action for damages for such personal injuries and death exclusively under the wrongful death statute.

*Id.* at *4. As the father of the decedent, Plaintiff Corbey Jones is a proper wrongful death claimant under Miss. Code Ann. 11-7-13 (wrongful death action may be brought "by the parent for the death of a child"). And the First Amended Complaint clearly alleges that the same wrongful conduct brought about both the death of Andrew Jones and his personal injuries before death. ECF No. 52 at ¶¶ 1, 70-73, 90.[2]

Nevertheless, in an abundance of caution, Plaintiff Corbey Jones has recently opened an estate and seeks to add it as a party in the event this Court concludes an estate is required in order

---

[2] These issues are all discussed in greater detail in the Plaintiff's Opposition to the motion to dismiss on standing grounds, ECF No. 73 at 7-9,

to bring a survival claim.  Moreover, now that the Estate is open, this will allow any survival damages that are awarded in this case to be distributed through the Estate.

      Fed. R. Civ. Proc. 17 provides:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

      Now that some of the Defendants have moved to dismiss because this claim was not brought by an estate, ECF No. 59 at 9-16, Plaintiff Corbey Jones has opened the Estate and seeks to join it as a Plaintiff.  Even if this Court agrees with these Defendants and concludes that the Estate is a necessary party to pursue a survival claim, the Plaintiff's initial failure to bring the suit on behalf of an estate would be an understandable mistake given the language quoted above from *Beal* and cases like *Caves v. Yarbrough,* 991 So.2d 142, 149-150 (Miss. 2008), which is quoted in *Beal*.  Because of the statements in those cases, the undersigned reasonably believed that it was not necessary to open an estate and name it as a plaintiff given that the wrongful death and survival claims arose from the same tortious conduct.  Now that an objection has been raised and the Estate has been opened, this Motion to add the Estate as a Plaintiff should be granted consistent with Rules 15 and 17.

      With respect to the amendments that simply reiterate and clarify that this case encompasses both a wrongful death claim and a survival claim, that is a legitimate purpose for an amendment to a complaint.  As already noted, both claims were brought in the First Amended Complaint, and there is no prejudice to the Defendants from reiterating and clarifying these claims through the Second Amended Complaint.

With respect to the amendments claiming that Plaintiff Corbey Jones is bringing this case not solely for his own benefit but also for the benefit of other parties concerned, specifically Andrew's siblings, the Mississippi wrongful death statute specifically provides for that (as already noted in the introduction).  Moreover, Fed. R. Civ. Proc. 17(a)(1) provides: "The following may sue in their own names without joining the person for whose benefit the action is brought: . . . (G) a party authorized by statute."  Here, Plaintiff Corbey Jones is authorized by that statute to sue and seek damages "for the benefit of all parties concerned" and that statute is incorporated by 42 U.S.C. § 1983.  In other words, it is not necessary to join the siblings as parties or specify in the complaint that the case is bought for their benefit.  But the Plaintiff nevertheless seeks to do so for the sake of clarity and to avoid any potential disputes.  That is a legitimate purpose for an amendment to a complaint.

The amendments regarding the role of HIV in causing Andrew's death, in the revised paragraph 72, elaborate upon and clarify what already was alleged in the prior paragraph 71. The purpose is to address any misunderstanding stemming from the Defendant's argument regarding the prior language in its motion to dismiss on standing grounds.  These are legitimate grounds for an amendment to a complaint.

## **CONCLUSION**

The interests of justice are served by allowing these amendments to the complaint, leave should be freely given, and the motion for leave to file the Second Amended Complaint should be granted.

Respectfully submitted,

/s/ Robert McDuff
Robert McDuff.
Law Office of Robert McDuff
767 North Congress Street
Jackson, MS 39202
rbm@mcdufflaw.com

/s/ Stephen J. Haedicke
Law Office of Stephen J. Haedicke, LLC
1040 St. Ferdinand Street
New Orleans, LA 70117
stephen@haedickelaw.com
Admitted Pro Hac Vice

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed on the ECF system which will electronically serve all Counsel of Record on this 3rd day of August, 2023.

s/ Robert McDuff
Co-Counsel for Plaintiff
