IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CORBEY JONES                                                                    PLAINTIFF

VERSUS                                            Civil Action No. 2:22-cv-93-KS-MTP

JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,                                    DEFENDANTS

JONES COUNTY, MS, SHERIFF JOE BERLIN, AND
JENNIFER HENDERSON'S MEMORANDUM OF AUTHORITIES
IN SUPPORT OF RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Come now Jones County, MS, Sheriff Joe Berlin, and Jennifer Henderson
(collectively "Respondents"), by and through counsel, and submit their Memorandum of
Authorities in support of Response in Opposition to Plaintiff's Motion for Leave to File
Second Amended Complaint, as follows:

**INTRODUCTION**

Plaintiff—in response to arguments pending in Respondents' Motion to Dismiss
for Lack of Standing [58, 59, 77]—filed this *Motion for Leave to File Second Amended
Complaint* [82, 83] ("Motion"), seeking to add the Estate of Andrew Wesley Jones,
Deceased ("Estate") as a party pursuant to Rules 15 and 17 of the Federal Rules of Civil
Procedure. Prior to instituting this suit—which Plaintiff filed one (1) year and six (6)
months after Andrew's death—Plaintiff not only failed to not only make the Estate a

party plaintiff, but failed to even open the Estate. Now, Plaintiff seeks to cure this failure through a Second Amended Complaint. This Court should not allow Plaintiff to do so.

Plaintiff's "initial failure to bring the suit on behalf of" Andrew Jones' Estate is neither reasonable, nor a mistake. *Pl.'s Mem.* [83] at 6. Plaintiff asserts that "[b]ecause of the statements in [*Beal*[1] and *Caves*[2], his counsel] reasonably believed that it was not necessary to open an estate and name it as a plaintiff given that the wrongful death and survival claims arose from the same tortious conduct." *Id.*

Thus, based on Plaintiff's counsel's own professed reading and understanding of *Beal*, Plaintiff's counsel consciously chose to not open Andrew Jones' Estate prior to filing suit, and chose to not name the Estate as a party. *Id.* A full reading of *Beal* suggests the decisions were unreasonable, and they were not a mistake. As such, this Court must deny Plaintiff's Motion.

## **REBUTTAL**

"No area of the law has historically provided more muddled, misquoted and misunderstood procedural rules, than civil claims for wrongful death." *Long v. McKinney*, 897 So.2d 160, 162–63 (Miss. 2004). This appears even more so when the wrongful death complaint incorporates 42 U.S.C. § 1983, as is the case here.

---

[1] *Beal for & on Behalf of Beal v. Merit Health Cent.*, No. 3:20-CV-335-TSL-RPM, 2020 WL 11191722 (S.D. Miss. Nov. 10, 2020).
[2] *Caves v. Yarbrough*, 991 So.2d 142 (Miss. 2008)).

2

In this memorandum, Respondents seek to clarify the murky waters, and demonstrate the necessity of a decedent's estate in a federal, wrongful-death action. In doing so, it becomes clear that the Estate cannot be belatedly joined to this action.

## I. *BEAL* DEMONSTRATES AN ESTATE IS THE BEST WRONGFUL-DEATH PLAINTIFF

This Court must deny Plaintiff's Motion because, despite reading *Beal*, Plaintiff opted to file an initial Complaint [1] that:

1. **ignored** *Beal*'s express holding that "only where an estate has been opened and administered through the chancery court may any wrongful death plaintiff pursue a claim for [survival-type] damages;"[3]

2. **declined** to follow the most prudent course of action for a wrongful-death beneficiary seeking to recover a decedent's survival-type damages, which is "for the personal representative of the estate to assert both a wrongful death action and a survival action against the defendant;"[4]

3. **lacked** Article III standing to assert Decedent's constitutional claims inasmuch as the Estate is the real party in interest holding those substantive rights;"[5] and

4. **risked** the ability to recover Decedent's lifetime damages in the event Plaintiff cannot prove Defendants' alleged conduct was lethal.[6]

Contrary to *Beal*'s analysis and findings, Plaintiff decided to file suit in his personal capacity as Decedent's father, even though *Beal* demonstrates a decedent's estate is the

---

[3] *Beal*, 2020 WL 11191722, at *3.

