IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                                        **PLAINTIFF**

v.                                                                              CIVIL ACTION NO. 2:22-cv-93-KS-MTP

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSON; JANET
HENDERSON; AND DEPUTY MEKEDES
COLEMAN**                                                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on the Motion to Dismiss for Lack of Standing [58] filed by Defendants, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson,[1] along with Plaintiff's Motion for Leave to File a Second Amended Complaint [82]. Both motions are fully briefed and ripe for ruling. Having reviewed the parties' submissions and the relevant legal authority, and otherwise being fully advised in the premises, the Court finds that the Motion to Dismiss ("MTD") is not well taken and will be denied, and the Motion for Leave to File will be granted.

**I. BACKGROUND**

Andrew Wesley Jones ("Decedent") died on January 9, 2021, while incarcerated as a pre-trial detainee at the Jones County Adult Detention Center in Ellisville, Mississippi. Plaintiff, the Decedent's father, Corbey Jones,[2] brought this action under 42 U.S.C. § 1983 and the Americans with Disabilities Act/ Rehabilitation Act ("ADA/RA") against the named Defendants, claiming that they are all liable for the injuries and death of his son. Plaintiff seeks damages for the pre-

---

[1] The other Defendants have filed notices of joinder in the motion. [65], [66].
[2] The original Complaint was filed by Corbey Jones and Cynthia Ann Jones. Mrs. Jones is now deceased. *See* [52] p. 2, n. 2. The Amended Complaint now names only Corbey Jones as the plaintiff.

death suffering and death of his son.

Plaintiff brings the action as an individual and not as the administrator of the decedent's estate. In fact, at the time of filing the Complaint, an estate had not been opened. In Plaintiff's Motion for Leave to File a Second Amended Complaint, Plaintiff informs the Court that an estate has now been opened and seeks leave to add the estate as a party. [82]. Plaintiff requests in its Reply to the Motion for Leave that, in an abundance of caution, the estate be allowed to add a survival action. [92] at p. 6.

## II. DISCUSSION

In the MTD, Defendants argue that the Court lacks jurisdiction over this matter due to Plaintiff's lack of (1) prudential, or statutory/merits-question, standing; and (2) Article III jurisdictional standing. The question as presented is whether the father of a decedent, individually, and not a personal representative of the decedent's estate, is the real party in interest to pursue the decedent's § 1983 claims in federal court under Mississippi's wrongful death statute.

Upon review of each parties' answer to that question, the Court finds that the disconnect lies in the Defendant's reading the Amended Complaint merely stating claims for constitutional violations, which could be simply a survival action, and Plaintiff's insisting that these constitutional violations were the cause of the decedent's death, which would be a wrongful death action. Further disconnect lies in the types of damages that are recoverable under each type of action and Defendant's strong reliance on a case decided in the Southern District of Mississippi, which this Court has determined is a bit misleading, if not wrongly decided. The Court will address these disconnects with as much clarity as possible in the discussion below, in which the Court finds that Plaintiff has both statutory and Article III jurisdictional standing.

### A. Legal Standard

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Indeed, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

"Motions to dismiss for lack of standing are governed by Federal Rule of Civil Procedure 12(b)(1)." *Alexander v. Hall*, No. 4:20-cv-21-DMB-JMV, 2021 WL 800840, at *2 (N.D. Miss. Mar. 2, 2021) (citing *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017)). More specifically, "[a] Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction." *Wheeler v. Williams*, No. 4:17-cv-96-SA-JMV, 2018 WL 6204444, at *2 (N.D. Miss. Nov. 27, 2018). "An argument that a plaintiff lacks Article III standing is an attack on the court's subject matter jurisdiction." *Norwood v. United Med. Recovery*, LLC, No. 4:21-cv-134-DMB-JMV, 2022 WL 4088081, at *1 (N.D. Miss. Sept. 6, 2022)).

