**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**CORBEY JONES; ESTATE OF ANDREW WESLEY JONES** **PLAINTIFFS**

**VS.** **CIVIL ACTION NO. 2:22-CV-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE BERLIN; DEPITY JAMES MANN; SGT. JESSE JAMES; DEPUTY COLTON DENNIS; CAROL JOHNSTON; JANET HENDERSON; AND DEPUTY MEKEDES COLEMAN** **DEFENDANTS**

**DEPUTY JAMES MANN. SGT. JESSE JAMES, DEPUTY COLTON DENNIS, AND CAROL JOHNSTON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**NOW COME**, Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, in their Individual Capacities only, by counsel, and respectfully file their Answer and Affirmative Defenses in response to the Second Amended Complaint filed herein by Plaintiffs, as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Answering Defendants specifically assert and invoke all the privileges set forth in Fed. R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

Answering Defendants deny that they are guilty of any actionable conduct.

### THIRD DEFENSE

Plaintiff's Second Amended Complaint should be dismissed on the grounds of applicable statute of limitations, collateral estoppel, laches, waiver, contributory negligence, Act of God,

accord and satisfaction, failure to mitigate, lack of standing, release, estoppel, and/or the doctrine of unclean hands.

**FOURTH DEFENSE**

The Second Amended Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named and/or unnamed. Therefore, the same should be dismissed pursuant to *Fed. R. Civ. P*. 12(b)(6). These Defendants are entitled to qualified immunity in their individual capacities. These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit. These Defendants did not engage in any conduct which deprived the Plaintiffs or Andrew Jones of any right, privilege or immunity protected by the Constitution of Laws of the United States. More specifically, the Second Amended Complaint fails to allege a violation of a clearly established constitutional right and, at all times, Answering Defendants' conduct was objectively reasonable under the circumstances. These Defendants' actions were justified and arguably justifiable in the light of the information they possessed and clearly established law. As such, a reasonable officer or nurse would have believed their actions lawful during the incident forming the basis of this lawsuit.

**FIFTH DEFENSE**

Answering Defendants invoke *Heck v. Humphrey,* 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of the Plaintiffs' claims.

**SIXTH DEFENSE**

Answering Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity including, but not limited to, qualified immunity.

**SEVENTH DEFENSE**

Answering Defendants allege that they did not exceed the requirements of law and due care and that they are not guilty of acts or omissions which either caused or contributed to the incident in question.

**EIGHTH DEFENSE**

At all times, Answering Defendants were acting within the course and scope of their employment and, therefore, cannot be held liable in their individual capacity under state law. With respect to Plaintiffs' state law claims, if indeed Plaintiff intended to plead any, Defendants claim the protection of all the statutory exemptions from liability found in *Miss. Code Ann*. §11-46-9, particularly §11-46-9 (1) (m) and (c). Additionally, to the extent those claims are asserted, Plaintiffs' claims must be dismissed, because Plaintiffs failed to provide a pre-suit notice of claim as required by *Miss. Code Ann*. §11-46-11.

**NINTH DEFENSE**

At all times, answering Defendants were acting within the course and scope of their employment and at all times material to the allegations of the Second Amended Complaint, their individual actions were in good faith, without malice, and within the course and scope of their employment.

**TENTH DEFENSE**

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. § 11-46-15, insofar as any state court claims, if pled, are concerned. Answering Defendants invoke the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I) The standard of conduct upon which punitive damages are sought is vague.

**ELEVENTH DEFENSE**

Plaintiffs' Second Amended Complaint fails to state facts against the Answering Defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**TWELFTH DEFENSE**

The conduct of Plaintiffs' Decedent was the sole proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and damages, if any; alternately, the conduct of Plaintiffs' Decedent was a contributing proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and/or damages, if any. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

**THIRTEENTH DEFENSE**

To the extent that any personnel acting within the course and scope of their employment with Jones County are alleged to be involved in or responsible for the custody, safety, protection, supervision, or care of Plaintiffs' decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiffs' claims are barred.

**FOURTEENTH DEFENSE**

Acts, omissions, disease processes, and other medical conditions over which these Defendants have no control or legal responsibility were the sole proximate or, alternatively, proximate contributing cause of Plaintiffs' Decedent's death.

**FIFTEENTH DEFENSE**

Answering Defendants reserve the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to it.

