## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**CORBEY JONES**                                                      **PLAINTIFF**

**VERSUS**                                    Civil Action No. 2:22-cv-93-KS-MTP

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                              **DEFENDANTS**

### JONES COUNTY, MISSISSIPPI, SHERIFF JOE BERLIN, AND JENNIFER HENDERSON'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Come now Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer[1] Henderson, by and through counsel, and, in response to Plaintiffs' Second Amended Complaint [94], would show unto the Court as follows:

### FIRST DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim against answering defendants upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiffs' Second Amended Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

---

[1] Misidentified by Plaintiffs as Janet Henderson. *Sec. Am. Compl.* [94] at 3 (¶ 7).

## THIRD DEFENSE

Plaintiffs' Second Amended Complaint is an impermissible "shotgun" pleading where "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," and which in part, asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Alexander v. Hall*, No. 4:20-cv-21-DMB-JMV, 2021 WL 800840, at *3 (N.D. Miss. Mar. 2, 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)), and, as such, Plaintiffs' Second Amended Complaint runs afoul of Rule 8 of the Federal Rules of Civil Procedure, and must be dismissed. *See, e.g., Thomas v. Univ. of Mississippi*, No. 3:18-CV-00062-GHD-RP, 2018 WL 6613807, at *5 (N.D. Miss. Dec. 17, 2018).

## FOURTH DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FIFTH DEFENSE

Sheriff Joe Berlin and Jennifer Henderson are entitled to qualified immunity as to the claims asserted against them in their individual capacity. More specifically, Sheriff Berlin and Henderson would affirmatively aver that Plaintiffs' Second Amended Complaint fails to allege either Sheriff Berlin or Henderson discretely, individually, and

particularly violated any clearly established constitutional right, which means they retain qualified immunity. Furthermore, their conduct was objectively reasonable at all times.

## SIXTH DEFENSE

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SEVENTH DEFENSE

Answering defendants deny each and every material allegation of Plaintiffs' Second Amended Complaint by which Plaintiffs seek to impose liability upon Jones County, Mississippi, Sheriff Berlin, and Henderson, and all deny they have been guilty of any actionable conduct in the premises.

## EIGHTH DEFENSE

## ADMISSIONS AND DENIALS

## SECOND AMENDED COMPLAINT

And now, without waiving any defenses heretofore or hereinafter set forth, the answering defendants would respond to the Plaintiffs' Second Amended Complaint, paragraph by paragraph, as follows:

1.    Answering defendants admit Andrew Wesley Jones ("Decedent") died in Jones County, Mississippi, while incarcerated at Jones County Adult Detention Center ("JCADC"). Answering defendants deny the remaining allegations of paragraph 1 of Plaintiffs' Second Amended Complaint.

## I.   JURISDICTION

2.      Answering defendants deny the allegations of paragraph 2 of Plaintiffs' Second Amended Complaint.

## II.   PARTIES

### (Plaintiff)

3.      Answering defendants admit, upon information and belief, the allegations of paragraph 3 of Plaintiffs' Second Amended Complaint.

4.      Answering defendants admit, upon information and belief, the allegations of paragraph 4 of Plaintiffs' Second Amended Complaint.

### (Defendants)

**Named defendants herein are:**

5.      Answering defendants admit the allegations of paragraph 5 of Plaintiffs' Second Amended Complaint.

6.      Answering defendants admit Joe Berlin is the duly-elected Sheriff of Jones County, Mississippi, and that his powers and duties are specified by statute.  Answering defendants deny the remaining allegations of paragraph 6 of Plaintiffs' Second Amended Complaint, as stated.

7.      Answering defendants admit Jennifer Henderson worked at JCADC at the time of Andrew Jones' death. Answering defendants deny the remaining allegations of paragraph 7 of Plaintiffs' Second Amended Complaint.

8.      Answering defendants admit James Mann, Sgt. Jesse James, Colton Dennis, and Mekedes Coleman were all employed as corrections officers at JCADC at the time of

decedent's incarceration.  Answering defendants further admit, upon information and belief, the officers were acting in the course and scope of their employment.  Answering defendants deny the remaining allegations of paragraph 8 of Plaintiffs' Second Amended Complaint, as stated.

