IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORBEY JONES**                                                                                **PLAINTIFF**

**VERSUS**                                          **Civil Action No. 2:22-cv-93-KS-MTP**

**JONES COUNTY, MS; SHERIFF JOE
BERLIN; DEPUTY JAMES MANN; SGT.
JESSE JAMES; DEPUTY COLTON
DENNIS; CAROL JOHNSTON;
JANET HENDERSON; AND
DEPUTY MEKEDES COLEMAN,**                          **DEFENDANTS**

### SHERIFF JOE BERLIN AND JENNIFER HENDERSON'S SECOND MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Come now Sheriff Joe Berlin and Jennifer Henderson (collectively "Movants"), by and through counsel, and, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Second Motion for Judgment on the Pleadings based on Qualified Immunity.

In support of the same, Movants, as required by Rule 7(b)(4) of the Local Uniform Civil Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, are simultaneously filing a memorandum brief setting forth arguments and authorities related to the grounds below for this Court to grant Movants' Motion, and dismiss Plaintiffs' claims against them in their individual capacity.

1.     The primary question presented here is whether Plaintiffs' Second Amended Complaint ("SAC") sufficiently pleads Sheriff Berlin and Jennifer Henderson, through their own individual actions, violated the constitution regarding the in-custody death of Andrew Wesley Jones ("Decedent") on January 9, 2021.

2. Ancillary to the primary question, though no less important, is whether the alleged violations violated a clearly established law at the time of the conduct in question.

3. As demonstrated below, and further explained within Movants' supporting memorandum of authorities, neither Sheriff Berlin nor Henderson can be individually liable to Plaintiff.

4. The Court must dismiss Plaintiffs' SAC against Movants as Plaintiffs fail to state claims against Movants upon which relief may be granted.

5. The Court must dismiss Plaintiffs' SAC against Movants as Plaintiffs cannot establish any constitutional violation by either Sheriff Berlin or Henderson.

6. The Court must dismiss Plaintiffs' claims against Sheriff Berlin and Henderson as they are entitled to qualified immunity, and Plaintiffs cannot overcome the same.

7. The Court must dismiss Plaintiffs' claims because they are shotgun claims found within a shotgun pleading. Thus, Plaintiffs' claims fail to satisfy the personal-involvement and discrete-action(s) elements by either Sheriff Berlin or Henderson necessary to support claims for relief pursuant to 42 U.S.C. § 1983.

8. The Court must dismiss Plaintiffs' claims against Movants as Plaintiffs never allege a singular, discrete-action claim against either Sheriff Berlin or Henderson as to how they, independently, violated Decedent's constitutional rights. In other words, Plaintiffs never delineate Sheriff Berlin or Henderson's particular conduct, which precludes Plaintiffs from maintaining Section 1983 claims against Movants.

9. The Court must dismiss Plaintiffs' claims against Movants because the lack of personal-involvement allegations against the individual Movants precludes Plaintiffs from satisfying the prerequisite to liability on a claim for damages under 42 U.S.C. § 1983.

10. The Court must dismiss Plaintiffs' claims against Movants because the claims are so vague and imprecise, they do not satisfy federal pleading standards, and they cannot overcome Movants' qualified immunity.

11. The Court must dismiss Plaintiffs' claims against Movants as Plaintiffs have failed to allege facts sufficiently plead and/or demonstrate either Sheriff Berlin or Henderson were, in any way, deliberately indifferent.

12. The Court must dismiss Movants, in their individual capacity, from this suit as Plaintiffs' claims against them are theories of *Monell*[1], not individual, liability.

WHEREFORE, PREMISES CONSIDERED, based upon the grounds above, which are set forth in greater detail within Sheriff Joe Berlin and Jennifer Henderson's supporting Memorandum of Authorities, Movants respectfully request this Court dismiss Plaintiffs' claims against them, with prejudice, based on Movants' retention of qualified immunity.

**DATE:** October 26, 2023.

    Respectfully submitted,

    **SHERIFF JOE BERLIN, AND**
    **JENNIFER HENDERSON**

    By:    */s/ Lance W. Martin*
           One of Their Attorneys

---

[1] *Monell v. City of New York Dept. of Social Servs.*, 436 U.S. 658 (1978).

WILLIAM R. ALLEN (MSB #100541)
LANCE W. MARTIN (MSB #105203)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
lmartin@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, one of the attorneys for Defendants Sheriff Joe Berlin and Jennifer Henderson hereby certify that on this day, I filed the foregoing Second Motion for Judgment on the Pleadings based on Qualified Immunity with the Clerk of the Court using the ECF system, which gave notice of the same to the following:

Robert McDuff, Esq.  
The Law Office of Robert McDuff  
767 North Congress Street  
Jackson, MS 39202  
rbm@mcdufflaw.com  

Stephen J. Haedicke-PHV  
Law Office of Stephen J. Haedicke, LLC  
1040 St. Ferdinand Street  
New Orleans, LA 70117  
stephen@haedickelaw.com  

*Attorneys for Plaintiff*

Bethany A. Tarpley, Esq.  
Daniel J. Griffith, Esq.  
JACKS | GRIFFITH | LUCIANO, P.A.  
P. O. Box 1209  
Cleveland, MS 38732  
btarpley@jlpalaw.com  
dgriffith@jlpalaw.com  

*Attorneys for Mann, Sgt. Jesse James,*  
*Deputy Colton Dennis, and Carol Johnston*

Robert J. Dambrino, III (MSB #5783)  
Gore, Kilpatrick & Dambrino, PLLC  
2000 Gateway Drive  
Grenada, MS 38901  
rdambrino@gorekilpatrick.com  

*Attorney for Mekedes Coleman*

This, the 26th day of October, 2023.

                                                    /s/ *Lance W. Martin*  
                                                    OF COUNSEL