[4] *Id*. at *4.

[5] *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990).

[6] *Beal*, 2020 WL 11191722, at *4 (citing *In re Est. of England*, 846 So.2d 1060, 1067 (Miss. Ct. App. 2003)).

best wrongful-death plaintiff. Plaintiff's decision—unreasonable according to *Beal*—was not a mistake, but a conscious choice.

**A.** **A decedent's estate must be opened before a non-estate wrongful death beneficiary pursues decedent's survival-type damages**

Respondents do not dispute that, pursuant to Miss. Code Ann. § 11-7-13, Plaintiff has the right to, file a complaint seeking his own personal damages related to the alleged wrongful-death of his son, Andrew Jones. Nor do Respondents dispute that the excerpt from *Beal* that Plaintiff relies on states that:

> when it is clear at the commencement of an action that a deceased suffered personal injuries and death from the same alleged wrongful conduct, then any proper wrongful death plaintiff may confidently pursue an action for damages for such personal injuries and death exclusively under the wrongful death statute[7].

*Beal*, 2020 WL 11191755, at *4. Respondents, however, do dispute that Plaintiff, solely as Andrew's father, may pursue and recover Andrew's survival-type damages. *Id*. at *3, 4.

To be sure, *Beal* says that he cannot. This is because Plaintiff cherry-picked this excerpt without discussing and/or taking into consideration the several other paragraphs surrounding it, all of which are found in that case's *Real Party in Interest Objection* section. *Id*. at *3-5. In fact, just two (2) paragraphs before this excerpt, Senior Judge Tom S. Lee— while discussing the parties that may bring a § 11-7-13 wrongful-death action—opined:

> Any one or more persons in any one or more of these categories may bring the action, and whoever brings the

---

[7] "An action for wrongful death includes the decedent's 'survival-type' claims, such as claims for his or her personal injury, property damage, and medical and funeral expenses, and the wrongful-death claimants' so called 'wrongful-death' claims, such as loss of consortium, society, and companionship." *Clark Sand Co. v. Kelly*, 60 So. 3d 149, 161 (¶ 42) (Miss. 2011) (quoting *Caves v. Yarbrough*, 991 So.2d 142, 148–49 (Miss. 2008)).

> action may recover damages of every kind, including survival-type damages. *See Burley*[8], 26 So. 3d at 1018 (citing *J.J. Newman Lumber Co. v. Scipp*, 128 Miss. 322, 91 So. 11 (1922)); *Clark*[9], 60 So. 3d at 161. In such an action, survival-type damages are recoverable on behalf of the estate, regardless of whether the estate (or personal representative) has joined as a plaintiff in the action. *See Long*, 897 So. 2d at 169. However, since such damages are only recoverable by or on behalf of the estate, **then only where an estate has been opened and administered through the chancery court may any wrongful death plaintiff pursue a claim for such damages**. *Long*, 897 So. 2d at 174.

*Id*. at *3. To fully grasp *Beal*'s impact on this case, the second and third sentences from the *Beal* passage above must be understood in context, and with reference to the cited-cases.

Plaintiff's *Beal* excerpt and the second sentence above present a similar thought, which Plaintiff stresses: Regardless of whether the personal representative of the estate, a statutory wrongful-death beneficiary, or all interested parties bring suit, the filing-claimant may pursue an action for damages. Plaintiff's reliance on this sentence as justification to not open Andrew's Estate prior to filing suit, however, is misplaced.