"A motion to dismiss for lack of standing may be either 'facial' or 'factual.' An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "A facial attack is based solely upon the complaint itself, whereas '[a] "factual attack" ... challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings.'" *Geiger v. Monroe County, Mississippi*, No. 1:16-cv-95-DMB-DAS, 2022 WL 4467656, at *2 (N.D. Miss. Sept. 26, 2022) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

3

Here, Defendants make a facial attack on standing, as no outside evidence has been submitted. Therefore, "the court's review is limited to whether the complaint sufficiently alleges jurisdiction." *Prescott v. Bexar County*, No. SA-19-cv-1392-JKP-RBF, 2021 WL 812115, at *1 (W.D. Tex. Mar. 3, 2021) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)); *see also Lee v. Verizon Comm'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). ("Where ... the movant mounts a 'facial attack' on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true.")

**B. Analysis**

In his First Amended Complaint, Plaintiff states that jurisdiction is based on 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. [52] at ¶2. In addition to such claims, which are found in the First and Second Causes of Action, in the Third Cause of Action, Plaintiff alleges a violation under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. *Id*. at ¶ 84. It appears that the allegations throughout the Amended Complaint state a typical Section 1983 claim, and had Andrew not died, it very well could have been. However, once a death ensues, and a wrongful death beneficiary contends that the wrongful actions caused not only the personal injuries, but also the death, the claims become merged into one suit. *See In re Estate of England*, 846 So. 2d 1060, 1068 (Miss. Ct. App. 2003) (explaining that "at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for wrongful death and is not actionable by the estate under the survival statute").

In the very first paragraph of the First Amended Complaint, Plaintiff alleges that "Jones County and the individual defendants are therefore directly liable for the tragic and preventable death of Andrew Jones." *Id.* at ¶ 84. Likewise, in his claim for damages, Plaintiff alleges that "[a]s a result of the actions of the Defendants described above, damages have been incurred for

4

the pre-death suffering of Andrew Jones and for the wrongful death of Andrew Jones." [52] at ¶ 90. Thus, it plainly appears that Plaintiff is seeking damages pursuant to the Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13 (the "Statute"). To be entitled to recover damages brought solely under the Mississippi Wrongful Death Statute, Miss. Code Ann. § 11-7-13 (the "Statute"), the "plaintiff must prove that the wrongful conduct proximately caused the death." *In re Estate of England*, 846 So. 2d at 1067 (citing *Berryhill v. Nichols*, 158 So. 470, 471 (1935)).

### A. Does Plaintiff, the Decedent's father, have standing to bring a wrongful death suit?

The fact that the claims for wrongful death arise out of Section 1983 is of no moment, so long as the party bringing the suit has standing. "Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which provides that state common law is used to fill the gaps in administration of civil rights suits." *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004) (citing 42 U.S.C. § 1988(a)). "Therefore, a party must have standing under the state wrongful death or survival statutes to bring a claim under 42 U.S.C. §§ 1981, 1983, and 1988." *Id*. at 383-384 (citing *See Rhyne v. Henderson County*, 973 F.2d 386, 390–91 (5th Cir. 1992) (finding that standing under Texas wrongful death and survival statutes is incorporated into the Federal Civil Rights Statutes) and *Brazier v. Cherry*, 293 F.2d 401, 409 (5th Cir. 1961) (looking to Georgia wrongful death and survival statutes to determine standing under the federal Civil Rights Statutes)).

As the Mississippi Supreme Court has stated, "Mississippi's wrongful death statute [] created a cause of action unknown to the common law. The wrongful death action is not part of the estate of the deceased, and only those individuals listed in the wrongful death statute may bring this independent cause of action." *Pannell v. Guess*, 671 So. 2d 1310, 1313 (Miss. 1996)

(citations omitted).³ As such, the determination of who has standing to bring a wrongful death action "must necessarily begin and end with [the Statute]." *Burley v. Douglas*, 26 So. 3d 1013, 1016 (Miss. 2009).

The Statute makes clear who is authorized to bring the action when it reads, in relevant part:

> Whenever the death of any person . . . shall be caused by any real, wrongful or negligent act or omission . . . *as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof* . . . and such deceased person shall have left a . . . *father or mother* . . ., the person or corporation, or both that would have been liable had death not ensued . . . shall be liable for damages, notwithstanding the death. The action may be brought . . . *by the parent for the death of a child* . . . and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned . . . .

Miss. Code Ann. § 11-7-13. While there are two other categories of potential plaintiffs,⁴ Plaintiff, being the father of Andrew Jones, the deceased, is clearly authorized under the statute to bring the wrongful death action. Under the statute, he does so "for the benefit of all parties concerned," meaning that "bringing suit in such a representative capacity renders the named plaintiff a fiduciary to all he or she proposes to represent." *McKinney*, 897 So. 2d at 169. Therefore, Plaintiff clearly has standing to bring a wrongful death action, and indeed, it does not appear that the Defendants necessarily take issue with such a finding. [59] at p. 12. Rather, the issue appears to turn on what damages would be recoverable.

B.  **What damages are recoverable under the Wrongful Death Statute, and who may recover them?**

Defendants contend, "Since survival-type damages 'are only recoverable by or on behalf of the estate,' then only where an estate has been opened and administered through the chancery

---

³ Being in derogation to the common law, the Statute "must be strictly construed." *Smith v. Garrett*, 287 So. 2d 258, 260 (Miss. 1973) (citing *Logan v. Durham*, 95 So.2d 227 (1957)).
⁴ "The possible claimants are (1) the heirs (under the will or pursuant to the intestate succession statutes), (2) the estate, and (3) the statutory wrongful death beneficiaries." *Long v. McKinney*, 897 So. 2d 160, 169 (Miss. 2004).

6

court may any wrongful death plaintiff pursue a claim for such damages." [59] at p. 9. (citing *Beal for & on Behalf of Beal v. Merit Health Cent.*, No. 3:20-cv-335-TSL-RPM, 2020 WL 11191722, at *3 (S.D. Miss. Nov. 10, 2020)). Defendants also argue that the Court must limit Plaintiff's claims to only those related to his own alleged injuries, not those of the Decedent. [59] at p. 11. The Court finds that these statements evince a misunderstanding of the law on wrongful death damages.[5]

Again, the Statute makes clear not only who is authorized to bring the action but also what damages are recoverable. The Statute states, in relevant part:

> Except as otherwise provided in Section 11-1-69, in such action *the party or parties suing shall recover such damages allowable by law* as the jury may determine to be just, taking into consideration *all the damages of every kind to the decedent* and *all damages of every kind to any and all parties interested in the suit.*
>
> ***
>
> In an action brought pursuant to the provision of this section by the . . . father . . ., such party or parties may recover as damages property damages and funeral, medical or other related expenses incurred by or for the deceased as a result of such wrongful or negligent act or omission or breach of warranty, **whether an estate has been opened or not**. **Any . . . father . . . may bring an action pursuant to the provisions of this section outside an estate, regardless of whether there are real or personal assets of an estate.** *Any amount, but only such an amount, as may be recovered for property damages, funeral, medical, or other related expenses shall be subject only to the payment of the debts or liabilities of the deceased for property damages, funeral, medical, or other related expenses.* **All other damages recovered under the provisions of this section shall not be subject to the payment of the debts or liabilities of the deceased**, except as hereinafter provided, and such damages shall be distributed as follows:

---

[5] This confusion regarding damages appears to arise from a statement in the *Beal* case, wherein Judge Lee cites to *Long v. McKinney* for this proposition that "survival-type damages" are only recoverable by the estate. However, this Court has carefully read the pages from *McKinney* pinpoint cited in *Beal*, pages 169 and 174, and can find no such statement or language that could even be construed as such. *McKinney* was not a case about damages. It was a case that decided how to proceed when the wrongful death statute requires there be only "one suit" but two authorized parties each file a wrongful death action. 897 So. 2d at 162. In deciding the case, the court took the opportunity to address and clarify some of the procedural problems that had been plaguing wrongful death litigation for over a century. *See id.* at 163. In doing so, the court never stated that survival-type damages are only recoverable by the estate, and Judge Lee's citing to *McKinney* for that proposition must have been an unfortunate oversight. Such a proposition, as will be shown herein, is a clear misinterpretation of the Statute, unless by "survival-type" damages, one means only property damages, funeral, medical, or other related expenses.