**SIXTEENTH DEFENSE**

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiffs' Decedent which was caused by these Defendants and all medical evidence available instead shows that these Defendants did not cause Plaintiffs' Decedent's death.

**SEVENTEENTH DEFENSE**

The injuries/damages allegedly sustained by any Plaintiffs' Decedent are the direct proximate result of his own conduct for which he is responsible, to the exclusion of these Defendants. These Defendants are not responsible for any condition of the Plaintiffs' Decedent that preexisted the events which made the basis of this Second Amended Complaint.

**EIGHTEENTH DEFENSE**

The injuries/damages allegedly sustained by Plaintiffs' Decedent were not foreseeable to these Defendants, and, therefore, Plaintiffs' claims as to these Defendants should be dismissed.

**NINETEENTH DEFENSE**

Plaintiffs' Decedent's cause of death (death via health conditions existing prior to arrest, but unknown at the time by the arresting officers, jailors and/or nurse) does not allow for a cognizable wrongful death claim. No action or omission by these Defendants were the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiffs but said injuries, if any, were caused solely or contributory by natural causes and/or circumstances, conditions, or causes not related to these Defendants which may be proven at the trial of this cause so that these Defendants are not liable to Plaintiffs. Additionally, as Plaintiffs admit, HIV infection does not cause death; therefore, Plaintiffs are unable to prove the cause of Plaintiffs' Decedent's death and unable to prove causation of any sort.

**TWENTIETH DEFENSE**

Plaintiffs' claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWENTY-FIRST DEFENSE**

At no time did any governmental actor acting breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiffs' Decedent, and for that reason, Plaintiffs' claims are barred.

**TWENTY- SECOND DEFENSE**

At all relevant times, Johnson acted within the appropriate standard of care applicable to her, and at no time was she negligent in any care of treatment rendered to Andrew Jones. Johnson invokes all rights afforded under Mississippi's 2002 and 2004 Tort Reform Acts for Medical Malpractice. Moreover, Johnson demands strict proof that Plaintiffs complied with

Section 11-1-58 of the Mississippi Code of 1972, by consulting with an expert qualified pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence who is qualified to give expert testimony as to the standard of care and who has provided opinions which would give one a reasonable basis for the commencement of this action against Johnson.

**TWENTY- THIRD DEFENSE**

To the extent a breach in the standard of care is established, which Johnson expressly denies, Andrew Jones was not deprived of a greater than 50% chance of a substantially better outcome. In other words, without conceding or admitting that any breach in the standard of care occurred, compliance with the Plaintiffs' version of the applicable standard of care would not have provided Andrew Jones with a greater than 50% chance of a substantially better outcome, and therefore, Plaintiffs' claims fail as a matter of law.

**TWENTY- FOURTH DEFENSE**

Plaintiffs' damages, if any, should be reduced to the extent they failed to mitigate their own damages.

**TWENTY-FIFTH DEFENSE**

Defendants adopt and incorporate all affirmative defenses asserted by any other current or future co-defendant.

**TWENTY-SIXTH DEFENSE**

The instant federal claims which address delayed medical care require analysis under the Fourteenth Amendment from the perspective of an episodic claim of injury, rather than a general challenge to conditions of confinement. As such, the Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted by reason of the fact that none of the

individuals involved had subjective knowledge of a substantial risk of serious harm nor any other actual, threatened or imminent constitutional violation with regard to the safety and medical care of Plaintiffs' Decedent, nor did any such individual act with deliberate and conscious indifference to the Plaintiffs' Decedent. To the extent it is raised or implied, the Eighth Amendment is not applicable to Plaintiffs' claims.

**TWENTY-SEVENTH DEFENSE**

To the extent applicable, Defendants invoke the provisions of the Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e).

**TWENTY-EIGHTH DEFENSE**

Plaintiffs' Second Amended Complaint is an impermissible "shotgun" pleading where "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and which in part, asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Alexander v. Hall*, No. 4:20-cv- 21-DMB-JMV, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)). As such, Plaintiff's First Amended Complaint runs afoul of Rule 8 of the Federal Rules of Civil Procedure and must be dismissed. *See, e.g.*, *Thomas v. Univ. of Mississippi*, No. 3:18-CV-00062-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018).