9.      Answering defendants admit Carol Johnston was employed by Jones County, holds a Licensed Practical Nursing license, and provided medical care to inmates at JCADC. Answering defendants, upon information and belief, further admit Johnston was acting in the course and scope of her employment.  Answering defendants deny the remaining allegations of paragraph 9 of Plaintiffs' Second Amended Complaint.

### III.   FACTUAL ALLEGATIONS

10.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 10 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

11.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 11 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

12.     Based on information and belief, answering defendants admit the allegations of paragraph 12 of Plaintiffs' Second Amended Complaint.

13.     Based on information and belief, answering defendants admit the allegations of paragraph 13 of Plaintiffs' Second Amended Complaint.

14.     Based on information and belief, answering defendants admit the allegations of paragraph 14 of Plaintiffs' Second Amended Complaint.

15.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 15 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

16.     Based on information and belief, answering defendants admit decedent was arrested on December 9, 2020, for burglary and possession of beer in a dry county. Answering defendants deny the remaining allegations of paragraph 16 of Plaintiffs' Second Amended Complaint, as stated.

17.     Answering defendants admit the allegations of paragraph 17 of Plaintiffs' Second Amended Complaint.

18.     Answering defendants admit the allegations of paragraph 18 of Plaintiffs' Second Amended Complaint

19.     Answering defendants deny the allegations of paragraph 19 of Plaintiffs' Second Amended Complaint.

20.     The allegations of paragraph 20 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants admit Johnston was a Jones County employee who provided medical care to inmates. Answering defendants deny the remaining allegations of paragraph 20 of Plaintiffs' Second Amended Complaint, as stated.

21.     Answering defendants deny the allegations of paragraph 21 of Plaintiffs' Second Amended Complaint.

22.    Answering defendants deny the allegations of paragraph 22 of Plaintiffs' Second Amended Complaint.

23.    Based on information and belief, answering defendants admit the allegations of paragraph 23 of Plaintiffs' Second Amended Complaint.

24.    Answering defendants deny the allegations of paragraph 24 of Plaintiffs' Second Amended Complaint, as stated.

25.    Based on information and belief, answering defendants admit the allegations of paragraph 25 of Plaintiffs' Second Amended Complaint.

26.    Based on information and belief, answering defendants admit the allegations of paragraph 26 of Plaintiffs' Second Amended Complaint.

27.    Answering defendants deny the allegations of paragraph 27 of Plaintiffs' Second Amended Complaint, as stated.

28.    Answering defendants deny the allegations of paragraph 28 of Plaintiffs' Second Amended Complaint.

29.    Answering defendants deny the allegations of paragraph 29 of Plaintiffs' Second Amended Complaint.

30.    Answering defendants deny the allegations of paragraph 30 of Plaintiffs' Second Amended Complaint.

31.    The allegations of paragraph 31 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants admit Johnston was a Jones County employee who provided medical care to inmates.

Answering defendants deny the remaining allegations of paragraph 31 of Plaintiffs' Second Amended Complaint.

32.     Based on information and belief, answering defendants admit, the decedent was taken to South Central Behavioral Health on December 21, 2020.  Answering defendants deny the remaining allegations of paragraph 32 of Plaintiffs' Second Amended Complaint.

33.     The allegations of paragraph 33 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 33 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

34.     The allegations of paragraph 34 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 34 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

35.     The allegations of paragraph 35 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 35 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

36.     The allegations of paragraph 36 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 36 of Plaintiffs' Second Amended Complaint.

37.     The allegations of paragraph 37 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 37 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

38.     The allegations of paragraph 38 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of the allegations of paragraph 38 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

39.     Based on information and belief, answering defendants admit decedent was seen at the Hattiesburg Clinic on January 4, 2021[2].  Answering defendants deny the remaining allegations of paragraph 39 of Plaintiffs' Second Amended Complaint.

40.      Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 40 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

_____

[2] Plaintiffs mistakenly list this date as January 4, 2020.

41.     Answering defendants admit decedent was not displaying any neurologic symptoms during his January 4, 2021, appointment at Hattiesburg Clinic. Answering defendants deny the remaining allegations of paragraph 41 of Plaintiffs' Second Amended Complaint, as stated.