**First**, Plaintiff's analysis is flawed in that it inherently presumes no estate existed in the second sentence, but the sentence's grammar and its citation to *Long* demonstrates otherwise. Grammatically, the second sentence says that if a wrongful-death beneficiary files suit, it can recover survival-type damages, "regardless of whether the estate . . . **has joined** as a plaintiff in the action." *Id*. (emphasis added). The plain language of the sentence suggests an estate was open, *i.e.*, it already existed. Otherwise, the sentence

---

[8] *Burley v. Douglas*, 26 So. 3d 1013 (Miss. 2009).
[9] *Clark Sand Co. v. Kelly*, 60 So. 3d 149 (Miss. 2011).

would have read *regardless of whether the estate has been opened and administered*, or something to that effect. *Long* supports the argument that the second sentence must be read with the understanding that an estate already existed but need not be added as a party.

In *Long*, which primarily addressed representation/control of the litigation/conflict-of-interest issues for different groups of wrongful death beneficiaries as well as an estate, the Mississippi Supreme Court recognized that when an estate exists but is "not named as a party in the litigation[,]" the estate may enjoy representation in the suit "provided the pleadings are amended to assert a claim on behalf of the estate." 897 So.2d at 175 (¶ 63), 178 (¶ 80). In short, an estate was open and existed in *Long* near the onset of the litigation, although it was not a named party.

Thus, the takeaway from Plaintiff's *Beal* excerpt, in context, is that yes, a non-estate party may, "for the benefit of all parties concerned," act in a representative capacity as a fiduciary to seek the best available relief for "the benefit of all persons entitled under law to recover." Miss. Code Ann. § 11-7-13. And a decedent's estate is certainly one of the persons entitled to recovery under the law — particularly with respect to survival-type damages — **but an estate must exist prior to suit**. The contextual transition by Judge Lee to the third sentence from the *Beal* passage above drives this point home.

> [S]ince such damages are only recoverable by or on behalf of the estate, then only where an estate has been opened and administered through the chancery court may any wrongful death plaintiff pursue a claim for such damages.

*Beal*, 2020 WL 11191722, at *3 (citing *Long*, 897 So.2d at 174).

6

**Second**, while Plaintiff is somewhat technically correct in asserting "the Estate's presence [as a party or as Plaintiff] was not necessary to bring this case as both a wrongful death and a survival action[,]" Plaintiff is nevertheless precluded "from pursuing and recovering survival damages, whether as part of his wrongful death claim or otherwise." Pl.'s Mem. [83] at 5; *Beal*, 2020 WL 11191722, at *4 (citing *Long*, 897 So.2d at 174). "Because plaintiff did not initiate this action as administrator of the Estate of [Andrew Jones, Deceased], however, and in fact had not opened an estate or been appointed administrator [prior to filing suit], he was not the real party in interest to pursue a claim for [Andrew's survival-type] damages . . . ." *Beal*, 2020 WL 11191722, at *4.

### B.   A decedent's estate is the real party in interest to assert decedent's survival-type damages

Respondents—in a currently pending Motion to Dismiss for Lack of Standing [58, 59, 77][10]—argued in length that Plaintiff is not the real party in interest to assert Andrew Jones' survival-type claims, that is, those constitutional-violation claims that Andrew could have brought for himself but for his death. Respondents maintain that the real party in interest to assert and pursue those claims is Andrew's Estate, a current non-party.

"The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Farrell Const. Co. v. Jefferson Par., La.*, 896 F.2d 136, 140 (5th Cir. 1990) (citing *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969)). *Beal* makes it clear that a

---

[10] Respondents incorporate their previous dispositive arguments into their instant Response, and adopt the same as fully-incorporated herein.

decedent's estate is the real party in interest to assert and recover a decedent's survival-type damages, which includes constitutional claims. *See Beal*,  2020 WL 11191722, at *3-5.

"Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it." *Farrell*, 896 F.2d at 140 (citing *936.71 Acres of Land,* 418 F.2d at 556). When Plaintiff filed his initial Complaint, Andrew's Estate did not exist, which means Plaintiff did not have a right to pursue Andrew's constitutional claims. "In other words, a claimant **cannot** bring claims on behalf of an estate that does not yet exist." *Burley*, 26 So.3d at 1024 (emphasis added). Plaintiff, therefore, merely as Andrew's father does not have the substantive right to assert claims for Andrew's Estate.