7

> **Damages for the injury and death** . . . if the deceased has no husband, nor wife, nor children, the damages **shall be distributed equally to the father**, mother, **brothers and sisters**, or such of them as the deceased may have living at his or her death. *If the deceased [leaves no wrongful death beneficiaries], then the damages shall go to the legal representative, subject to debts and general distribution*, and the fact that the deceased was instantly killed shall not affect the right of the legal representative to recover.

Miss. Code Ann. § 11-7-13 (emphasis added).

The language in the Statute that "all the damages of every kind *to the decedent* and all damages of every kind *to any and all parties interested in the suit*" has been interpreted to mean that the following damages are recoverable:

> (1) the present net cash value of the life expectancy of the deceased; (2) the loss of companionship and society of the decedent; (3) the pain and suffering of the decedent between the time of injury and death; (4) funeral and medical expenses of the decedent; and (5) punitive damages.

*Laney v. Vance*, 112 So. 3d 1079, 1081 (Miss. 2013) (citing *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1998)). Courts have also held that such language indicates that any damages for personal injuries suffered by the decedent during his or her lifetime are recoverable in the wrongful death suit. *See England*, 846 So. 2d at 1068 (citing *Gentry v. Wallace*, 606 So. 2d 117, 1122 (Miss. 1992)), overruled on other grounds, *Jenkins v. Pensacola Health Tr., Inc.,* 933 So. 2d 923 (Miss. 2006)). The wrongful death beneficiaries are also entitled to recover for their own respective claims of loss of society and companionship. *Long v. McKinney*, 897 So. 2d 160, 169 (Miss. 2004). When the Statute states, "*the party* or parties *suing* shall recover . . . ," it becomes clear that the wrongful death beneficiaries, i.e., Plaintiff and the other beneficiaries, are the ones who recover these damages, including any survival-type damages, i.e., personal injury/pain and suffering. This becomes clear when considering what the estate may be entitled to recover under the Statute.

In *McKinney*, the court noted that "the estate is entitled to recover funeral costs and final medical expenses." *Id*. at 169. Such a statement is in keeping with the wording of the Statute when it states as follows:

> Any amount, but only such an amount, as may be recovered for property damages, funeral, medical, or other related expenses *shall be subject only to the payment of the debts or liabilities of the deceased for property damages, funeral, medical, or other related expenses*. All other damages recovered under the provisions of this section *shall not be subject to the payment of the debts or liabilities of the deceased*, except as hereinafter provided . . .

Miss. Code Ann. § 11-7-13 (emphasis added). Assets of an estate can be, and typically is, subject to payment for the debts and liabilities of a decedent, but here, only the amount recovered for certain expenses would be subject to the payment of the decedent's debts and only for those certain expenses. Those damages/expenses are what the estate recovers.[6] When the Statute says that *all* other damages shall *not* be subject to the payments of debts or liabilities, except as hereinafter provided . . . and that damages for *the injury* and death of the decedent are to be distributed equally to the beneficiaries, that means that so long as the wrongful death plaintiff proves that the wrongful conduct proximately caused the death, he or she, on behalf of all wrongful death beneficiaries, can recover *all* of the damages allowed under the statute. *In re Estate of England*, 846 So. 2d at 1067 (citing *Berryhill,* 158 So. at 471). Such recovery includes all the damages the decedent would have recovered *had death not ensued*, which includes