**TWENTY-NINTH DEFENSE**

**AND NOW,** having asserted their affirmative defenses to the Second Amended Complaint filed herein, and without waiving any such defenses, Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, in their Individual Capacities only, answer the allegations of Plaintiffs' Second Amended Complaint as follows:

**ANSWER TO SECOND AMENDED COMPLAINT**

1. Defendants admit that Andrew Wesley Jones was being held with bail at the Jones County Adult Detention Center. The remaining allegations of paragraph 1 are denied, and strict proof is hereby demanded.

**JURISDICTION**

2. This is a statement of law and not a factual allegation and does not appear to require an answer from these Defendants. To the extent that it implies that these Defendants have violated any Constitutional provision or federal statute, it is denied, and strict proof is hereby demanded.

**II. PARTIES**

**(Plaintiffs)**

3. Defendants admit that, upon information and belief, that Corbey Jones is the natural father of Andrew Jones. Defendants further admit, upon information and believe, footnote 1. Defendants are without information to admit or deny the remainder of the allegations of this paragraph, so deny the same.

4. Upon information and belief, admitted.

**(Defendants)**

5. This paragraph does not appear to be directed at these Defendants. To the extent that it is, it is a legal conclusion, not a factual allegation.

6. Defendants admit that Sheriff Joe Berlin is the Sheriff of Jones County. The remainder of these allegations do not appear to be directed at these Defendants. To the extent they are, these Defendants are without information to admit or deny them, so deny the same.

7. Defendants admit that Janet Henderson was at one time the Warden of the Jones County Adult Detention Center. The remainder of these allegations do not appear to be directed at these Defendants. To the extent they are, these Defendants are without information to admit or deny them, so deny the same.

8. Admitted.

9. Defendant Patricia "Carol" Johnston admits that she is an adult resident citizen of Mississippi, resides in the Southern District, is an LPN, and that she worked at the Jones County Adult Detention Center at all times underlying Plaintiffs' Second Amended Complaint. She also admits that she was acting under color of law and in the course and scope of her employment. The remaining allegations in this paragraph are denied and strict proof is demanded.

## III. FACTUAL ALLEGATIONS

10. Defendants are without enough information to admit or deny these allegations, so deny the same.

11. Defendants are without enough information to admit or deny these allegations, so deny the same.

12. Upon information and belief, Defendants admit the same.

13. Upon information and belief, Defendants admit the same.

14. Upon information and belief, Defendants admit the same.

15. Upon information and belief, Defendants admit the same.

16. It is admitted that Andrew Jones was arrested for felony burglary charges and that he was using drugs and alcohol at that time. These Defendants are without enough information to admit or deny the remainder of these allegations, so deny the same.

17. Admitted that after his arrest, Andrew was taken to the Jones County Adult Detention Center.

18. None of these Defendants were involved in Andrew's booking process, so are without enough information to admit or deny these allegations, so deny the same.

19. None of these Defendants were involved in Andrew's booking process, so are without enough information to admit or deny these allegations, so deny the same.

20. Denied as stated and strict proof is hereby demanded.

21. Denied as stated and strict proof is hereby demanded.

22. Denied as stated and strict proof is hereby demanded.

23. Denied as stated and strict proof is hereby demanded

24. Admitted that Nurse Johnston became aware that Andrew was HIV positive, these Defendants cannot speak to Warden Henderson and "other jail staff" is vague so deny the same.

25. Admitted.

26. Upon information and belief, it is admitted that Andrew had been a patient at the Hattiesburg Clinic for many years. It is also admitted that, according to the medical records and information available now, on December 18, 2020, the physician there noted that Andrew had tested negative for HIV about two months prior but was now positive. It is further admitted that, according to the medical records and information available now, Andrew saw a doctor who ordered labs and was aware of his condition. It is also admitted that, according to the medical records and information available now, the physician noted that it was Andrew who wanted to start medication for HIV, not the physician who requested Andrew do so. The remainder of the allegations are denied.

27. Denied.

28. Denied as stated and strict proof is hereby demanded.

29. Denied as stated and strict proof is hereby demanded.

30. Denied.

31. Denied as stated and strict proof is hereby demanded.

32. Admitted that Andrew was taken to South Central Behavioral Health on December 21, 2020, and that according to the medical records and information available now, he reported that he had been diagnosed with HIV one month prior to this appointment. The remaining allegations are denied as stated and strict proof is hereby demanded.