42.     The allegations of paragraph 42 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 42 of Plaintiffs' Second Amended Complaint.

43.     Answering defendants lack information sufficient to determine the truth of the allegations of paragraph 43 of Plaintiffs' Second Amended Complaint and, as such, deny the same.

44.     The allegations of paragraph 44 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants deny the allegations of paragraph 44 of Plaintiffs' Second Amended Complaint.

45.     Answering defendants admit on January 9, 2021, decedent was held in Cell MX 113, which has a window and a food slot.  Answering defendants further admit the cell contained a video surveillance system.  Answering defendants deny the remaining allegations of paragraph 45 of Plaintiffs' Second Amended Complaint, as stated.

46.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 46 of Plaintiffs' Second Amended Complaint.

47.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 47 of Plaintiffs' Second Amended Complaint.

48.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 48 of Plaintiffs' Second Amended Complaint, as stated.

49.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 49 of Plaintiffs' Second Amended Complaint.

50.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 50 of Plaintiffs' Second Amended Complaint, as stated.

51.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 51 of Plaintiffs' Second Amended Complaint, as stated.

52.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants would further state that, upon information and belief, Mann saw the decedent had not retrieved his food from the food slot and, therefore, took the food inside and placed it on a table.  Answering defendants deny the remaining allegations of paragraph 52 of Plaintiffs' Second Amended Complaint, as stated.

53.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 53 of Plaintiffs' Second Amended Complaint, as stated.

54.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 54 of Plaintiffs' Second Amended Complaint, as stated.

55.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants deny the remaining allegations of paragraph 55 of Plaintiffs' Second Amended Complaint, as stated.

56.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants further admit decedent was provided water to take his medication. Answering defendants deny the remaining allegations of paragraph 56 of Plaintiffs' Second Amended Complaint, as stated.

57.     Answering defendants would state that the video surveillance footage speaks for itself. Answering defendants admit Officer Mann fills a cup with water. Answering defendants deny the remaining allegations of paragraph 57 of Plaintiffs' Second Amended Complaint, as stated.

58.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants admit that decedent was provided his medication, dropped the same, and that Officer Mann assisted decedent. Answering defendants deny the remaining allegations of paragraph 58 of Plaintiffs' Second Amended Complaint, as stated.

59.     Answering defendants would state that the video surveillance footage speaks for itself.   Answering defendants admit that decedent was provided water. Answering defendants deny the remaining allegations of paragraph 59 of Plaintiffs' Second Amended Complaint, as stated.

60.     Answering defendants would state that the video surveillance footage speaks for itself.   Answering defendants admit officers left and locked decedent's cell. Answering defendants deny the remaining allegations of paragraph 60 of Plaintiffs' Second Amended Complaint, as stated.

61.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the remaining allegations of paragraph 61 of Plaintiffs' Second Amended Complaint, as stated.

62.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 62 of Plaintiffs' Second Amended Complaint, as stated.

63.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 63 of Plaintiffs' Second Amended Complaint, as stated.

64.     Answering defendants would state that the video surveillance footage speaks for itself, and admit decedent was lying naked on his bed.  Answering defendants deny the remaining allegations of paragraph 64 of Plaintiffs' Second Amended Complaint, as stated.

65.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 65 of Plaintiffs' Second Amended Complaint, as stated.

66.     Answering defendants would state that the video surveillance footage speaks for itself, and admit decedent lied down and put a blanket over himself. Answering defendants deny the remaining allegations of paragraph 66 of Plaintiffs' Second Amended Complaint, as stated.

67.     Answering defendants would state that the video surveillance footage speaks for itself.  Answering defendants deny the allegations of paragraph 67 of Plaintiffs' Second Amended Complaint, as stated.

68.     Answering defendants deny the allegations of paragraph 68 of Plaintiffs' Second Amended Complaint.

69.     The allegations of paragraph 69 of Plaintiffs' Second Amended Complaint concern a defendant other than answering defendants, and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendants lack information sufficient to determine the truth of allegations of paragraph 69 of Plaintiffs' Second Amended Complaint and, therefore, deny the same.