Plaintiff's real-party-in-interest dilemma also affects Plaintiff's Article III standing, another issue which Respondents previously presented to the Court. *See Defs.' Mem*. [59] at 22-27; *Defs.' Reply* [77] at 2. Significantly, however, Plaintiff did not respond to Respondents' Article III argument, but instead primarily addressed his prudential standing as a wrongful-death beneficiary under Mississippi law. To be sure, Plaintiff's Response [73] never mentions "Article III," nor does it point out where Plaintiff's Complaint [1] specifically alleged that the three (3) constitutional requirements for Article III standing were met. *See Defs.' Mem*. [59] at 22-27.

As such, Plaintiff abandoned, conceded, and/or waived  his attempts at establishing Article III jurisdiction because he failed to defend the same in his Response

[73] to Respondents' prior Motion.[11] Consequently, inasmuch as Plaintiff's recent opening of Andrew's Estate—which Plaintiff undertook "in an abundance of caution"—and his Motion for Leave [83] seeks to preserve and protect against the loss of the Estate's constitutional claims, Plaintiff lacks the Article III jurisdictional ability to even have his Motion for Leave heard.

C. **Had Plaintiff opened Andrew's Estate first, Plaintiff would not be in his current pleading predicament**

*Beal* provides three (3) additional insights for wrongful-death claimants which are relevant here:

1. If there is a chance "that a fact-finder could reasonably find that the defendant's alleged negligence caused the deceased to suffer personal injury but did not also proximately cause or contribute to his death, . . . [then t]he prudent course in that situation is for the personal representative of the estate to assert both a wrongful death action and a survival action against the defendant. *Beal*, 2020 WL 11191722, at *4 (citing *In re Estate of England*, 846 So. 2d at 1068-699);

2. If a claimant raises survival-type claims even though an estate does not exist, the claimant can expect opposition to the claimant's requested relief, particularly if that relief seeks to later add an estate pursuant to Rule 17 of the Federal Rules of Civil Procedure. *Id*. at *4, 5;

3. If a claimant moves to add a later-created estate as a real party in interest pursuant to Rule 17, the claimant must explain why it "failed to first open an estate and seek appointment as administrator before filing suit." *Id*. at *5. In doing so, the

---

[11] To the extent Plaintiff did not answer or otherwise respond to the Movants' dispositive arguments with respect to his claims, Plaintiff abandoned or "effectively conceded" the same. *Matlock v. Bramlett*, 2021 WL 4434015, at *7 (S.D. Miss. Sept. 27, 2021); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006). Any claims Plaintiff failed to defend in response to Movants' Motion [60, 61] "should be dismissed **without further analysis** due to [P]laintiff['s] failure to raise arguments in support thereof." *Burrell v. Concept Ag, LLC*, 2020 WL 5821972, at *3 (N.D. Miss. Sept. 30, 2020).

claimant must justify its failure "*'as the result of an honest and understandable mistake.'*" *Id.* (quoting *Feist v. Consol. Freightways Corp.*, 100 F. Supp. 2d 273, 276 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3d Cir. 2000)) (emphasis added).

Despite the issues that *Beal* presents with respect to survival-type claims and whether an estate is necessary to pursue the same, not to mention the additional litigation that is bound to pursue if a claimant does not open a decedent's estate prior to filing a wrongful-death action, Plaintiff argues:

> Even if this Court agrees with these Defendants and concludes that the Estate is a necessary party to pursue a survival claim, the Plaintiff's initial failure to bring the suit on behalf of an estate **would be an understandable mistake** given the language quoted above from *Beal* and cases like *Caves v. Yarbrough*, 991 So.2d 142, 149-150 (Miss. 2008), which is quoted in *Beal*. Because of the statements in those cases, the undersigned reasonably believed that it was not necessary to open an estate and name it as a plaintiff given that the wrongful death and survival claims arose from the same tortious conduct.

*Pl.'s Mem*. [83] at 6.