---

[6] The Mississippi Supreme Court recently made clear that a wrongful death action is not an asset of the estate. *See Matter of Est. of Randle*, 345 So. 3d 569, 572 (Miss. 2022). Indeed, the Statute itself states, "If the deceased [leaves no wrongful death beneficiaries], then the damages shall go to the legal representative, subject to debts and general distribution." Miss Code. § 11-7-13. Accordingly, the only time damages recovered in a wrongful death action become an asset of the estate, aside from those being listed specifically for payment of certain expenses, is "if there are no surviving heirs as specifically named and listed in the wrongful death statute." *Smith*, 287 So. 2d at 261. That is not the case here. Plaintiff is the Decedent's father and is entitled to recover for any and all other wrongful death beneficiaries, as well as the estate for those damages recoverable by the estate, i.e., property damage, funeral, or medical expenses. *See Burley v. Douglas*, 26 So. 3d 1013, 1024 (Miss. 2009 (explaining that a claimant cannot bring claims on behalf of estate that does not exist and while plaintiff had standing to bring wrongful death suit, he could recover on behalf of the estate only after the estate came into existence). Further, because the law makes him a fiduciary representative for those parties, he recovers on their behalf whether he states it in his pleadings or not.

9

"survival-type" damages such as pre-death suffering from the time of the injury until death.[7] *See Caves v. Yarbrough*, 991 So. 2d 142, 149 (Miss. 2008).[8]

### C. What is Plaintiff required to prove to recover under the wrongful death statute?

Having established standing and what is recoverable, we next turn to the issue that such damages must arise from a defendant's "wrongful, *lethal* conduct." In other words, to recover in a pure wrongful death action, that is, one brought solely under the wrongful death statute and not also under the survival statute, the wrongful death plaintiff must prove that the wrongful conduct proximately caused the death." *England*, 846 So. 2d at 1067; *see also* Miss. Code 11-7-13 ("Whenever the death of any person . . . shall be caused by any real, wrongful or negligent act . . . ."). Therein lies another rub here.

Defendants rely heavily on *Phillips ex rel. Phillips v. Monroe County, Miss.*, 311 F.3d 369 (5th Cir. 2002), a case in which the mother of a deceased inmate went to trial on a wrongful death claim brought under Section 1983. The trial court granted judgment as a matter of law. The Fifth Circuit on appeal noted that there were no allegations that the plaintiff's own constitutional rights were violated, and thus, they would not undertake a review of whether such violations were committed because being strictly a wrongful death claim, the court found that no reasonable juror could have found for the plaintiff on the causation issue. *Id.* at 373-374. *Phillips* is inapplicable to the instant case. That case went to trial, while this case is at the pleadings stage on a motion to dismiss for lack of standing.

---

[7] By having established standing, Defendants are incorrect that Plaintiff is required to allege his own constitutional violations or any damages to himself. [59] at p. 3.
[8] "[T]he supreme court observed that the intent of the wrongful-death statute 'was to largely limit damages to those that the injured person could have recovered if he had not died. To these could be added damages that his heirs might have suffered because of their personal relationship with the deceased, such as support and loss of companionship.'" *Illinois Cent. R. Co. v. Young*, 120 So. 3d 992, 1011 (Miss. Ct. App. 2012).

Defendants go on to argue that the causation issue precludes Plaintiff from maintaining the Decedent's claims because the pleading is inconsistent as to the theory of death, which is fatal under *Phillips*. [59] at p. 17. Defendants also argue the facts of the case to state further why Plaintiff cannot show causation. [59] at pp. 18-20. Defendants argue that the allegations of the Complaint, in essence, merely state a survival claim, which only the Estate may pursue—and because the Estate is not a party, the case must be dismissed.[9] On the contrary, Plaintiff does not see this as a mere constitutional violations case but a true wrongful death case, and the Court construes it as such.[10]

The Court finds that the Defendants are putting the proverbial cart before the horse. This is not a Motion for Summary Judgment. The Court will not address causation on a Motion to Dismiss for lack of standing before there has been any meaningful discovery. The Court has found that Plaintiff clearly has standing, and Plaintiff believes he can show causation. Again, in a wrongful death action, if the beneficiaries can prove causation, they can recover. On the other hand, if the beneficiaries cannot establish that the wrongful conduct caused the death, they recover nothing. If, in the end, he cannot prove causation, he has indeed brought this action at his peril. *See England*, 846 So. 2d at 1068; *Wilks v. Am. Tobacco Co.*, 680 So. 2d 839 (Miss. 1996).[11]

---

[9] The survival statute, Miss. Code Ann. § 91-7-233, "allows an estate administrator to commence and prosecute any personal action which the decedent might have commenced and prosecuted." *In re Estate of England*, 846 So. 2d at 1067. Such action can be any action, not necessarily a personal injury action. Recovery under the survival statute becomes an asset of the estate.