33. Denied as stated and strict proof is hereby demanded.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied as stated, Johnston denies receiving any information on any labs to take action on.

39. Upon information and belief, this paragraph is admitted.

40. Admitted that Andrew was seen by a physician at the Hattiesburg Clinic on January 4, 2020. The remainder of the allegations are admitted based on the medical records as they are available now.

41. Admitted that Andrew was seen by a physician at the Hattiesburg Clinic on January 4, 2020, and that he was not displaying any neurological symptoms. The remainder of the allegations are denied.

42. Denied as stated and strict proof is hereby demanded.

43. Defendants are without enough information to admit or deny these allegations, so deny the same.

44. Denied as stated and strict proof is hereby demanded.

45. Denied as stated and strict proof is hereby demanded.

46. Denied.

47. Denied.

48. Denied as stated.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. The allegations in this paragraph do not appear to be directed at these Defendants; therefore, no response is required. To the extent that they are, the allegations are denied.

70. Admitted.

71. Admitted that the Office of the State Medical Examiner (OSME) issued a Final Report of External Postmortem Examination that listed Andrew's cause of death as "HIV infection". The remaining allegations are denied.

72. Admitted that HIV does not itself cause death, which is the sole cause of death listed by the OSME. Denied that Andrew was suffering from a secondary infection as this was neither documented by the doctor he saw on January 4, 2021, nor the OSME. The remaining allegations are also denied.

73. Denied.

74. Denied.

75. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## IV. FIRST CAUSE OF ACTION

80. Answering Defendants repeat and reaffirm each and every preceding paragraph as if copied in full herein.

81. Denied.

## V. SECOND CAUSE OF ACTION

82. Answering Defendants repeat and reaffirm each and every preceding paragraph as if copied in full herein.

83. Denied.

## VI. THIRD CAUSE OF ACTION

84. Answering Defendants repeat and reaffirm each and every preceding paragraph as if copied in full herein.

85. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

86. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

87. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

88. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

89. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

90. The allegations of this paragraph are not directed at these Defendants; therefore, no response is required. To the extent they are, the allegations are denied.

## VII. DAMAGES

91. Denied.

## VII. PRAYER FOR RELIEF

In response to the paragraph beginning "WHEREFORE, …", the allegations and demands for relief are denied, including subparagraphs 1-3.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, in their Individual Capacities only pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiffs' Second Amended Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, qualified immunity;

(B) That this Court deny Plaintiffs the relief prayed for in Plaintiffs' prayer for relief, and that Plaintiffs be denied any relief whatsoever; and,

(C) That this Court award these Defendants their attorney fees, costs and expenses associated with the defense of this action pursuant to 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 3rd day of October, 2023.

**JACKS| GRIFFITH| LUCIANO, P.A.**

By: ***/s/ Bethany A. Tarpley***
Daniel J. Griffith, MS Bar No. 8366
Bethany A. Tarpley, MS Bar No. 104134
Attorneys for Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, Individually

Of Counsel:

**JACKS| GRIFFITH| LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
FAX No. 662-843-6176
Email: dgriffith@jlpalaw.com
btarpley@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Bethany A. Tarpley, attorney of record for Defendants, Deputy James Mann, Sgt. Jesse James, Deputy Colton Dennis, and Carol Johnston, Individually, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses to the Second Amended Complaint* to be delivered by the ECF Filing System which gave notice to the following:

Robert B. McDuff, Esq.
Law Office of Robert McDuff
Email: rbm@mcdufflaw.com
**Attorney for Plaintiff**

Stephen J. Haedicke, Esq.
Law Office of Stephen Haedicke, LLC
Email: stephen@haedickelaw.com
**PHV Attorney for Plaintiff**

William Robert Allen, Esq.
Lance W. Martin, Esq.
Allen, Allen, Breeland & Allen, PLLC
Email: will.allen@aabalegal.com
**Attorney for Jones County, MS, Sheriff Joe Berlin, & Janet Henderson**

Robert J. "Robin" Dambrino, III
Gore, Kilpatrick & Dambrino, PLLC
Email: rdambrino@gorekilpatrick.com
**Attorney for Mekedes Coleman**

**DATED** this 3rd day of October, 2023.

/s/ *Bethany A. Tarpley*
Bethany A. Tarpley