70.     Based on information and belief, answering defendants admit the allegations of paragraph 70 of Plaintiffs' Second Amended Complaint.

71.     Answering defendants admit the Office of the State Medical Examiner drafted a Final Report of External Postmortem Examination wherein the OSME listed

"HIV infection" as decedent's cause of death. Answering defendants deny the remaining allegations of paragraph 71 of Plaintiffs' Second Amended Complaint, as stated.

72.     Answering defendants admit Decedent's "HIV by itself did not cause the death . . . ." *Sec. Am. Compl*. [94] at 16 (¶ 72). Answering defendants deny the remaining allegations of paragraph 72 of Plaintiffs' Second Amended Complaint, particularly since OSME did not perform a complete autopsy, nor did OSME conclude decedent was suffering from any secondary infection(s).

73.     Answering defendants deny the allegations of paragraph 73 of Plaintiffs' Second Amended Complaint.

74.     Answering defendants deny the allegations of paragraph 74 of Plaintiffs' Second Amended Complaint.

75.     Answering defendants deny the allegations of paragraph 75 of Plaintiffs' Second Amended Complaint.

76.     Answering defendants deny the allegations of paragraph 76 of Plaintiffs' Second Amended Complaint.

77.     Answering defendants deny the allegations of paragraph 77 of Plaintiffs' Second Amended Complaint, as stated.

78.     Answering defendants deny the allegations of paragraph 78 of Plaintiffs' Second Amended Complaint.

79.     Answering defendants deny the allegations of paragraph 79.

## IV.    FIRST CAUSE OF ACTION

80.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-79 as if the same were specifically set out herein.

81.    Answering defendants deny the allegations of paragraph 81 of Plaintiffs' Second Amended Complaint.

## V.    SECOND CAUSE OF ACTION

82.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-81 as if the same were specifically set out herein.

83.    Answering defendants deny the allegations of paragraph 83 of Plaintiffs' Second Amended Complaint.

## VI.    THIRD CAUSE OF ACTION

84.    Answering defendants repeat and incorporate by reference each and every defense, admission, and denial to paragraphs 1-83 as if the same were specifically set out herein.

85.    Answering defendants deny the allegations of paragraph 85 of Plaintiffs' Second Amended Complaint.

86.    Answering defendants deny the allegations of paragraph 86 of Plaintiffs' Second Amended Complaint.

87.     Answering defendants would state that Section 504 of the Rehabilitation Act speaks for itself. Answering defendants deny the remaining allegations of paragraph 87 of Plaintiffs' Second Amended Complaint, as stated.

88.     Answering defendants would state that the Americans with Disabilities Act speaks for itself. Answering defendants deny the remaining allegations of paragraph 88 of Plaintiffs' Second Amended Complaint, as stated.

89.     Answering defendants deny the allegations of paragraph 89 of Plaintiffs' Second Amended Complaint.

90.     Answering defendants deny the allegations of paragraph 90 of Plaintiffs' Second Amended Complaint.

## VII.   DAMAGES

91.     Answering defendants deny the allegations of paragraph 90 of Plaintiffs' Second Amended Complaint, and would affirmatively aver Plaintiffs are not entitled to any recovery whatsoever.

## VIII.   PRAYER FOR RELIEF

As for the last unnumbered paragraph which commences "WHEREFORE, Plaintiffs pray . . . " answering defendants deny each and every allegation contained therein, including subparagraphs (1)-(3), and would affirmativelyy aver that Plaintiffs are not entitled to any recovery whatsoever.

## NINTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## TENTH DEFENSE

Answering defendants aver that they have met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incidents in question.

## ELEVENTH DEFENSE

Answering defendants allege that Plaintiffs' claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of Article III standing, lack of statutory standing, release, and/or estoppel.

## TWELFTH DEFENSE

Plaintiffs are not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiffs' claims.

## FOURTEENTH DEFENSE

Answering defendants, to the extent applicable, adopt and incorporate all affirmative defenses asserted by any other co-defendant, whether current or future.

**FIFTEENTH DEFENSE**

Answering defendants allege that the accident in question resulted solely and proximately from the negligence of a person or persons for whom answering defendants are not liable or responsible, and answering defendants further invoke the provisions of Miss. Code Ann. § 85-5-7.