It appears that Plaintiff's counsel argues that after considering the language in *Beal*—which (1) explicitly warns that a wrongful-death claimant proceeding without first opening an estate "does so at his peril," and (2) further instructs that "[t]he prudent course in that situation is for the personal representative of the estate to assert both a wrongful death action and a survival action against the defendant"—Plaintiff's choice to not heed *Beal* was a reasonable mistake. *Beal*, 2020 WL 11191722, at *4. This positional argument is nonsensical.

*Beal* further cautions that

> a plaintiff suing as a listed wrongful death beneficiary or an interested person – and not as a personal representative of the deceased's estate – may recover survival-type damages for personal injuries sustained at the hands of the defendant only if he proves that the same wrongful conduct cause[d] both [the decedent's] personal injury and death. If he fails to prove this, then there can be no recovery at all, even if he had proven that the defendant's negligence proximately caused the decedent personal injury prior to his death, since damages for such personal injuries must be recovered, if at all, under the survival statute at a suit by the personal representative, not by the next of kin or heirs at law.

*Beal*, 2020 WL 11191722, at *4 (cleaned up). Despite being aware of *Beal*'s implications, suggestions, and warnings, Plaintiff's counsel *chose* not to open Andrew's Estate before filing suit. In doing so, Plaintiff not only faces the most difficult path to recovery, but Plaintiff's counsel must now explain why the failure to open the Estate prior to filing suit was the result of an honest and understandable mistake. Plaintiff's Motion for Leave [82] and supporting Memorandum [83] fail to do this.

As a result of the foregoing, this Court must deny Plaintiff's Motion.

## II.   PLAINTIFF'S MOTION DOES NOT MERIT RULE 17 RELIEF

Considering the arguments above, this Court should deny Plaintiff's Motion as Plaintiff's counsel does not present a reasonable basis for not involving Andrew's Estate from the beginning, especially when *Beal* instructs that "only where an estate has been opened and administered through the chancery court may any wrongful death plaintiff pursue a claim for such damages." *Id*.  Critically, not having an estate opened **prior to**

**filing suit** is "an impediment to [P]laintiff's recovery of [Andrew's survival-type damages] *as part of his wrongful death claim*." *Id.* (Court's emphasis).

"[T]he Fifth Circuit has held that Rule 17(a)(3) is 'applicable **only when** the plaintiff brought the action in her own name as the result of an understandable mistake, **because the determination of the correct party to bring the action <u>is difficult</u>**.'" *Beal for & on Behalf of Beal v. Merit Health Cent.*, No. 3:20-CV-335-TSL-RPM, 2020 WL 7342400, at *1 (S.D. Miss. Dec. 14, 2020) (quoting *Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 165 (5th Cir. 2016)) (emphasis added). Plaintiff's Motion never asserts that it was difficult to determine the correct party to file suit, nor could it.

Plaintiff and his wife[12] had four (4) children, one (1) of which was Andrew Jones, who, according to Plaintiff's proposed Second Amended Complaint, did not have a spouse or children. *See Proposed Sec. Am. Compl.* [82-2] at 2 (¶ 3). Pursuant to Miss. Code Ann. § 11-7-13, Plaintiff, his three (3) surviving children, and Andrew's Estate could file a wrongful death action. In other words, only five (5) potential parties needed to be considered to determine which should bring the action. Thus, the decision, inherently, **was not a difficult one**, especially considering Plaintiff's counsel's familiarity with *Beal*.

"Federal Rule 17 recognizes that . . . questions about who may prosecute a case may not be simple and provides for the possibility of relief when a reasonable mistake is made." *Rideau*, 819 F.3d at 165. In *Rideau*, parents of a child with special needs filed suit against a school district upon learning one of the child's teachers repeatedly abused him.

---

[12] Plaintiff's wife, former Plaintiff Cynthia Jones, is now deceased. *Am. Compl.* [52] at 2 (¶ 3) n.2.

*Id*. at 158. After the parents prevailed at trial, the school district learned that the child was subject to a guardianship management trust, and subsequently moved to dismiss for the parents' alleged lack-of-standing. *Id*. at 160. The Texas District Court eventually granted the school district's motion, and denied the parents' and the Trust's Rule 17 motion for ratification. *Id*. The parents and the Trust appealed.