[10] *See Garlock Sealing Techs., LLC v. Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *6–7 (Miss. Oct. 14, 2010)(finding that although plaintiff did not seek to recover damages for injuries that she or anyone else had suffered as a result of her husband's death and her claims were best characterized as survival claims, once her husband died, any survival claims were subsumed within the "one suit" for wrongful death and the complaint will be construed as having been brought under the wrongful-death statute). Additionally, there are not only Section 1983 claims but also ADA and Rehabilitation Act claims, for which Plaintiff also has standing. *See McCoy v. Tex. Dept. Crim. Justice*, No. c-05-370, 2006 WL 2331055, at *6 (S.D. Tex. Aug. 9, 2006);

[11] With these clarifications regarding standing and damages, the Court need not address Article III standing.

11

Having established that Plaintiff has standing to pursue a wrongful death action under Section 1983 in this Court and that Plaintiff must prove the Defendants caused the death of the Decedent to recover, and that Plaintiff may recover on behalf of all the wrongful death beneficiaries all damages that are proven and recoverable under the Statute, Defendants' Motion to Dismiss for lack of standing will be denied.

**D. Can the Estate join as a party and bring a survival action?**

We now come to Plaintiff's Motion for Leave to File a Second Amended Complaint and the question of whether Plaintiff may amend its pleading to add the Estate as a party and bring a survival action. As discussed above, the Court has found that there need not have been any estate opened to bring a wrongful death action. Plaintiff is free to pursue his claims solely as a wrongful death action, and, if causation is proven, he can recover all applicable damages on behalf of all those entitled to recover under the Statute.[12]

While the Estate is not a necessary party, Plaintiff urges that in an abundance of caution, due to Defendants' claim that there is chance "that a fact finder could reasonably find that the defendant's alleged negligence caused the deceased to suffer personal injury but did not also proximately cause his death," Plaintiff be allowed to add the Estate so that, if necessary, he may alternatively pursue an action under the survival statute. [92] at p. 6 (citing [89] at p. 9). The Court finds such prudent action should be allowed, as it appears authorized both under Mississippi law and the applicable Federal Rule.

In *Wilks v. American Tobacco Co.*, the wrongful death beneficiaries of a deceased long-time smoker brought an action against a tobacco company solely under the wrongful death statute. 680 So. 2d at 840. The case proceeded to trial, and the jury found that the death was not

---

[12] Defendants again raise an Article III standing argument, which the Court finds to be without merit and will not address, regardless of Plaintiff's failure to address it in response to the Motion to Dismiss.

12

proximately caused or contributed to by the decedent's lung cancer or COPD. *Id*. at 842. On appeal, the beneficiaries argued that even though the jury found that the death was unrelated to smoking, they were entitled to recover damages associated with the cancer and other smoking related illnesses from which the decedent suffered during his lifetime. *Id.* The Mississippi Supreme Court held that the plaintiffs were not entitled to recover because they failed to establish causation. Had the plaintiffs wanted to recover for the pain and suffering caused by the lung cancer and other smoking related illnesses, a suit had to be brought by the personal representative for the estate under the survival statute. *Id*. at 842 (citing *Berryhill*, 158 So. at 471, which noted that if the negligence does not cause the death but causes only pain and suffering endured by the deceased between the injury and death, such damages must be recovered a suit by the personal representative, not by the next of kin or heirs at law).

As Plaintiff points out, the statute of limitations has not run on any survival action. Because such action would arise from the same facts, if the Estate were to bring a separate survival action, it would only make sense for judicial economy to consolidate it with this action. However, there cannot be two separate actions—only one action. Allowing the Estate to join to assert a survival claim would accomplish that end.[13] In that regard, the case of *In re Estate of England* in instructive.