**SIXTEENTH DEFENSE**

Other causes or conditions, not attributable to answering defendants and for which answering defendants are not liable or responsible, are the sole proximate cause or proximate contributing causes of the incident in question.

**SEVENTEENTH DEFENSE**

While denying liability to Plaintiffs, answering defendants allege that Decedent's acts caused or contributed to the alleged injuries and damages, if any; therefore, any award should be diminished accordingly as provided by Miss. Code Ann. § 11-7-15.

**EIGHTEENTH DEFENSE**

If answering defendants are negligent, which is specifically denied herein, the negligent acts of those other than answering defendants constitute an intervening cause which effectively served to insulate the answering defendants from liability.

**NINETEENTH DEFENSE**

To the extent it is raised or implied, the Eighth Amendment is not applicable to Plaintiffs' claims.

## TWENTIETH DEFENSE

The Court must dismiss Plaintiffs' Section 504 of the Rehabilitation Act (29 U.S.C. § 794) claim as the decedent does not qualify as an individual with a disability for purposes of this section as defined in 29 U.S.C. § 705(20).

## TWENTY-FIRST DEFENSE

The Court must dismiss Plaintiffs' Section 504 of the Rehabilitation Act (29 U.S.C. § 794) claim as Plaintiffs' Second Amended Complaint fails to allege that decedent was adversely affected, in any manner whatsoever, "solely by the reason of . . . his disability." 29 U.S.C. § 794(a).

## TWENTY-SECOND DEFENSE

The Court must dismiss Plaintiffs' Americans with Disabilities Act ("ADA") claim because "[t]he ADA is not violated by 'a prison's simply failing to attend to the needs of its disabled prisoners,'" which is what Plaintiff alleges here. *Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

## TWENTY-THIRD DEFENSE

The Court must dismiss Plaintiffs' Americans with Disabilities Act ("ADA") claim because Plaintiffs' Second Amended Complaint fails to allege decedent requested a reasonable accommodation.

## TWENTY-FOURTH DEFENSE

To the extent the Court finds Plaintiff has raised a denial of medical care claim against either Sheriff Berlin or Henderson, the Court must dismiss the same as Plaintiffs'

Second Amended Complaint fails to demonstrate deliberate indifference, that is to allege either Sheriff Berlin or Henderson refused to treat decedent, ignored any complaints, intentionally treated decedent differently, or otherwise evinced a wanton disregard for decedent's serious medical needs. To be sure, Plaintiffs' Second Amended Complaint never asserts Decedent asked for help and/or complained about his condition.

**TWENTY-FIFTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered Plaintiffs' Second Amended Complaint, answering defendants request the Court dismiss and discharge the same, with costs assessed against the Plaintiffs.

**DATE:**      **October 9, 2023.**

Respectfully submitted,

**JONES      COUNTY,      MISSISSIPPI, SHERIFF      JOE      BERLIN,      AND JENNIFER HENDERSON**

By:      /s/ *Lance W. Martin*
          One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys

for Defendants, Jones County, Mississippi, Sheriff Joe Berlin, and Jennifer Henderson

hereby certify that on this day, I electronically filed the foregoing with the Clerk of the

Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.                          Stephen J. Haedicke-PHV
The Law Office of Robert McDuff              Law Office of Stephen J. Haedicke, LLC
767 North Congress Street                    1040 St. Ferdinand Street
Jackson, MS  39202                           New Orleans, LA 70117
rbm@mcdufflaw.com                            stephen@haedickelaw.com
  *Attorneys for Plaintiffs*

Bethany A. Tarpley, Esq.
Daniel J. Griffith, Esq.
JACKS | GRIFFITH | LUCIANO, P.A.
P. O. Box 1209
Cleveland, MS 38732
btarpley@jlpalaw.com
dgriffith@jlpalaw.com
  *Attorneys for Mann, Sgt. Jesse James,*
  *Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)
Gore, Kilpatrick & Dambrino, PLLC
2000 Gateway Drive
Grenada, MS 38901
rdambrino@gorekilpatrick.com
  *Attorney for Mekedes Coleman*

This, the 9th day of October, 2023.

           */s/ Lance W. Martin*
           OF COUNSEL