On appeal, the Fifth Circuit sorted out the quagmire of issues regarding who had capacity to sue on the child's behalf, and for what claims. *Id*. at 163-68. The Fifth Circuit had to analyze which claims the child's Trust could bring, which claims the child's estate-guardian could bring, which claims the child's parents could bring, and whether the parents were reasonably mistaken in deciding to prosecute their child's claims in their own names. *Id*. at 160, 166. Even though the Fifth Circuit found the parents could not bring certain claims, the Fifth Circuit nevertheless reversed the Texas District Court's denial of the Trust's Rule 17 motion to ratify based on a finding that the parents "offered a reasonable explanation for their mistake in not naming" the Trust in their suit. *Id*. at 168.

*Rideau*'s intricacies are not present here, and Plaintiff did not face the same difficult choices as the *Rideau* plaintiffs. Plaintiff did not have to make a difficult party decision here. To be sure, Plaintiff's Motion [82] neither admits a mistake, nor a difficulty in determining whether Plaintiff or Andrew's Estate should file suit. Likewise, Plaintiff's Memorandum only claims that Plaintiff's counsel "reasonably believed that it was not necessary to open an estate and name it as a plaintiff given that the wrongful death and

survival claims arose from the same tortious conduct;" it does not say anything about the difficulty of deciding between the two. *Pl.'s Mem.* [83].

Furthermore, "Rule 17(a)(3) ratification[, joinder, or substitution] does not depend on the absence of any mistake; rather, ratification[, joinder, or substitution] is proper when the mistake is **understandable**. *Rideau*, 819 F.3d at 166. Plaintiff's counsel purports to have read and relied on *Beal* in deciding to bring the suit in his name, not Andrew's Estate. *Pl.'s Mem.* [83] at 5-6. As such, this Court should not deem any mistake by Plaintiff's counsel as either reasonable or understandable. Accordingly, this Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint.

## CONCLUSION

Plaintiff received Letters of Administration for the Estate of Andrew Wesley Jones, Deceased, on July 27, 2023, which was two (2) years, six (6) months, and eighteen (18) days after Andrew's death, and one (1) year and thirteen (13) days from the date Plaintiff filed his initial Complaint. *See Decree* [82-1]. Plaintiff only moved to open the Estate after Respondents raised Estate-related arguments in their pending Motion to Dismiss for Lack of Standing [58, 59, 77].

Plaintiff now seeks to add the Estate as a party to this action. Based on the arguments and authorities above, the Court should deny Plaintiff's Motion, particularly since—as the arguments above demonstrate—Plaintiff's decision to file suit before opening the Estate was not a mistake but a clear choice. And according to *Beal*, Plaintiff's choice was neither reasonable nor understandable.

It also bears repeating that since Plaintiff failed to respond to Jones County, MS, Sheriff Joe Berlin, and Jennifer Henderson's previous Article III arguments (also pending), questions exist as to whether Plaintiff has the jurisdictional ability to even have his Motion for Leave heard.

Considering the above, Respondents respectfully request this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint, with prejudice.

**DATE:**       **August 17, 2023.**

Respectfully submitted,

**JONES COUNTY, MISSISSIPPI,
SHERIFF JOE BERLIN, AND
JENNIFER HENDERSON**

By:      /s/ *Lance W. Martin*
                One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson hereby certify that on this day, I filed the foregoing Memorandum of Authorities in support of Response in Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.                         Stephen J. Haedicke-PHV
The Law Office of Robert McDuff        Law Office of Stephen J. Haedicke, LLC
767 North Congress Street                 1040 St. Ferdinand Street
Jackson, MS 39202                          New Orleans, LA 70117
rbm@mcdufflaw.com                        stephen@haedickelaw.com
            *Attorneys for Plaintiff*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com
            *Attorneys for Mann, Sgt. Jesse James,*
            *Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com
            *Attorney for Mekedes Coleman*

This, the 17th day of August, 2023.

                                          /s/ *Lance W. Martin*
                                          OF COUNSEL