In *In re Estate of England*, Betty England suffered from diabetes and was treated with Rezulin. 846 So. 2d 1062. Prior to her death she signed a contract with a law firm that was retained to pursue a personal injury action against the manufacturers of Rezulin. *Id*. at 1063. Before her death she executed a holographic instrument in favor of her ex-husband that bequeathed him $1 million dollars. *Id*. She died shortly thereafter, and her daughter-in-law soon

---

[13] This is not a situation where a plaintiff initially did not have standing but later sought to substitute as personal representative of the estate. *See, e.g., Delta Health Grp., Inc. v. Est. of Pope*, 995 So. 2d 123, 125-126 (Miss. 2008).

13

retained a law firm to pursue a wrongful death claim.[14] *Id*. A few months later, the ex-husband filed petition to probate the holographic will. *Id*. The daughter-in-law later filed a petition in the probate court to contest the validity of the will and alleged it was superseded by the wrongful death statute. *Id*. The ex-husband argued on the contrary, and alternatively that the instrument was a valid assignment of a chose in action. *Id*. The chancery court held a hearing, wherein the parties stipulated, among other things, that the drug Rezulin may have caused or contributed to the decedent's death. Id. at 1064.

The chancellor determined that it was the intent of the decedent to give her ex-husband on million dollars out of any proceeds of her Rezulin suit and further found, in relevant part, (1) that the wrongful death statue is intended to compensate statutorily named heirs and that the holographic will cannot be used to circumvent the wrongful death statute by which the benefits were to come into existence; (2) that any lawsuit on behalf of the decedent must be brought pursuant to the wrongful death statute; (3) the holographic instrument was not a valid assignment; and (4) that the ex-husband must be removed as administrator of the estate and the daughter-in-law, as natural guardian of the minor wrongful death beneficiaries must be substituted in. *England,* 846 So. 2d at 1064.

The ex-husband appealed these findings. The appellate court found that any right of the ex-husband to recover under the holographic will was superseded by the wrongful death statute, but in light of Mississippi's survival statute, he argued that the wrongful death statute cannot foreclose the right of the estate under the survival statute to sue and recover for the decedent's personal injuries. *Id*. at 1067. The parties had stipulated that Rezulin may have caused or contributed to the death. Thus, the ex-husband further argued that, because it is unknown

---

[14] The decedent's son and the daughter-in-law had two children. The decedent's son predeceased his mother, leaving his two children as the wrongful death beneficiaries.

whether the drug actually killed the decedent, the wrongful death statute is not implicated and the estate is entitled to prosecute the personal injury action and recover any damages, up to one million dollars of which would be paid to him under the will. *Id.*

The court examined the wrongful death statute, as this Court has done here, and determined that, under the language of the statute, if the wrongful death beneficiaries prove that the drug caused the death, they are the ones that recover for the personal injuries accrued to the decedent during her lifetime, and could have been prosecuted by the decedent had she lived. 846 So. 2d at 1068. "When the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the 'one suit' for the wrongful death and is not actionable by the estate under the survival statute." *Id*. The court then explains, "On the other hand, it is definite that if Rezulin did not proximately cause [the decedent's] death, there could be no recovery under the wrongful death statute. **In that situation, any recovery for [the decedent's] personal injuries from Rezulin belongs to the estate under the survival statute**." *Id*. (emphasis added). The court then posits the real issue:

> The aforementioned statutory and case law indicates that whether recovery for [the decedent's] personal injuries would be accomplished under the wrongful death statute or under the survival statute depends on whether the wrongful conduct that caused [her] injuries also caused [her] death. We are unable to decide whether Rezulin killed [her]; that is a fact question properly resolved by a trier of fact in an action for [the decedent's] injuries. The question in the present case is whether the wrongful death heirs, the estate on its own behalf, or both may sue the manufacturers of Rezulin based on the same wrongful conduct against the decedent, Betty England.

*England*, 846 So. 2d at 1069. Finally, the court discussed the case of *Wilks v. American Tobacco Co.*, where at trial the wrongful death beneficiaries were foreclosed from recovering for the decedent's personal injuries when they failed to prove that the decedent died from lung problems caused by cigarette smoking and they had not asserted a claim under the survival statute. *Id.* The appellate court in *England* then concluded that:

15

> the proper resolution of this case is to allow the estate administrator to assert both a wrongful death action and a survival action against the manufacturers of Rezulin. If the jury finds that Rezulin caused [the] death, then the estate is foreclosed from recovering in the survival action for any personal injuries caused by Rezulin; that recovery would belong solely to [the] wrongful death heirs. If the jury finds that Rezulin did not cause [the] death, the estate may recover for any personal injuries caused by Rezulin.

*Id.*

The scenario in *England* is almost precisely the situation before the Court today. We do not know whether the actions of the Defendants caused Andrew's death. That will be up to the fact finder. His father was free to bring an action alleging that they did, and as the Court has found, this was a proper course of action. However, what if the actions did not cause the death but only the personal injuries—that would be a survival action, which the now-open Estate seeks to assert. In *England*, it appears that no lawsuit against the manufacturer had yet been filed. The appeal arose out of findings by the chancellor in probating the will. As such, the resolution was easy, and the administrator of the estate was free to file the suit in accordance with the appellate court's ruling. But here, we have a properly-filed wrongful death action, brought by a wrongful death beneficiary, in which the Estate now wants to simply join as a plaintiff to assert an alternative survival action should a jury find that the allegedly wrongful actions did not cause the death but caused the injuries. The Court finds that it should be allowed.

Federal Rule of Civil Procedure 17(a)(3) states that the court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action." In *Beal*, the court explained that the Fifth Circuit has interpreted this part of the rule to apply "only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult." 2020 WL 1119722 at *5 (citing *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir.

2001). In the face of Defendants' protestations to the contrary, Plaintiff asserts that his initial failure to bring suit on behalf of an estate was an understandable mistake because he reasonably believed that it was not necessary to open and estate and name it as a plaintiff given that the wrongful death and survival claims arose from the same tortious conduct. The Court finds that Plaintiff is partially correct. While the "determination of the correct party" was not difficult insofar as a pure survival claim was concerned, the wrong party did not bring the lawsuit as Plaintiff perceived it. Bringing the action in the name of Corbey Jones as a wrongful death action was not unreasonable and not a mistake.

Yes, while it is true that Plaintiff could have opened the estate and sought the alternative recovery under the survival statute from the outset, it chose not to do that. It was only when Defendants urged that the Amended Complaint must be read as asserting a survival action, and raised an objection to such an alternative claim without the presence of an estate, that the presence of an estate became an issue. Therefore, under Rule 17, after such objection is made, Plaintiff had a reasonable time for the real party in interest to join the suit.[15] Defendants raised its objection in its Motion to Dismiss dated May 15, 2023. Within five days, Plaintiff notified the Court that it was in the process of opening the Estate, and by July 27, 2023, the Estate had been properly opened. [73] at p. 3; [82-1]. Accordingly, the Court finds that this was a reasonable time in which Plaintiff took action to join the proper party, and the Motion will be granted.[16]

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that the Motion to Dismiss for Lack of Standing [58] is DENIED, and the Motion for Leave to File a Second Amended Complaint [82]

---

[15] The Court finds that there need not be a substitution, the Estate of Andrew Wesley Jones may simply join the suit. Also, Defendants emphasize that this lawsuit was filed one and a half years after Andrew's death and Plaintiff made no effort to open an estate. While interesting, the only relevant date is the date of Defendants' objection that the real party in interest has not been joined.
[16] The Defendants again rely heavily on the *Beal* case, but this Court disagrees with the resolution in that case.

is GRANTED. Plaintiff shall file the Second Amended Complaint [82-2] into the docket within five (5) days of the date of this Order.

SO ORDERED AND ADJUDGED this 22nd day of September.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE